David Borgen (SBN 99354)
dborgen@gbdhlegal.com
James Kan (SBN 240749)
jkan@gbdhlegal.com
GOLDSTEIN, BORGEN, DARDARIAN & HO
300 Lakeside Drive, Suite 1000
Oakland, CA 94612
Tel: (510) 763-9800
Fax: (510) 835-1417

Jay Angoff (D.C. Bar 248641)
Cyrus Mehri (D.C. Bar 420970)
Steven Skalet (D.C. Bar 359804)
MEHRI & SKALET PLLC
1250 Connecticut Avenue NW, Suite 300
Washington, DC 20036
Tel: (202) 822-5100

Attorneys for Plaintiff
*(Additional Counsel listed on Signature Page)*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDREA STEVENSON,<br><br>        Plaintiff,<br><br>vs.<br><br>ALLSTATE INSURANCE CO., and ALLSTATE INDEMNITY CO.,<br><br>        Defendant(s). | Case No.: 4:15-cv-04788-YGR<br><br>**JOINT STATUS REPORT**<br><br>Hon. Yvonne Gonzalez Rogers |

Pursuant to this Court's Order Setting Compliance Hearing (Dkt. No. 44), Plaintiff Andrea Stevenson ("Plaintiff") and Defendants Allstate Insurance Co. and Allstate Indemnity Co. (together, "Defendants") hereby submit this joint status update.

On March 17, 2016, the Court issued an Order on Motion to Dismiss First Amended Complaint. (Dkt. No. 43) The Court granted in part Defendants' motion to dismiss and stayed the proceedings pursuant to the primary jurisdiction of the California Department of Insurance (the "CDI") Commissioner. (Dkt. No. 43 at 14) These proceedings were stayed pending action by the

1    Commissioner.  (*Id*.)

2        On May 3, 2016, the CDI provided notice to undersigned counsel and this Court of its

3    investigation regarding "whether Allstate is taking into account of an individual's or class's

4    willingness to pay a higher premium relative to other individuals or classes in California."  The CDI's

5    May 3, 2016 letter, attached as Exhibit A, requested certain information from Defendants.  The

6    undersigned counsel for Defendants had discussions with counsel for the CDI about the requests for

7    information.

8        On July 6, 2016, Defendants sent a letter in response to the CDI's May 3 letter, proposing *inter*

9    *alia*, a procedure for the CDI's investigation.  On September 29, 2016, counsel for Defendants met

10   with counsel for the CDI to discuss the proposal made in the July 6. 2016 letter.   At the conclusion of

11   that meeting, counsel for the CDI said that it would advise Defendants of how the CDI intends to

12   proceed.   From September 29, 2016, through March 29, 2018, Defendants did not receive any further

13   contact from the CDI and are not aware of any further steps taken by the CDI during that period of

14   time in furtherance of the investigation discussed in the May 3, 2016 letter.

15       During substantially the same time period as the preceding events, the CDI has been

16   conducting an investigation into alleged price optimization by Farmers Insurance Exchange in

17   response to a primary jurisdiction referral order from the Los Angeles Superior Court in *Harris et al. v.*

18   *Farmers Ins. Exchange*, No. BC579498 (Sup. Ct. L.A. Cty. Jan. 27, 2016).  On April 18, 2017, CDI

19   issued a Notice of Hearing, attached as Exhibit B, in that matter, in which discovery is ongoing.

20   Counsel for Plaintiffs in this matter are also counsel for the plaintiffs in *Harris*.  It is Plaintiff's

21   understanding that, due to resource and personnel issues, CDI delayed initiation of a proceeding with

22   respect to Defendants while the Farmers Insurance Exchange proceedings have been pending.

23       From September 29, 2016, through March 29, 2018, the Parties are not aware of any further

24   steps taken by the CDI in furtherance of the Allstate investigation discussed in the May 3, 2016 letter.

25   On March 29, 2018, the CDI issued a letter stating that it "intends to issue a notice of hearing with

26   respect to the allegations of price optimization by Allstate within the next 30 days."  *See* Exhibit C.

27

28

Dated:  March 30, 2018

GOLDSTEIN, BORGEN, DARDARIAN & HO


 */s/* David Borgen
David Borgen


Shanon Carson (PA Bar 85957)
Peter Kahana (admitted *pro hac vice*)
Jeff Osterwise (PA Bar 201589)
BERGER & MONTAGUE, P.C.
1622 Locust Street
Philadelphia, PA  19103
Tel:  (215) 875-3000
Fax: (215) 875-4613

Jonathan K. Tycko (D.C. Bar 45851)
Andrea R. Gold (admitted *pro hac vice*)
TYCKO & ZAVAREEI LLP
2000 L Street NW, Suite 808
Washington, DC 20036
Tel:  (202) 973-0900
Fax: (202) 973-0950

Attorneys for Plaintiff


DLA PIPER LLP (US)


 */s/* Eliot R. Hudson
Eliot R. Hudson (Bar No. 66251)
eliot.hudson@dlapiper.com
DLA PIPER LLP (US)
555 Mission Street, Suite 2400
San Francisco, California  94105-2933
Tel:  415.836.2500
Fax:  415.836.2501

Michael P. O'Day (admitted *pro hac vice*)
michael.oday@dlapiper.com
Kathleen A. Birrane (admitted *pro hac vice*)
kathleen.birrane@dlapiper.com
DLA PIPER LLP (US)
6225 Smith Avenue
Baltimore, Maryland  21209
Tel:  410.580.3000
Fax:  410.580.3001

Attorneys for Defendants
Allstate Insurance Company and Allstate Indemnity
Company

3

# Exhibit A

STATE OF CALIFORNIA                                                              *Dave Jones, Insurance Commissioner*

# DEPARTMENT OF INSURANCE
**Legal Division, Rate Enforcement Bureau**
45 Fremont Street, 21st Floor
San Francisco, CA 94105



Jennifer McCune
Attorney
TEL: 415-538-4148
FAX: 415-904-5490
E-Mail: Jennifer.McCune@insurance.ca.gov
www.insurance.ca.gov

May 3, 2016

Via email
Eliot R. Hudson, Esq.
DLA Piper, LLP
555 Mission Street, Suite 2400
San Francisco, CA 94105

RE:    *Andrea Stevenson v. Allstate Ins. Co. and Allstate Indemnity Co.* (Allstate)
       Primary Jurisdiction Referral from USDC, N.D. Cal, Case No. 15-cv-04788-YGR

Dear Mr. Hudson:

This is to advise you that the California Department of Insurance is undertaking an investigation, pursuant to the above court's primary jurisdiction referral, regarding whether Allstate is taking into account an individual's or class's willingness to pay a higher premium relative to other individuals or classes in California.

As part of the investigation, we ask that Allstate provide Lynne Wehmueller of the Rate Regulation Branch the information requested in the attached document and excel spread sheet within 15 days, with a copy to me. The request for information contains three parts:

- Requests Related to Filing Exhibits and Documentation.

- Requests for Additional information on Market Dislocation (spread of the rate changes across different segments of the book) Resulting from this Filing. This request includes a requirement to populate the attached Excel file with data.

- Additional Questions Underlying the Class Plan Analysis and Proposed Relativities. These are general questions regarding retention, elasticity and price optimization.

Thank you for your cooperation in this matter. Please feel free to call me with any questions.

Very truly yours,

Jennifer McCune

cc:  Hon. Yvonne Gonzalez Rogers, USDC, N.D. Cal. – YGRpdf@cand.uscourts.gov (cont. on p. 2.)

Eliot R. Hudson, Esq.
May 3, 2016
Page 2
RE:     *Andrea Stevenson v. Allstate Ins. Co. and Allstate Indemnity Co.* (Allstate)
        Primary Jurisdiction Referral from USDC, N.D. Cal, Case No. 15-cv-04788-YGR


cc:  Kathleen Birrane, Esq
Jay Angoff, Esq.
Daniel Goodell, Esq.
Lynne Wehmueller, FCAS, MAAA

Consumer Hotline (800) 927-HELP • Producer Licensing (800) 967-9331

# Exhibit B

1
2
3
4                                        FILED
5                                   APR 1 8 2017
6                              ADMINISTRATIVE HEARING BUREAU
7
8            BEFORE THE INSURANCE COMMISSIONER
9                OF THE STATE OF CALIFORNIA
10
11   In the Matter of the rating practices of        File No. NC-2017-00003
12   FARMERS INSURANCE EXCHANGE               NOTICE OF HEARING
     and MID CENTURY INSURANCE
13   COMPANY
14
15   TO: FARMERS INSURANCE EXCHANGE and MID CENTURY INSURANCE
16   COMPANY, YOU ARE HEREBY NOTIFIED:
17        Having been considered by the Commissioner, a hearing IS ORDERED for the purposes
18   described below.
19                              I. BACKGROUND
20        This hearing arises out of a primary jurisdiction referral from the Los Angeles Superior
21   Court in the matter of *Roger Harris, Duane Brown, and Brian Lindsey v. Farmers Insurance*
22   *Exchange and Mid Century Insurance Company* ("Farmers") (Case No. BC579498) (hereafter
23   "*Harris v. Farmers*"). In *Harris v. Farmers*, the Plaintiffs allege that Farmers engaged in an
24   illegal rating practice by using "elasticity of demand" as a rating factor in calculating Private
25   Passenger Automobile ("PPA") insurance premiums.
26      A. Elasticity of Demand and Price Optimization
27        The Plaintiffs in *Harris v. Farmers* define "elasticity of demand" as "an individual's
28

1 sensitivity to price changes." (First Amended Complaint ("FAC") ¶ 36.) An individual whose

2 demand is "elastic" is sensitive to price changes, so that individual is likely to seek insurance

3 elsewhere in response to a relatively small price increase. (FAC ¶ 37.) Conversely, an individual

4 whose demand is "inelastic" is relatively insensitive to price changes, so he or she is relatively

5 unlikely to seek insurance elsewhere in response to a price increase. (FAC ¶ 38.)

6       Pricing based on elasticity of demand is also known as "price optimization" and is

7 prohibited under California law. (See The California Department of Insurance's ("CDI's or the

8 Department's") February 15, 2015 "Notice Regarding Unfair Discrimination in Rating: Price

9 Optimization.") In the PPA context, the use of elasticity of demand as a rating factor is prohibited

10 under California Insurance Code ("CIC") section 1861.02(a), because that section allows insurers

11 to adopt only those rating factors which are authorized by statute or regulation. Elasticity of

12 demand as a PPA rating factor is authorized neither by statute nor regulation, and the use of any

13 unauthorized criterion constitutes unfair discrimination. (See CIC § 1861.02(a)(4) and California

14 Code of Regulations, title 10 ("CCR") § 2632.5).) The use of elasticity of demand in rating is also

15 unfairly discriminatory under CIC section 1861.05(a) because it does not seek to arrive at an

16 actuarially sound estimate of the risk of loss. The use of elasticity of demand in rating may also

17 violate CCR section 2360.3 if it results in insureds being charged a rate higher than the lowest

18 rate they qualify for.

19   **B. History**

20       On or about October 29, 2015, the Plaintiffs in *Harris v. Farmers* filed an amended

21 complaint alleging that Farmers engaged in illegal price optimization by using elasticity of

22 demand as a factor in calculating PPA insurance premiums.

23       On or about November 30, 2015, Farmers filed a demurrer in which it argued that the

24 Commissioner had exclusive jurisdiction over the Plaintiffs' claims and therefore the case should

25 be dismissed. In the alternative, Farmers asked the Court to stay the case pursuant to the primary

26 jurisdiction doctrine and refer the rating issues on which it is based to the Commissioner, after

27 which the matter would resume in the referring court.

28       On or about January 25, 2016, the Los Angeles Superior Court overruled Farmers'

#1005869

1  demurrer with respect to four of the Plaintiffs' five causes of action, while granting Farmers'

2  request to stay the case pursuant to the primary jurisdiction doctrine pending proceedings before

3  the Commissioner. (See Order attached as Exhibit A.) The Court found that the Commissioner's

4  expertise is needed to determine whether Farmers used elasticity of demand in calculating

5  premiums because the determination would involve a technical analysis of the rating factors and

6  formulas used.

7       On or about February 10, 2016, the Plaintiffs sent a letter to California Insurance

8  Commissioner Dave Jones notifying him of the referral.

9       On or about May 2, 2016, the Department sent a letter to Farmers advising it that the

10  Department was undertaking an investigation into whether Farmers was engaging in price

11  optimization and asking Farmers to respond to written questions and data requests.

12       On or about August 12, 2016, Farmers produced some data and provided some answers to

13  written questions in response to the Department's May 2, 2016 letter. Farmers asserted its August

14  12, 2016 responses were entitled to confidential treatment under CIC section 735.5 and the

15  California Public Records Act (Chapter 3.5 (commencing with section 6250) of Division 7 of

16  Title 1 of the Government Code).

17       Farmers' August 12, 2016 responses and subsequent follow-up discussions between the

18  Department and Farmers were insufficient for Department staff to determine whether Farmers

19  engaged in price optimization.

## II. DETERMINATION TO HOLD HEARING

21       Based on the foregoing, IT IS ORDERED that:

22       Pursuant to CIC sections 12921 and 12926 and CCR section 2615.2 et seq., the

23  Commissioner, on his own motion and in response to the Los Angeles Superior Court's January

24  25, 2016 Order has determined to hold a hearing on: (1) whether Farmers has violated California

25  insurance law by using illegal price optimization; (2) how Farmers implemented any such illegal

26  price optimization in its rate and/or class plans; and (3) how any such illegal price optimization

27  impacted Farmers' policyholders.

28       The Plaintiffs in *Harris v. Farmers* may participate in this proceeding as intervenors

#1005869

Exhibit B

1  pursuant to CIC section 1861.10 by filing a Petition to Participate that meets the requirements set

2  forth in CCR section 2661.4. The Petition to Participate shall be submitted to the CDI's Rate

3  Enforcement Bureau and served on the Public Advisor. Pursuant to section 1861.10, any other

4  person may also intervene in this proceeding.

5       The hearing shall be held before the Department's Administrative Hearing Bureau

6  ("AHB"). The AHB will set the time and place for the hearing. The hearing shall be conducted

7  pursuant to Article 1 (commencing with section 2615) of Subchapter 4.5 of Chapter 5 of title 10

8  of the CCR. The hearing shall be presided over by an Administrative Law Judge ("ALJ") from

9  the AHB, who shall issue a proposed decision to the Commissioner.

10      Pursuant to the ALJ's authority under CCR section 2615.3, the ALJ shall issue a Pre-

11  Hearing Order addressing scheduling, allowable pleadings and motions, discovery, scope of

12  relevant evidence, rebuttal rights, briefing, and other procedural matters. Witness depositions

13  shall be permitted in the proceeding in the manner prescribed by law for depositions in civil

14  actions under Title 4 (commencing with section 2016.010) of Part 4 of the Code of Civil

15  Procedure. Subpoenas shall be permitted under the procedures set forth in the California

16  Administrative Procedure Act at Chapter 4, Article 11 (commencing with section 11450.05) of

17  Division 3 of Title 2 of the Government Code.

18      The Commissioner's findings in this matter will be conveyed to the Los Angeles Superior

19  Court. If the Commissioner finds Farmers is using elasticity of demand in an illegal manner, for

20  example as an unapproved rating factor in violation of CIC section 1861.02 and/or 1861.05, the

21  Commissioner may order Farmers to cease and desist the practice immediately pursuant to the

22  authority vested in the Commissioner under the California Insurance Code, including but not

23  limited to CIC sections 12921 and 12926. The Commissioner may also adopt the factual and legal

24  determinations resulting from this hearing in subsequent legal actions involving Farmers

25  including, but not limited to, noncompliance actions under Article 7 of Chapter 9 of Part 2 of

26  Division 1 of the CIC and rate hearings under Article 10 of Chapter 9 of Part 2 of Division 1 of

27  the CIC.

28

#1005869

1    Dated: 4/14/17          CALIFORNIA DEPARTMENT OF INSURANCE

2

3                            By

4                               John Finston, General Counsel

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# Exhibit A

1

2

3

4

5

6

7

CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County of Los Angeles

JAN 25 2016

Sherri R. Carter, Executive Officer/Clerk
By: Nancy Navarro, Deputy

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| ROGER HARRIS, DUANE BROWN, and BRIAN LINDSEY | Case Nos.: BC579498 |
| Plaintiffs, | |
| vs. | [PROPOSED] ORDER SUSTAINING IN PART AND OVERRULING IN PART DEFENDANTS' DEMURRER TO PLAINTIFF'S FIRST AMENDED COMPLAINT |
| FARMERS INSURANCE EXCHANGE and MID CENTURY INSURANCE COMPANY, | |
| Defendants. | Hearing Date: January 25, 2016 Time: 11:00 a.m. Dept.: 307 |

Plaintiffs Roger Harris, Duane Brown, and Brian Lindsey (collectively, "Plaintiffs") bring this putative class action against Defendants Farmers Insurance Exchange and its affiliate, Mid Century Insurance Company (collectively "Farmers" or Defendants") alleging that Defendants violated Ins. Code § 1861.02 and Cal. Code Regs., tit. 10 § 2632.5 by impermissibly calculating auto insurance premiums based on a policyholder's willingness to tolerate a price increase – a factor known as "elasticity of demand." Defendants demur that Plaintiffs' UCL causes of action (1) fall within the exclusive jurisdiction of the

- 1 -

California Department of Insurance and is barred by Ins. Code § 1860.1; (2) are barred by the "filed rate" doctrine; (3) are barred due to Plaintiffs' failure to exhaust administrative remedies; and (4) are barred by the "safe harbor" provisions of the UCL. Alternatively, Defendants argue that this case should be stayed under the "primary jurisdiction" doctrine pending proceedings before the Commissioner of Insurance (the "Commissioner").

The Court finds that Plaintiffs' UCL and unjust enrichment causes of action are not barred by Ins. Code § 1860.1 or the "filed rate" doctrine because Plaintiffs are not challenging a rate or rating factor approved by the Commissioner. However, the Court agrees that Plaintiffs fail to allege a viable cause of action for violation of Ins. Code § 1861.10. The Court also agrees that the doctrine of primary jurisdiction applies and that this matter should be stayed pending proceedings before the Commissioner.

Accordingly, the Court OVERRULES Defendants' demurrer as to Plaintiffs' UCL and unjust enrichment causes of action. The Court SUSTAINS WITHOUT LEAVE TO AMEND Defendants' demurrer as to Plaintiffs' cause of action for violation of Ins. Code § 1861.10. The Court STAYS this matter pending proceedings before the Commissioner.

I.    Introduction

     A.    _Facts Alleged_

Auto insurance premiums in California are set pursuant to a two-step process. (FAC ¶ 26.) First, an insurer must calculate and obtain the Insurance Commissioner's approval of a "base rate," which is the same for each policyholder and represents the total annual premium that the insurer must charge in order to cover expenses and obtain a reasonable rate of return. (FAC ¶ 26; Ins. Code § 1861.05.) Second, an insurer must file a "class plan" disclosing the rating factors used to determine each policyholder's premium. (FAC ¶ 29.) Rating factors are defined as "any factor, including discounts, used by an insurer which

- 2 -

1    establishes or affects the rates, premiums, or charges assessed for a policy of automobile

2    insurance." (FAC ¶ 28; Cal. Code Regs. ("CCR"), tit. 10, § 2632.2.)

3

4        The Insurance Code states that rates and premiums "shall" be determined by

5    application of the following factors: "(1) The insured's driving safety record. (2) The number

6    of miles he or she drives annually. (3) The number of years of driving experience the insured

7    has had. (4) Those other factors that the commissioner may adopt by regulation and that have

8    a substantial relationship to the risk of loss." (FAC ¶ 30; Ins. Code § 1861.02(a).) Code of

9    Regulations, title 10, § 2632.5(d) sets forth additional rating factors approved by the

10   Commissioner including the type of vehicle, vehicle performance capabilities, gender,

11   marital status, and persistency. (FAC ¶ 31.)

12

13       The Commissioner has not approved "elasticity of demand" as a rating factor that

14   insurers may consider in determining a policyholder's premium. (FAC ¶ 32; CCR, tit. 10, §

15   2632.5(d).) Nevertheless, Plaintiffs allege that Defendants use elasticity of demand as a

16   rating factor and charge certain policyholders more if they are unlikely to seek insurance

17   elsewhere in response to a price increase. (FAC ¶ 39.) Defendants did not disclose their use

18   of elasticity of demand in their class plan. (FAC ¶ 40.) As a result, "Defendants' customers

19   whose demand is inelastic . . . pay prices that are higher than they would have paid based on

20   the risk they present, and higher than they would have paid in accordance with the class plan

21   Defendants filed with the Department and that the Department approved." (FAC ¶ 39.)

22

23       Plaintiffs allege that named Plaintiffs and putative class members have suffered injury

24   in fact and have lost money as a result of Defendants' unlawful business acts and practices.

25   (FAC ¶ 80.)

26

27   B.    *Procedural History*

28

- 3 -

On April 22, 2015, Plaintiffs filed their initial class action complaint against Defendants. On October 29, 2015, Plaintiffs filed the operative First Amended Complaint alleging the following causes of action:

1. Violation of Unfair Competition Law – Commission of Unlawful Business Act or Practice Cal. Bus. § Prof. Code § 17200 et seq.;
2. Violation of Unfair Competition Law – Commission of Unfair Business Act or Practice Cal. Bus. § Prof. Code § 17200 et seq.;
3. Violation of Unfair Competition Law – Commission of Fraudulent Business Act or Practice Cal. Bus. § Prof. Code § 17200 et seq.;
4. Unjust Enrichment;
5. Violation of Cal. Ins. Code § 1861.10.

Defendants demur to all causes of action. Plaintiffs oppose.

## II.    Analysis: Demurrer

A demurrer for sufficiency tests whether the complaint states a cause of action. (*Hahn v. Mirda* (2007) 147 Cal.App.4th 740, 747.) When considering demurrers, courts read the allegations liberally and in context. In a demurrer proceeding, the defects must be apparent on the face of the pleading or via proper judicial notice. (*Donabedian v. Mercury Ins. Co.* (2004) 116 Cal.App.4th 968, 994.) "A demurrer tests the pleadings alone and not the evidence or other extrinsic matters. Therefore, it lies only where the defects appear on the face of the pleading or are judicially noticed (Cal. Code Civ. Proc., §§ 430.30, 430.70). The only issue involved in a demurrer hearing is whether the complaint, as it stands, unconnected with extraneous matters, states a cause of action." (*Hahn, supra*, 147 Cal.App.4th at 747.) "As a general rule in testing a pleading against a demurrer the facts alleged in the pleading are deemed to be true, however improbable they may be. [Citation.] The courts, however, will not close their eyes to situations where a complaint contains allegations of fact inconsistent with attached documents, or allegations contrary to facts which are judicially

- 4 -

1    noticed." (*Del E. Webb Corp. v. Structural Materials Co.* (1981) 123 Cal.App.3d 593, 604
2    [176 Cal.Rptr. 824].)

4        A.    <u>Plaintiffs' Causes of Action Are Not Barred by the Insurance Code Because</u>
5            <u>Plaintiffs Are Not Challenging an Approved Rate</u>

7          Defendants argue that Ins. Code § 1860.1 bars Plaintiffs from challenging rates or
8    rating factors approved by the Insurance Commissioner. Section 1860.1 states:

10         No act done, action taken or agreement made pursuant to the authority conferred by
           [Chapter 9 of the Insurance Code] shall constitute a violation of or grounds for
11         prosecution or civil proceedings under any other law of this State heretofore or
           hereafter enacted which does not specifically refer to insurance.

13   The following section (§ 1860.2) provides:

15         The administration and enforcement of [Chapter 9] shall be governed solely by the
           provisions of this chapter. Except as provided in this chapter, no other law relating to
16         insurance and no other provisions in this code heretofore or hereafter enacted shall
           apply to or be construed as supplementing or modifying the provisions of this chapter
17         unless such other law or other provision expressly so provides and specifically refers
18         to the sections of this chapter which it intends to supplement or modify.

20         Defendants contend that under these sections, any challenges to an approved rate must
21   be brought under the administrative procedures set forth in Chapter 9 of the Insurance Code.
22   Specifically, article 7 of Chapter 9 states:

23         "Any person aggrieved by any rate charged, rating plan, rating system, or
24         underwriting rule followed or adopted by an insurer or rating organization, may file
           a written complaint with the commissioner requesting that the commissioner review
25         the manner in which the rate, plan, system, or rule has been applied with respect to
26         the insurance afforded to that person. In addition, the aggrieved person may file a
           written request for a public hearing before the commissioner, specifying the grounds
27         relied upon."

28

(Ins. Code, § 1858(a).)  However, Ins. Code, § 1861.03, which is also under Chapter 9, expressly states:

> The business of insurance shall be subject to the laws of California applicable to any other business, including, but not limited to, the Unruh Civil Rights Act (Sections 51 to 53, inclusive, of the Civil Code), and the *antitrust and unfair business practices laws* (Parts 2 (commencing with Section 16600) and 3 (commencing with Section 17500) of Division 7 of the Business and Professions Code).

(Ins. Code, § 1861.03(a) [emphasis added].)  As the court in *MacKay v. Superior Court* (2010) 188 Cal.App.4th 1427, 1442 [115 Cal.Rptr.3d 893, 904] recognized, section 1861.03 "which makes all of 'the laws of California applicable to any other business' applicable to '[t]he business of insurance,' appears to contradict Insurance Code sections 1860.1 and 1860.2, which limit ratemaking enforcement to the statutes set forth in the ratemaking chapter itself."  The *MacKay* court reconciled this contradiction by finding that section 1860.1 "does not exempt all acts done 'pursuant to' the chapter—which is to say, all ratemaking acts—but instead exempts acts done 'pursuant to the authority conferred by this chapter.'"  (*Id.* at 1443.)  Because Chapter 9 "confers on the [Department of Insurance] the exclusive authority to approve insurance rating plans," the court concluded that "[a]n insurer charging a preapproved rate is . . . taking an action pursuant to the authority conferred by the chapter."

In *MacKay*, the court held that plaintiffs were precluded from bringing a civil action challenging defendant's use of accident verification as a rating factor because "accident verification was, in fact, a rating factor approved by the DOI."  (*Id.* at 1437.)  However, the court clarified that "if the underlying conduct challenged was not the charging of an approved rate, but the *application* of an unapproved underwriting guideline, Insurance Code section 1860.1 would not be applicable."  (*Id.* at 1450.)  In other words, an insurer could "file with the [DOI] a rate filing and class plan that [satisfies] all of the ratemaking components of the regulations," but still violate the Insurance Code in applying that approved rate.  (*Ibid.*)  This is precisely what Plaintiffs allege happened in this case.

Plaintiffs allege that Defendants filed a rate filing and class plan meeting all the requirements in the regulations. However, Plaintiffs allege that in applying the approved rate, Defendants improperly took into consideration elasticity of demand as a rating factor. The parties agree that elasticity of demand was not one of the rating factors submitted to the DOI as part of Defendants' class plan, which means that Plaintiffs are not challenging a rate or rating factors approved by the Commissioner. Thus, under *MacKay*, Plaintiffs' causes of action are not barred by Ins. Code § 1860.1 because Plaintiffs are not challenging an "action [taken] pursuant to the authority conferred by the chapter." (See *Donabedian v. Mercury Ins. Co.* (2004) 116 Cal.App.4th 968, 992 [11 Cal.Rptr.3d 45, 62] [overruling trial court's order granting defendant's demurrer to plaintiff's UCL cause of action because plaintiff was not challenging an approved rate, but instead challenging defendant's use of "lack of prior insurance" to determine insurability without the Commissioner's approval].)

B.    *Plaintiffs' Claims are Not Barred Under the "Filed Rate" Doctrine*

Defendants next argue that Plaintiffs' claims are also barred under the "filed rate" doctrine. The filed rate doctrine "derives from the requirement contained in the Federal Communications Act that common carriers . . . file with the Federal Communications Commission (FCC) and keep open for public inspection 'all charges [and the] classifications, practices, and regulations affecting such charges.'" (*Day v. AT & T Corp.* (1998) 63 Cal.App.4th 325, 328-29 [74 Cal.Rptr.2d 55].) "[T]he doctrine presumes the consumer's knowledge of all lawful rates and bars consumer suits for damages arising out of claims involving those rates, on the premise that a consumer who pays the filed rate has suffered no injury and incurred no damage." (*Ibid.*) In *MacKay*, the Court found that "[n]umerous state courts have applied the filed rate doctrine to approved insurance rates." (*MacKay, supra,* 188 Cal.App.4th at 1448-49.)

-7-

1    In this case, even assuming the filed rate doctrine applies, Plaintiffs' claims are not

2    barred. As discussed above, Plaintiffs are not challenging the rate or rating factors filed with

3    the Department of Insurance. Instead, Plaintiffs allege that Defendants used inelasticity of

4    demand as a rating factor without the Department's approval and as a result charged a rate

5    higher than the approved rate.

6    C.    *Plaintiffs Allege Facts Sufficient to State a Cause of Action for Unjust*

7        *Enrichment*

8

9    Defendants contend that Plaintiffs' unjust enrichment cause of action fails because it

10   is being used as a means to plead around explicit bars to other causes of action. (Dem. p.

11   14.) "The elements of an unjust enrichment claim are the 'receipt of a benefit and [the]

12   unjust retention of the benefit at the expense of another.'" (*Peterson v. Cellco Partnership*

13   (2008) 164 Cal.App.4th 1583, 1593 [80 Cal.Rptr.3d 316, 323].) The Court finds that

14   Plaintiffs have sufficiently alleged a cause of action for unjust enrichment by alleging that

15   Defendants "unjustly collected higher auto insurance payments from thousands of insureds

16   than they were entitled to by using elasticity of demand as a rating factor."

17

18   Defendants' citation to *Peterson v. Cellco Partnership* (2008) 164 Cal.App.4th 1583

19   [80 Cal.Rptr.3d 316] is inapposite. In *Peterson*, plaintiffs alleged that defendants were

20   unjustly enriched by selling insurance and receiving insurance premiums without a license

21   to sell such insurance. (*Id.* at 1586.) The appellate court affirmed the trial court's ruling

22   sustaining defendant's demurrer to plaintiffs' causes of action for violation of the UCL and

23   unjust enrichment, in part, because plaintiffs failed to allege an actual injury. (*Id.* at 1592,

24   1594.) The court also held that plaintiffs could not "circumvent the law and public policy

25   reflected in [the UCL]" by "pursu[ing] their claim under the label "unjust enrichment." (*Id.*

26   at 1595.)

27

28

- 8 -

1    Here, by contrast, Plaintiffs have alleged injury in fact and have stated a cause of

2  action under the UCL. Accordingly, the Court finds that Plaintiffs have also stated a cause

3  of action for unjust enrichment.

4

5    D.    _Plaintiffs Fail to Allege a Cause of Action for Violation of Ins. Code § 1861.10_

6

7    Defendants demur to Plaintiffs' cause of action for violation of Ins. Code § 1861.10

8  on the grounds that that section of the Insurance Code does not create a private right of

9  action. The Court agrees. Ins. Code § 1861.10(a) states:

10

11    (a) Any person may initiate or intervene in any proceeding permitted or established

12    pursuant to this chapter, challenge any action of the commissioner under this article,

13    and enforce any provision of this article.

14

15  "The plain language of this clause provides no independent authority for a proceeding not

16  otherwise authorized by chapter 9, but creates broad standing in a proceeding 'permitted or

17  established pursuant to' chapter 9." (*Farmers Ins. Exchange v. Superior Court* (2006) 137

18  Cal.App.4th 842, 854 [40 Cal.Rptr.3d 653, 661].) In other words, under section 1861.10(a),

19  an insured may initiate an administrative procedure pursuant to section 1858(a) or file suit

20  under the UCL or another business law pursuant to section 1861.03(a). However, section

21  1861.10(a) "does not create a private right of action based on a violation of section 1861.02."

22  (*Id.* at 854.)

23

24    Accordingly, Plaintiffs' cause of action under section 1861.10(a) fails as a matter of

25  law.[1]

26

27

28
_____

[1] The Court notes that Plaintiffs do not raise any arguments opposing Defendants' demurrer to this cause of action.

-9-

E.      *The Court Exercises its Discretion to Stay this Case in Deference to*
        *Proceeding Before the Commissioner Under the Doctrine of "Primary*
        *Jurisdiction"*

Defendants contend that Plaintiffs' claims fail because Plaintiffs failed to exhaust their administrative remedies. In the alternative, Defendants argue that, under the doctrine of "Primary Jurisdiction," Plaintiffs' claims should be stayed pending proceedings before the Commissioner. In *Farmers Ins. Exchange v. Superior Court* (1992) 2 Cal.4th 377, 390 [6 Cal.Rptr.2d 487, 495-96, 826 P.2d 730, 738-39] ("*Farmers*"), our Supreme Court, quoting the U.S. Supreme Court's decision in *U.S. v. Western Pac. R. Co.* (1956) 352 U.S. 59 [77 S.Ct. 161, 1 L.Ed.2d 126], explained the relationship between the doctrines of exhaustion and primary jurisdiction:

> " '*Exhaustion*' *applies where a claim is cognizable in the first instance by an*
> *administrative agency alone;* judicial interference is withheld until the administrative
> process has run its course. '*Primary jurisdiction*,' *on the other hand, applies where a*
> *claim is originally cognizable in the courts,* and comes into play whenever
> enforcement of the claim requires the resolution of issues which, under a regulatory
> scheme, have been placed within the special competence of an administrative body;
> in such a case the judicial process is suspended pending referral of such issues to the
> administrative body for its views."

(*Id.* at 738-739.) In *Farmers*, the Supreme Court applied this definition and held that a UCL claim alleging a violation of the Insurance Code is "originally cognizable in the courts" and thus "triggers application of the primary jurisdiction doctrine" rather than exhaustion of remedies. (*Id.* at 391.) In that case, the People, through the Attorney General, filed suit alleging that various insurers violated the UCL by "(i) refusing to offer and sell a Good Driver Discount policy to any person who meets the standards of section 1861.025; (ii) refusing to charge persons who qualify for the Good Driver Discount policy a rate "at least

- 10 -

1  20% below the rate the insured would otherwise have been charged for the same coverage";
2  (iii) unlawfully using the absence of insurance as a criterion for determining eligibility for a
3  Good Driver Discount policy . . . ; and (iv) "unfairly discriminating in eligibility and rates
4  for insurance for persons who qualify under the statutory criteria for a Good Driver Discount
5  policy." (*Id.* at 381-382.)

6

7  In view of the allegations in the People's complaint, the *Farmers* court found "good
8  reason to require that th[e] [Insurance Code's] administrative procedures be invoked." (*Id.*
9  at 396.) The court noted that "questions involving insurance ratemaking pose issues for
10  which specialized agency fact-finding and expertise is needed in order to both resolve
11  complex factual questions and provide a record for subsequent judicial review." (*Id.* at 397.)
12  Moreover, requiring courts "to rule on such matters without benefit of the views of the
13  agency charged with regulating the insurance industry" creates a "risk of inconsistent
14  application of the regulatory statutes." (*Id.* at 398.)

15

16  Plaintiffs respond that deferring this matter to the Commission is unnecessary because
17  the question of whether Defendants employed elasticity of demand as a rating factor is a
18  straightforward question that can be answered without the Commissioner's expertise. The
19  Court is not convinced. Defendants contend that they did not use elasticity of a demand as
20  a rating factor. Thus, evaluating Plaintiffs' claims would necessarily involve a technical
21  analysis of the rating factors and formulas used by Defendants in order to determine whether
22  or not elasticity of demand was taken into account. In such a situation, as recognized by the
23  *Farmers* court, "it seems clear that the Insurance Commissioner, rather than a court, is best
24  suited initially to determine whether his or her own regulations pertaining to compliance
25  have been faithfully adhered to by an insurer." (*Farmers, supra,* 2 Cal.4th at 399.)

26
27
28

- 11 -

III.    **Conclusion**

    For the foregoing reasons, the Court SUSTAINS WITHOUT LEAVE TO AMEND Defendants' demurrer to Plaintiffs' cause of action for violation of Ins. Code § 1861.10. The Court OVERRULES Defendants' demurrer to Plaintiffs' remaining causes of action. In addition, applying the doctrine of "primary jurisdiction," the Court STAYS this matter pending proceedings before the Commissioner of Insurance.

AMY D. HOGUE, JUDGE

Dated: ___JAN 25 2016___

_____
AMY D. HOGUE
JUDGE OF THE SUPERIOR COURT

Exhibit B

PROOF OF SERVICE
In the Matter of the Rating Practices of
Farmers Insurance Exchange and Mid Century Insurance Company, Applicants.
CDI File No. NC-2017-00003

I am over the age of eighteen years and am not a party to the within action. I am an employee of the Department of Insurance, State of California, employed at 45 Fremont Street, 21st Floor, San Francisco, California 94105. On April 18, 2017, I served the following document(s):

**NOTICE OF HEARING**

on all persons named on the attached Service List, by the method of service indicated, as follows:

If **U.S. MAIL** is indicated, by placing on this date, true copies in sealed envelopes, addressed to each person indicated, in this office's facility for collection of outgoing items to be sent by mail, pursuant to Code of Civil Procedure Section 1013. I am familiar with this office's practice of collecting and processing documents placed for mailing by U.S. Mail. Under that practice, outgoing items are deposited, in the ordinary course of business, with the U.S. Postal Service on that same day, with postage fully prepaid, in the city and county of San Francisco, California.

If **OVERNIGHT SERVICE** is indicated, by placing on this date, true copies in sealed envelopes, addressed to each person indicated, in this office's facility for collection of outgoing items for overnight delivery, pursuant to Code of Civil Procedure Section 1013. I am familiar with this office's practice of collecting and processing documents placed for overnight delivery. Under that practice, outgoing items are deposited, in the ordinary course of business, with an authorized courier or a facility regularly maintained by one of the following overnight services in the city and county of San Francisco, California: Express Mail, UPS, Federal Express, or Golden State overnight service, with an active account number shown for payment.

If **EMAIL** is indicated, by electronic mail transmission this date to the email address(es) stated.

If **FAX SERVICE** is indicated, by facsimile transmission this date to fax number stated for the person(s) so marked.

If **PERSONAL SERVICE** is indicated, by hand delivery this date.

If **INTRA-AGENCY MAIL** is indicated, by placing this date in a place designated for collection for delivery by Department of Insurance intra-agency mail.

Executed this date at San Francisco, California. I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

_____
Cecilia Padua

#1026794.1

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**SERVICE LIST**
**In the Matter of the Rating Practices of**
**Farmers Insurance Exchange and Mid Century Insurance Company, Applicants.**
**CDI File No. NC-2017-00003**

| Name/Address | Method of Service |
|---|---|
| The Honorable Kristin L. Rosi<br>Administrative Law Judge<br>Administrative Hearing Bureau<br>**CALIFORNIA DEPARTMENT OF**<br>**INSURANCE**<br>45 Fremont Street, 22nd Floor<br>San Francisco, CA 94105<br>Tel. No. (415) 538-4387<br>Fax No. (415) 904-5854 | Personal Service |
| Peter Kahana, Esq.<br>Jeff Osterwise, Esq.<br>Attorneys for Plaintiffs<br>**BERGER & MONTAGUE, P.C.**<br>1622 Locust Street<br>Philadelphia, PA 19103<br>Fax No: (215) 875-4613<br>Emails: pkahana@bm.net<br>        josterwise@bm.net | Via Email |
| Jonathan K. Tycko, Esq.<br>Andrea Gold, Esq.<br>Attorneys for Plaintiffs<br>**TYCKO & ZAVAREEI LLP**<br>1828 L. Street, NW, Suite 1000<br>Washington, DC 20036<br>Fax No: (202) 973-0950<br>Emails: jtycko@tzlegal.com<br>        agold@tzlegal.com | Via Email |
| Jay Angoff, Esq.<br>Cyrus Mehri, Esq.<br>Attorneys for Plaintiffs<br>**MEHRI & SKALET PLLC**<br>1250 Connecticut Ave. NW, Suite 300<br>Washington, DC 2003<br>Emails: jay.angoff@findjustice.com<br>        cyrus@findjustice.com | Via Email |

| Name/Address | Method of Service |
|---|---|
| Seth Lesser, Esq.<br>Kurt Olsen, Esq.<br>Attorneys for Plaintiffs<br>**KLAFTER OLSEN & LESSER, LLP**<br>Two International Drive, Suite 350<br>Rye Brook, NY 10573<br>Emails: seth@klafterolsen.com<br>        KO@klafterolsen.com | Via Email |
| Richard G. De La Mora, Esq.<br>James C. Castle, Esq.<br>Attorneys for Defendants<br>Farmers Insurance Exchange and<br>Mid Century Insurance Company<br>**HINSHAW & CULBERTSON, LLP**<br>633 West Fifth Street, 47th Floor<br>Los Angeles, CA 90071<br>Fax No: (213) 614-7399<br>Emails: rdelamora@mail.hinshawlaw.com<br>        jcastle@mail.hinshawlaw.com | Via Email |
| Doren Hohl<br>Agent for Service of Process<br>6301 Owensmouth Avenue<br>Woodlands Hills, CA 91367 | Certified Mail #<br>7017-0530-0000-3573-4128 |

## NON-PARTY

| | |
|---|---|
| Edward Wu<br>Staff Counsel & Public Advisor<br>Office of the Public Advisor<br>**CALIFORNIA DEPARTMENT OF INSURANCE**<br>300 South Spring Street, 12th Floor<br>Los Angeles, CA 90013<br>Tel. No. (213) 346-6635<br>Fax No. (213) 897-9241<br>E-mail: edward.wu@insurance.ca.gov | Via Email |

#1026794.1

# Exhibit C

STATE OF CALIFORNIA                                                          *Dave Jones, Insurance Commissioner*

## DEPARTMENT OF INSURANCE
**Legal Division, Rate Enforcement Bureau**
45 Fremont Street, 21st Floor
San Francisco, CA 94105

Robert Binion
Attorney III
TEL:  415-538-4112
FAX: 415-904-5490
E-Mail: Robert.binion@insurance.ca.gov
www.insurance.ca.gov



March 29, 2018

Via email
Kathleen Birrane, Esq.
DLA Piper, LLP
The Marbury Building
6225 Smith Ave
Baltimore MD 21209

Jay Angoff, Esq.
Mehri & Skalet, PLLC
1250 Connecticut Ave. NW, Suite 300
Washington, DC  20036

RE:    *Andrea Stevenson v. Allstate Ins. Co. and Allstate Indemnity Co.* (Allstate)
       Primary Jurisdiction Referral from USDC, N.D. Cal, Case No. 15-cv-04788-YGR

Dear Ms. Birrane and Mr. Angoff:

       Please be advised that the California Department of Insurance intends to issue a notice of hearing with respect to the allegations of price optimization by Allstate within the next 30 days.

       Sincerely,

       *Robert Binion/nm*

       Robert Binion

cc:    Hon. Yvonne Gonzalez Rogers, USDC, N.D. Cal. (YGRpdf@cand.uscourts.gov)
       Daniel Goodell, Esq.

#952994.1