David Borgen (SBN 99354)
dborgen@gbdhlegal.com
James Kan (SBN 240749)
jkan@gbdhlegal.com
GOLDSTEIN, BORGEN, DARDARIAN & HO
300 Lakeside Drive, Suite 1000
Oakland, CA 94612
Tel: (510) 763-9800
Fax: (510) 835-1417

Jay Angoff (D.C. Bar 248641)
Cyrus Mehri (D.C. Bar 420970)
Steven Skalet (D.C. Bar 359804)
MEHRI & SKALET PLLC
1250 Connecticut Avenue NW, Suite 300
Washington, DC 20036
Tel: (202) 822-5100

Attorneys for Plaintiff
*(Additional Counsel listed on Signature Page)*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDREA STEVENSON,<br><br>        Plaintiff,<br><br>vs.<br><br>ALLSTATE INSURANCE CO., and ALLSTATE INDEMNITY CO.,<br><br>        Defendant(s). | Case No.: 4:15-cv-04788-YGR<br><br>**JOINT STATUS REPORT**<br><br>Hon. Yvonne Gonzalez Rogers |

Pursuant to the Clerk's Notice Continuing Compliance Hearing (Dkt. No. 46), Plaintiff Andrea Stevenson ("Plaintiff") and Defendants Allstate Insurance Co. and Allstate Indemnity Co. (together, "Defendants") hereby submit this joint status update.

On March 30, 2018, the parties filed a Joint Status Report informing the Court that the California Department of Insurance ("CDI") had issued a letter, on March 29, 2018, stating that it "intend[ed] to issue a notice of hearing with respect to the allegations of price optimization by Allstate within the next 30 days." (Dkt. No. 45 at 2). On April 27, 2018, the CDI issued that notice of hearing. *See* Exhibit A. The notice states that the "hearing arises out of a primary jurisdiction referral from the District Court for

the Northern District of California in the matter of *Andrea Stevenson v. Allstate Insurance Co. and Allstate Indemnity Co.* (Case No. 15-cv-04788-YGR)." *Id.* at 1. The notice orders that:

> Pursuant to California Insurance Code sections 12921 and 12926 and CCR section 2615.2 *et seq.*, the Commissioner, on his own motion and in response to [this Court's March 17, 2016 Order on Motion to Dismiss First Amended Complaint, Dkt. No. 43], has determined to hold an investigatory hearing to determine: (1) whether Allstate has violated California insurance law by using illegal price optimization; (2) how Allstate implemented any such illegal price optimization in its rate and/or class plans; and (3) how any such illegal price optimization impacted Allstate's policyholders.

*Id.* at 3. The Commissioner's investigatory hearing shall be held before the CDI's Administrative Hearing Bureau, *id.*, and the Commissioner's findings will be conveyed to this Court. *Id.* at 3.

The notice also permitted Plaintiff in this matter to participate as an intervenor in the hearing "to the extent allowed by law by filing a Petition to Participate that meets the requirements set forth in [California Code of Regulations, title 10] section 2661.4." *Id.* On June 3, 2018, Plaintiff submitted a Petition to Participate to the Department pursuant to section 2661.4, as well as a Request for Finding of Eligibility to Seek Compensation pursuant to section 2662.2 of the same title. On June 25, 2018, Defendants filed an objection to Plaintiff's participation and eligibility.[1] Allstate's objection is pending before the Commissioner.

On June 4, 2018, Chief Administrative Law Judge Kristin L. Rosi set an initial scheduling conference in the matter for August 1, 2018, and ordered all parties to confer regarding discovery and other topics and, by July 25, 2018, submit proposed dates for the commencement of the evidentiary hearing in the matter. *See* Exhibit B.

Dated: July 6, 2018

GOLDSTEIN, BORGEN, DARDARIAN & HO

_*/s/* David Borgen_____
David Borgen

---

[1] On June 13, 2018, the Commissioner initially granted Plaintiff Andrea Stevenson's petition to participate in the hearing. Because Allstate was not served a copy of the petition prior to this occurrence, Allstate was then given an opportunity to object.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Peter Kahana (admitted *pro hac vice*)
Jeff Osterwise (PA Bar 201589)
BERGER & MONTAGUE, P.C.
1622 Locust Street
Philadelphia, PA  19103
Tel:  (215) 875-3000
Fax: (215) 875-4613

Jonathan K. Tycko (D.C. Bar 45851)
Andrea R. Gold (admitted *pro hac vice*)
TYCKO & ZAVAREEI LLP
2000 L Street NW, Suite 808
Washington, DC 20036
Tel:  (202) 973-0900
Fax:  (202) 973-0950

Attorneys for Plaintiff


DLA PIPER LLP (US)


  */s/* Michael P. O'Day
Michael P. O'Day (admitted *pro hac vice*)
michael.oday@dlapiper.com
Kathleen A. Birrane (admitted *pro hac vice*)
kathleen.birrane@dlapiper.com
DLA PIPER LLP (US)
6225 Smith Avenue
Baltimore, Maryland  21209
Tel:  410.580.3000
Fax:  410.580.3001

Eliot R. Hudson (Bar No. 66251)
eliot.hudson@dlapiper.com
DLA PIPER LLP (US)
555 Mission Street, Suite 2400
San Francisco, California  94105-2933
Tel:  415.836.2500
Fax:  415.836.2501

Attorneys for Defendants
Allstate Insurance Company and Allstate Indemnity
Company

Exhibit A

1
2
3
4
5
6
7
8

**BEFORE THE INSURANCE COMMISSIONER**

9

**OF THE STATE OF CALIFORNIA**

10
11

| | |
|---|---|
| In the Matter of the rating practices of | File No. NC-2018-00001 |
| ALLSTATE INSURANCE COMPANY and ALLSTATE INDEMNITY COMPANY | NOTICE OF HEARING |

16 TO: ALLSTATE INSURANCE COMPANY and ALLSTATE INDEMNITY COMPANY, YOU
17 ARE HEREBY NOTIFIED:

18     Having been considered by the Commissioner, a hearing IS ORDERED for the purposes

19 described below.

20                                **I. BACKGROUND**

21     This hearing arises out of a primary jurisdiction referral from the District Court for the

22 Northern District of California in the matter of *Andrea Stevenson v. Allstate Insurance Co. and*

23 *Allstate Indemnity Co.* (Case No. 15-cv-04788-YGR) (hereafter "*Stevenson v. Allstate*"). In

24 *Stevenson v. Allstate*, the plaintiffs allege that Allstate Insurance Co. and Allstate Indemnity Co.

25 (collectively, "Allstate") engaged in an illegal rating practice by using "elasticity of demand" as a

26 rating factor in calculating Private Passenger Automobile ("PPA") insurance premiums.

27     **A. Elasticity of Demand and Price Optimization**

28     The plaintiffs in *Stevenson v. Allstate* define "elasticity of demand" as "an individual's

1    sensitivity to price changes." (First Amended Complaint ("FAC") ¶ 32.)  An individual whose

2    demand is "elastic" is sensitive to price changes, so that individual is likely to seek insurance

3    elsewhere in response to a relatively small price increase. (FAC ¶ 33.)  Conversely, an individual

4    whose demand is "inelastic" is relatively insensitive to price changes, so he or she is relatively

5    unlikely to seek insurance elsewhere in response to a price increase. (FAC ¶ 34.)

6         Pricing based on elasticity of demand is also known as "price optimization" and is

7    prohibited under California law. (See The California Department of Insurance's February 15,

8    2015 "Notice Regarding Unfair Discrimination in Rating: Price Optimization.")  In the PPA

9    context, the use of elasticity of demand as a rating factor is prohibited under California Insurance

10   Code section 1861.02(a), because that section allows insurers to adopt only those rating factors

11   that are authorized by statute or regulation. Elasticity of demand as a PPA rating factor is not

12   authorized by statute or regulation, and the use of any unauthorized rating factor constitutes unfair

13   discrimination. (See Cal. Ins. Code § 1861.02(a)(4) and California Code of Regulations, title 10

14   ("CCR") § 2632.5).) The use of elasticity of demand in rating is also unfairly discriminatory

15   under California Insurance Code section 1861.05(a) because it seeks to adjust rates based on

16   characteristics of an insured unrelated to an actuarially sound estimate of the risk of loss. The use

17   of elasticity of demand in rating also violates CCR section 2360.3 if it results in insureds being

18   charged a rate higher than the lowest rate for which the insured qualifies.

19   **B. History**

20        On or about November 5, 2015, the plaintiffs in *Stevenson v. Allstate* filed a first amended

21   complaint alleging that Allstate engaged in illegal price optimization by using elasticity of

22   demand as a factor in calculating PPA insurance premiums.

23        On or about November 23, 2015, Allstate filed a motion to dismiss in which it argued,

24   *inter alia*, the Commissioner had primary jurisdiction over the plaintiffs' claims and therefore the

25   court should defer to the Commissioner's expertise.

26        On or about March 17, 2016, the District Court for the Northern District of California

27   issued an order granting in part Allstate's motion to dismiss with respect to one of the plaintiffs'

28   five causes of action and staying the remainder of the case pursuant to the primary jurisdiction

1  doctrine pending proceedings before the Commissioner (the "District Court Order"; attached as

2  Exhibit A).

## II. DETERMINATION TO HOLD INVESTIGATORY HEARING

4  Based on the foregoing, IT IS ORDERED that:

5  Pursuant to California Insurance Code sections 12921 and 12926 and CCR section 2615.2

6  *et seq.*, the Commissioner, on his own motion and in response to the District Court Order, has

7  determined to hold an investigatory hearing to determine: (1) whether Allstate has violated

8  California insurance law by using illegal price optimization; (2) how Allstate implemented any

9  such illegal price optimization in its rate and/or class plans; and (3) how any such illegal price

10  optimization impacted Allstate's policyholders.

11  The plaintiffs in *Stevenson v. Allstate* may participate in this proceeding as intervenors to

12  the extent allowed by law by filing a Petition to Participate that meets the requirements set forth

13  in CCR section 2661.4. The Petition to Participate shall be submitted to the CDI's Rate

14  Enforcement Bureau and served on the Public Advisor. Any other person may also intervene in

15  this proceeding to the extent allowed by law.

16  The hearing shall be held before the CDI's Administrative Hearing Bureau ("AHB"). The

17  AHB will set the time and place for the hearing. The hearing shall be conducted pursuant to

18  Article 1 (commencing with section 2615) of Subchapter 4.5 of Chapter 5 of title 10 of the CCR.

19  The hearing shall be presided over by an Administrative Law Judge ("ALJ") from the AHB, who

20  shall issue a proposed decision to the Commissioner.

21  Pursuant to the ALJ's authority under CCR section 2615.3, the ALJ shall issue a Pre-

22  Hearing Order addressing scheduling, allowable pleadings and motions, discovery, scope of

23  relevant evidence, rebuttal rights, briefing, and other procedural matters. Witness depositions

24  shall be permitted in the proceeding in the manner prescribed by law for depositions in civil

25  actions under Title 4 (commencing with section 2016.010) of Part 4 of the Code of Civil

26  Procedure. Subpoenas shall be permitted under the procedures set forth in the California

27  Administrative Procedure Act at Chapter 4, Article 11 (commencing with section 11450.05) of

28  Division 3 of Title 2 of the Government Code.

1    The Commissioner's findings in this matter will be conveyed to the District Court for the

2 Northern District of California. If the Commissioner finds Allstate is using elasticity of demand in

3 an illegal manner, for example as an unapproved rating factor in violation of California Insurance

4 Code section 1861.02 and/or 1861.05, the Commissioner may order Allstate to cease and desist

5 from engaging further in such practice immediately pursuant to the authority vested in the

6 Commissioner under the California Insurance Code, including but not limited to California

7 Insurance Code sections 12921 and 12926. The Commissioner may also adopt the factual and

8 legal determinations resulting from this hearing in subsequent legal actions involving Allstate

9 including, but not limited to, any noncompliance actions the Commissioner may hereafter bring

10 under Article 7 of Chapter 9 of Part 2 of Division 1 of the California Insurance Code and rate

11 hearings under Article 10 of Chapter 9 of Part 2 of Division 1 of the California Insurance Code.

12

13 Dated: April 27, 2018                    CALIFORNIA DEPARTMENT OF INSURANCE

14

15

16 By _____
                 Kenneth Schnoll, General Counsel

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT A

United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ANDREA STEVENSON,

    Plaintiff,

    vs.

ALLSTATE INSURANCE CO., *et al.*,

    Defendants.

Case No.: 15-cv-04788-YGR

**ORDER ON MOTION TO DISMISS FIRST AMENDED COMPLAINT**

Re: Dkt. No. 28

Plaintiff Andrea Stevenson brings this putative class action against defendants Allstate Insurance Company and Allstate Indemnity Company (collectively, "Allstate" or "Defendants") challenging Allstate's alleged use of elasticity of demand when formulating its rating factors for automotive insurance in California. Plaintiff brings causes of action in the first amended complaint (Dkt. No. 18, "FAC") for (1) violations of California's Unfair Competition Law, Cal. Bus. & Prof. Code § 17200, *et seq.*, (2) unjust enrichment, (3) violation of California's False Advertising Law, Cal. Bus. & Prof. Code § 17500, *et seq.*, and (4) violation of Cal. Ins. Code § 1861.10.

Currently pending before the Court is Defendants' motion to dismiss the FAC pursuant to Federal Rule of Civil Procedure 12(b)(6) (Dkt. No. 28, "Mtn."), arguing, *inter alia*, that Plaintiff's claims are not justiciable because they are subject to the exclusive jurisdiction of the California Department of Insurance ("DOI") Commissioner. Defendants also move to dismiss certain claims on pleading grounds. Alternatively, Defendants request the Court defer to the primary jurisdiction of the DOI and stay this action pending resolution by the DOI Commissioner. Having carefully considered the papers submitted and the pleadings in this action, oral argument held January 12, 2016, and for the

United States District Court
Northern District of California

1    reasons set forth below, the Court hereby **GRANTS IN PART** Defendants' motion to dismiss and **STAYS**

2    the litigation under the primary jurisdiction doctrine.

3    **I.    BACKGROUND**

4         Defendants are Illinois corporations that issue automotive insurance policies nationally,

5    including in California.  (FAC ¶ 20.)  Plaintiff is a more than twenty-five year auto insurance

6    customer of Allstate.  (*Id.* ¶ 15.)  Plaintiff alleges that, as a result of Allstate's alleged improper

7    practices, she has "paid higher prices for [her] insurance coverage than have other insureds who

8    present the same risk presented by Plaintiff."  (*Id.* ¶ 10.)  Specifically, Plaintiff asserts that Allstate

9    improperly uses elasticity of demand ("ED") as an unapproved rating factor when pricing auto

10   insurance for its customers and potential customers – a practice known in the insurance industry as

11   "price optimization."  (*Id.* ¶ 35.)  ED represents an individual's sensitivity to changes in the price of

12   insurance.  (*Id.* ¶ 32.)  The more elastic an individual, the more likely they are to seek insurance

13   elsewhere in response to an increase in insurance premiums.  (*Id.* ¶ 33.)  By contrast, the more

14   inelastic an individual, the less sensitive they are to increase in premiums, *i.e.* the less likely they are

15   to seek insurance elsewhere if their premiums rise.  (*Id.* ¶ 34.)  Thus, Allstate's inelastic customers –

16   including Plaintiff – pay higher premiums simply because Defendants determined they are less

17   responsive to price increases.  (*Id.* ¶ 34.)

18        In California, auto insurance premiums are approved by the Department of Insurance ("DOI")

19   through a two-step process.  (*See id.* ¶¶ 22-31.)  First, an insurer (such as Allstate) sets a base rate and

20   obtains approval from DOI for the base rate by filing a rate application.  (*Id.* ¶ 22.)  Second, the

21   insurer submits a class plan that discloses the rating factors an insurer wants to use and how those

22   rating factors will be applied to the base rate to produce individual premiums.  (*Id.* ¶ 25.)

23   For example, mandatory rating factors authorized by statute include mileage driven, driving record,

24   and years of driving experience.  (*Id.* ¶ 26.)  The regulations also provide optional rating factors that

25   insurers may elect to include in their class plan.  (*Id.* ¶ 27.)

26        Allstate allegedly uses Earnix, Ltd. software to incorporate ED into its rating factors before

27   submitting its class plan to DOI.  (*Id.* ¶ 46.)  Earnix boasts that it allows insurers to "go beyond

28   traditional risk cost pricing, incorporating [ED] models to maximize profit and growth objectives."

2

(*Id.* ¶ 41.)  The Earnix Rating Factor Optimization module "allows insurers to optimize prices offered to customers while maintaining regulatory compliance." (*See id.* ¶ 41, "Earnix Brochure" at 15, available at http://earnix.com/download/EarnixInsuranceSolutions.pdf.)  Earnix "directly optimizes the rating factors [Allstate submits to DOI in its class plan], providing [Allstate] with new factors that can be uploaded into [its] existing table structure." (*Id.*)  In other words, Earnix software allows Allstate to account for ED in its rating factors submitted for approval, without disclosing to DOI that it is considering ED when compiling its class plan.  (*See id.*)

By way of example, DOI regulations allow insurers the option to use "[g]ender of the rated driver" as a rating factor.  Cal. Ins. Code § 2632.5(d)(9).  The Earnix software permits Allstate to incorporate ED into its proposed gender rating factors.  Under a hypothetical theory that a customer assigned "female" gender is more price inelastic, and therefore less likely to respond to a small price changes, Earnix would "optimize" Allstate's rating factor for females upward.  Thus, if based on risk alone Allstate would propose a rating factor of 1.0 for females, Earnix would increase that rating factor (*e.g.* to 1.2) to account for females' inelasticity.  Under this hypothetical, Earnix has determined that female Allstate customers are not as responsive to changes in price, and so Earnix "optimizes" the female rating factor to increase the premium charged to females – based on the theory they are less likely to shop for insurance elsewhere in response to a premium increase.

This is hypothetical by design.  Plaintiff is unable to quantify Allstate's use of ED to optimize its rating factors.  Allstate does not disclose its use of ED in generating the rating factors submitted for approval in its class plan.  (*See* FAC ¶ 35.)  However, Allstate's parent company has disclosed in public filings that it used price optimization and that one of its "key goals" in 2011 was to utilize price optimization to increase earnings.  (*Id.* ¶ 57.)  Allstate employees, including a former Chief Data Officer, have disclosed Allstate's use of ED since at least 2011.  (*Id.* ¶¶ 63-67.)

The gravamen of Plaintiff's claims is that Allstate engaged in price optimization, using Earnix software to incorporate ED into its "premium-setting methodologies" without disclosing the same to DOI in its class plan or to its customers affected thereby.  (*Id.* ¶ 7.)  On February 18, 2015, DOI issued a bulletin (the "Bulletin") denouncing the use of price optimization and requiring insurers to cease using it in any way:

> 'Price Optimization' is defined as any method of taking into account an individual's or class's willingness to pay a higher premium relative to other individuals or classes....[A]ny use of Price Optimization in the ratemaking/pricing process or in a rating plan is unfairly discriminatory in violation of California law....Any insurer currently using Price Optimization to adjust its rates in the ratemaking/pricing process shall remove the effect of any such adjustments from any filing to be submitted subsequent to the date of this Notice.

(Dkt. No. 29, Bulletin; *see* FAC ¶¶ 36-37.)

Plaintiff brings six causes of action on behalf of herself and all others similarly situated in the FAC, namely for: (1) *unlawful* conduct in violation of California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code § 17200, *et seq.*, (2) *unfair* conduct in violation of the UCL, (3) *fraudulent* conduct in violation of the UCL, (4) unjust enrichment, (5) violation of California's False Advertising Law ("FAL"), Cal. Bus. & Prof. Code § 17500, *et seq.*, and (6) violation of Cal. Ins. Code § 1861.10. Defendants now move to dismiss all causes of action, or in the alternative, to stay judicial proceedings under the doctrine of primary jurisdiction.

## II. STANDARD OF REVIEW

A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of the claims alleged in the complaint. *Ileto v. Glock, Inc.*, 349 F.3d 1191, 1199-1200 (9th Cir. 2003). "Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). All allegations of material fact are taken as true and construed in the light most favorable to the plaintiff. *Johnson v. Lucent Techs., Inc.*, 653 F.3d 1000, 1010 (9th Cir. 2011). To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). This "facial plausibility" standard requires the plaintiff to allege facts that add up to "more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678. While courts do not require "heightened fact pleading of specifics," a plaintiff must allege facts sufficient to "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 547, 555. In deciding whether the plaintiff has stated a claim upon which relief can be granted, the court must assume that the plaintiff's allegations are true and must draw all reasonable inferences in

United States District Court

Northern District of California

1  the plaintiff's favor. *See Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987). However,

2  the court is not required to accept as true "allegations that are merely conclusory, unwarranted

3  deductions of fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055

4  (9th Cir. 2008) (quoting *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001)).

5  **III.   DISCUSSION**

6        Allstate moves to dismiss the FAC on three grounds. First, Allstate argues the FAC fails to

7  allege facts sufficient to state certain claims.  Second, Allstate contends that Plaintiffs' Fourth Cause

8  of Action for unjust enrichment and Sixth Cause of Action for violation of section 1861.10 are not

9  legally cognizable as independent claims under California law.  Third, and principally, Allstate argues

10  that Plaintiff is barred from bringing her claims in this Court due to the exclusive jurisdiction given to

11  the DOI Commissioner over rate setting issues.

12        Alternatively, should the Court not dismiss the FAC on the above-mentioned grounds, Allstate

13  requests the Court exercise its discretion to stay judicial proceedings and send Plaintiff's claims to

14  DOI for the benefit of the Commissioner's expertise in rate setting issues under the judicially-created

15  doctrine of primary jurisdiction.  The Court addresses each of Defendants' arguments below.

16        **A.  Pleading Deficiencies**

17        Defendants contend the FAC is facially deficient in three respects, namely that: (1) the UCL

18  and FAL claims (First, Second, Third, and Fifth Causes of Action, respectively) fail because Plaintiff

19  does not allege any injury consistent with her theory of relief; (2) the UCL fraud claim and FAL claim

20  (Third and Fifth Causes of Action, respectively) fail because Allstate's website, when read as a whole,

21  is not misleading; and (3) the UCL fraud claim (Third Cause of Action) fails because Plaintiff does

22  not allege reliance properly.  The Court turns to each:

23        *1.UCL   and FAL Claims: Allegations of Injury*

24        Allstate moves to dismiss the FAC on grounds that Plaintiff does not allege an injury

25  consistent with the FAC as a whole.  More particularly, Allstate argues the FAC does not allege that

26  Plaintiff paid premiums in excess of the rate approved by DOI.  In that regard, Defendants contend

27  that Plaintiff has not alleged she "suffered injury in fact" or "lost money or property as a result of"

28  Allstate's actions.  *See Sevidal v. Target Corp.*, 189 Cal.App.4th 905, 923-24 (2010).

Defendants' argument does not persuade.  Plaintiff pleads payment of premiums that were artificially inflated based on Defendants' allegedly unlawful practices.  Indeed, the crux of Plaintiff's complaint is that DOI's approval of rates was based on Defendants' hidden consideration of ED in generating its rating factors.  Plaintiff's alleged injury is thus as she frames it in the FAC, or that she "paid higher prices for [her] insurance coverage than have other insureds" who were not charged more based on price optimization.  (FAC ¶ 10.)  Plaintiff has alleged an injury consistent with her theory of relief.  Defendant's motion on this ground is **DENIED**.

### 2. UCL Fraud and FAL Claims: Misleading Statements

Plaintiff bases her UCL fraud claim (Third Cause of Action) and FAL claim (Fifth Cause of Action) on statements Allstate makes on its website.  (FAC ¶¶ 47-54.)  For example, in a section entitled "How a car insurance quote is determined," Allstate represents:

> The quote you receive is impacted by the following factors: Your driving record. Your past insurance claims history. Your vehicle type and value. Included safety features in your car, which could effectively limit the extent of bodily damage you suffer in an accident. Included security features in your car, such as anti-theft alarms or devices, which are likely to have an impact on preventing your car from being stolen. Where you live, which could directly influence the safety of your car with respect to theft and certain natural disasters. How often you drive, which tells an insurance company how frequently your car is exposed to risk.

(FAC ¶¶ 50-51.)  According to Plaintiff, because Allstate does not inform customers it uses ED as a rating factor, its statements are false and misleading.  (FAC ¶ 52.)

Where, as here, an advertisement does not target a particular group, "it is judged by the effect it would have on a reasonable consumer." *Lavie v. Procter & Gamble Co.*, 105 Cal.App.4th 496, 506-07 (2003) (reasonable consumer standard appropriate for UCL and unfair advertising claims). The reasonable consumer standard does not require "a reasonable consumer necessarily be wary or suspicious of advertising claims." *Id.* at 510.  A literally true statement may be actionable under the UCL and FAL if "couched in such a manner that it is likely to mislead or deceive the consumer, such as by failure to disclose other relevant information...." *Day v. AT&T Corp.*, 63 Cal.App.4th 325, 332-33 (1998).

United States District Court
Northern District of California

1   Defendants contend that the statements Plaintiff cites as misleading are not actionable because

2   no reasonable consumer would be deceived or misled by its conduct. Defendants point the Court to

3   portions of its website containing language indicating that insurance premiums are influenced by

4   "dozens of factors" and that the listed factors are not "the only factors that insurance companies look

5   at" when determining insurance premiums. (Mtn. at 23:3-12.) Based thereon, Defendants argue that

6   no reasonable consumer could be misled. The Court disagrees.

7   Allstate primarily relies on *Ford v. Hotwire, Inc.*, 2008 WL 5874305 (S.D.Cal. Feb. 25, 2008)

8   and *Porras v. Stub Hub, Inc.*, 2012 WL 3835073 (N.D.Cal. Sept. 4, 2012) in support of its argument

9   that its website as a whole could not mislead a reasonable consumer. Both cases are distinguishable.

10  In *Hotwire*, the plaintiff alleged that Hotwire violated the FAL by failing to disclose mandatory resort

11  fees to consumers during its booking process. The court granted Hotwire's motion to dismiss because

12  the company explicitly stated, in its Terms of Use, that "'Hotwire rates do not include special fees

13  charged by hotels upon check-out (e.g. …resort fees…). Customers will be required to pay these fees

14  directly to the hotels at check-out time.'" 2008 WL 5874305, at * 2, 4. In *StubHub*, the plaintiff

15  brought an FAL claim against defendant StubHub, alleging StubHub misrepresented on its website

16  that tickets purchased via its marketplace would be authentic and valid for entry, when in fact, they

17  were not. That district court similarly dismissed the plaintiff's FAL claim because StubHub

18  acknowledged in its FanProtect Guarantee that tickets purchased by consumers may not be valid.

19  2012 WL 3835073, at *6. In both *Hotwire* and *StubHub*, therefore, the defendant expressly

20  disclaimed the fact the plaintiff alleged was concealed from consumers. Not so here. Allstate has not

21  pointed to any portion of its website where it expressly discloses use of ED as a rating factor.

22  Taking Plaintiff's allegations as true, the FAC alleges a plausible claim that a reasonable

23  consumer could be misled by Allstate's website statements. Accordingly, this basis for dismissal is

24  **DENIED.**

25          *3. UCL Fraud C laim: Allegations of Reliance*

26  Defendants next argue that Plaintiff's claim under the fraudulent prong of the UCL (Third

27  Cause of Action) must be dismissed because the FAC does not plead reliance on the allegedly

28  fraudulent statements. Specifically, Defendants argue that Plaintiff never saw the allegedly fraudulent

7

1  statements on Allstate's website, and therefore could not have relied upon them. Plaintiff opposes,

2  arguing that her UCL fraud claim is largely based on Defendants' omissions. Namely, Defendants

3  never disclosed their use of ED in generating their rating factors. Had Defendants disclosed this

4  material fact, Plaintiff contends the disclosure would have influenced her decision to remain an

5  Allstate customer. The Court agrees. The law unequivocally "imposes an actual reliance requirement

6  on plaintiffs prosecuting a private enforcement action under the UCL's fraud prong." *In re Tobacco*

7  *II Cases*, 46 Cal.4th 298, 326 (2009). In that regard, the FAC plausibly alleges that Defendants'

8  omission with respect to its use of ED "played a substantial part, and so [was] a substantial factor, in

9  influencing [Plaintiff's] decision" to purchase insurance through Allstate. *Id.* Accordingly,

10  Defendants' motion on this ground is **DENIED**.

    **B.  Claims Not Legally Cognizable**

12  Defendants move to dismiss the Fourth and Sixth Causes of Action on the grounds that neither

13  unjust enrichment nor violation of Insurance Code section 1861.10 is a legally cognizable claim under

14  California law.

    *1.Unjust Enrichme   nt*

16  First, Defendants move to dismiss the Fourth Cause of Action on the basis that unjust

17  enrichment is not a separate cause of action under California law. *See Walker v. USAA Casualty Ins.*

18  *Co.*, 474 F.Supp.2d 1168, 1174 (E.D.Cal. 2011) (claim for unjust enrichment not cognizable under

19  California law). California authorities consistently recognize a common law claim based on

20  principles of reimbursement and restitution due to unjust enrichment. *See, e.g. Hartford Cas. Ins. Co.*

21  *v. J.R. Mktg., L.L.C.*, 61 Cal.4th 988, 998 (2015) (discussing cause of action for unjust enrichment

22  entitling plaintiff to reimbursement); *Hirsch v. Bank of Am.*, 107 Cal.App.4th 708, 721-22 (2003)

23  (plaintiffs stated "a valid cause of action for unjust enrichment based on" defendants' unjust retention

24  of fees at the expense of plaintiffs); *Lectrodryer v. SeoulBank*, 77 Cal.App.4th 723, 726 (2000)

25  (plaintiff "satisfied the elements for a claim of unjust enrichment" by alleging receipt and unjust

26  retention of a benefit at the expense of another); *see also* Restatement (Third) of Restitution and

27  Unjust Enrichment § 1 (2011) ("A person who is unjustly enriched at the expense of another is subject

28  to liability in restitution."). Moreover, the Ninth Circuit recently affirmed that a complaint alleging a

quasi-contract claim in restitution under California law should not be dismissed for failure to state a claim under Rule 12(b)(6). *See Astiana v. Hain Celestial Group, Inc.*, 783 F.3d 753, 762 (9th Cir. 2015) ("a court may 'construe [unjust enrichment] cause of action as a quasi-contract claim seeking restitution") (quoting *Rutherford Holdings, LLC v. Plaza Del Rey*, 223 Cal.App.4th 221, 231 (2014)). Whether properly titled "unjust enrichment" or "quasi-contract," Plaintiff has stated a viable claim for relief under California law. Defendants' motion on this basis is therefore **DENIED**.

### 2. Violation of Insurance Code Section 1861.10

With respect to the Sixth Cause of Action, Defendants move to dismiss on grounds that Insurance Code section 1861.10 does not create a private of action. The California Court of Appeals has twice agreed with Defendants' position, holding that no private right of action exists under Section 1861.10. *Farmers Ins. Exchange v. Superior Court*, 137 Cal.App.4th 842 (2006) (Section 1861.10 did not create private cause of action); *MacKay v. Superior Court*, 188 Cal.App.4th 1427, 1446 n. 14 (2010) (reiterating *Farmers* holding that Section 1861.10 "simply increased the *standing* to use procedures already extant; it did not create a private right of action") (emphasis in original). Moreover, Plaintiff's counsel conceded at oral argument that the Sixth Cause of Action does not provide any additional relief as a practical matter. Consequently, Defendants' motion on this ground is **GRANTED**. Plaintiff's Sixth Cause of Action is **DISMISSED WITH PREJUDICE**.

### C. Exclusive Jurisdiction of the Commissioner

Defendants contend that Insurance Code section 1860.1 ("Section 1860.1") bars Plaintiff's claims as within the exclusive jurisdiction of the Commissioner. Section 1860.1 is a so-called immunity statute that prohibits private causes of action against an insurer challenging their use of auto insurance rates approved by the Commissioner:

> No act done, action taken or agreement made pursuant to the authority conferred by this chapter shall constitute a violation of or grounds for prosecution or civil proceedings under any other law of this State heretofore or hereafter enacted which does not specifically refer to insurance.

United States District Court
Northern District of California

Cal. Ins. Code. § 1860.1. However, Insurance Code section 1861.03 ("Section 1861.03"), enacted after Section 1860.1 by Proposition 103, explicitly makes the business of insurance subject to California laws applicable to any other businesses. It states, in pertinent part:

> The business of insurance shall be subject to the laws of California applicable to any other business, including, but not limited to, the Unruh Civil Rights Act (Sections 51 to 53, inclusive of the Civil Code), and the antitrust and *unfair business practices laws* (Parts 2 (commencing with Section 16600) and 3 (commencing with Section 17500 of Division 7 of the Business and Professions Code).

Cal. Ins. Code. § 1861.03(a) (emphasis supplied).

Although Proposition 103 was approved more than forty years after the legislature codified Section 1860.1, it does not repeal the same, despite the apparent conflict between the two provisions. Courts seeking to reconcile these two seemingly contradictory provisions in the Insurance Code have drawn a distinction between challenges to rates and rating factors approved by the Commissioner on the one hand, and the application of underwriting guidelines on the other. *See Walker v. Allstate Indem. Co.*, 77 Cal.App.4th 750 (2000) (Section 1860.1 immunity continues to bar challenges to ratemaking decisions under the UCL and tort claims in the wake of Proposition 103); *Donabedian v. Mercury Ins. Co.*, 116 Cal.App.4th 968 (2004) (distinguishing *Walker* to hold that a challenge to an insurer's "rating factors and class plan, *as applied*, violated [other provisions of] Proposition 103" are viable and not subject Section 1860.1 immunity) (emphasis in original); *MacKay v. Superior Court*, 188 Cal.App.4th 1427 (2010) (Section 1860.1 bars claim under UCL to challenge insurer's use, not application, of approved rating factor).

These cases, taken together, conclude that challenges to the ratemaking process itself still remain within the exclusive jurisdiction of the Commissioner pursuant to Section 1860.1. As the *MacKay* court concisely stated: "Insurance Code 1860.1 exempts from other California laws acts done and actions taken pursuant to the ratemaking authority conferred by the ratemaking chapter, *including the charging of a preapproved rate.*" *MacKay*, 188 Cal.App.4th at 1443 (emphasis in original). The same is recognized by courts in this District. *See King v. Nat'l General Ins. Co.*, --F.Supp.3d--, 2015 WL 5440826, at *6 (N.D.Cal. Sept. 15, 2015) ("The weight of authority in this district and the California Court of Appeals harmonizes Sections 1860.1 and [1861.03] by narrowly construing the

1   Section 1860.1 immunity … As harmonized, challenges to the reasonableness of an approved rate fall

2   within the exclusive ambit of the chapter and are exempt from the requirements of other laws")

3   (quoting *Ellsworth v. U.S. Bank, N.A.*, 908 F.Supp.2d 1063, 1082 (N.D.Cal. 2012)).

4       Plaintiff offers two arguments in opposition. First, Plaintiff contends the *Walker* and *MacKay*

5   courts simply got it wrong; Section 1860.1 immunity did not survive Proposition 103. In Plaintiff's

6   view, *Walker* and *MacKay* ignore both the plain language in Section 1861.03 and also the California

7   Supreme Court's holding in *Farmers v. Superior Court*, 2 Cal.4th 377 (1992). In *Farmers*, the

8   California Attorney General alleged that Farmers refused to offer a good driver discount policy, in

9   violation of the Insurance Code. *Id.* However, *Farmers* did not address immunity under Section

10   1860.1. Rather, the California Supreme Court addressed only a very narrow issue: whether the

11   doctrine of primary jurisdiction applied such that the case should be stayed pending an administrative

12   process. *Id.* Moreover, and as the *Walker* court noted, the California Supreme Court has continued to

13   recognize the existence of statutory exceptions for ratemaking decisions following *Farmers*. *See, e.g.,*

14   *Quelimane Co., Inc. v. Stewart Title Guaranty Co.*, 19 Cal.4th 26, 33, 44-45 (1998) (in the title

15   insurance context, noting that "the Insurance Code does not displace the UCL except as to title

16   company activities related to rate setting"). Plaintiff fails to cite any case agreeing with her view that

17   *Walker* and *MacKay* are unsound.[1] This argument simply does not persuade.

18       Second, if *MacKay* controls, Plaintiff contends her claims falls within a category the *MacKay*

19   court recognized would not be within the exclusive jurisdiction of the Commissioner. The *MacKay*

20   court acknowledged that "if the underlying conduct challenged was not the charging of an approved

21   rate, but the *application* of an unapproved underwriting guideline, [Section 1860.1] would not be

22   applicable." 188 Cal.App.4th at 1450. The court explained:

23           It is possible for an insurance carrier to file with the DOI a rate filing

24           and class plan that satisfies all of the ratemaking components of the
        regulations, and still result in a violation of the Insurance Code *as*

25           *applied*. Such a situation would not involve a question of rates, but

26           rather, it could easily involve the very separate, factual question of how

27

28       [1] To the contrary, Plaintiff submitted a supplemental authority following oral argument that
explicitly followed the reasoning in *MacKay*. (*See* Dkt. No. 42.)

11

the components of the class plan are applied toward members of the public.

*Id.* (alterations and quotations omitted) (quoting *Donabedian*, 116 Cal.App.4th at 992). Plaintiff argues that her claims are not to rates themselves (and therefore subject to Section 1860.1) insofar as the Commissioner did not approve Defendants' use of ED as a rating factor. The Court disagrees.

The gravamen of Plaintiff's allegations is a challenge to approved rates and not the application thereof. As Plaintiff's counsel conceded at oral argument, ED is a selection tool allegedly used by Defendants to choose and calculate factors and rates to submit to the Commissioner for approval. Plaintiff does not – and it seems cannot – allege that ED was taken into consideration after approval when Defendants were applying their approved class plan. Tellingly, Plaintiff is unable to allege that she paid a premium higher than would be calculated using the rate and class plan approved by the Commissioner. If Defendants used ED as an additional, undisclosed, and unapproved rating factor, Plaintiff should be able to allege that she was charged an unapproved rate. Plaintiff's inability to so allege shows that her challenge is to the Commissioner's approval process itself, which is precisely the type of claim Section 1860.1 still protects from litigation. *See MacKay*, 188 Cal.App.4th at 1450.

Based on the foregoing, the Court finds that Plaintiff's claims are likely barred by Section 1860.1 and subject to the exclusive jurisdiction of the Commissioner.[2] The Court, however, heeds the expertise of the Commissioner and recognizes that the Commissioner is in the best position to determine whether Plaintiff in fact challenges approved rates within DOI's exclusive jurisdiction. The Court therefore declines to dismiss Plaintiff's claims pursuant to Section 1860.1 at this juncture. For the reasons discussed more fully in Section III.D below, the Court finds that the more prudent course is to stay the litigation pending action by the Commissioner.

///

///

---

[2] Plaintiff's Third Cause of Action for violation of the UCL fraudulent prong and Fifth Cause of Action for violation of the FAL, however, cannot be immune from suit under Section 1860.1. As the court noted in *MacKay*, "a claim that directly challenges some other activity, such as false advertising…is not rate regulation." 188 Cal.App.4th at 1444.

United States District Court
Northern District of California

**D. Primary Jurisdiction of the Commissioner**

Alternatively, Defendants argue that any claims not dismissed should be stayed pending proceedings before the Commissioner under the doctrine of primary jurisdiction.[3]  The primary jurisdiction doctrine "enhances court decisionmaking and efficiency by allowing courts to take advantage of administrative expertise, and it helps assure uniform application of regulatory laws." *Farmers*, 2 Cal.4th at 391.  When it is invoked, judicial proceedings are stayed pending administrative procedures, not dismissed.  Application of the doctrine is highly discretionary.

In *Farmers*, the State filed suit against multiple insurers alleging violations of the UCL.  Based thereon, the California Supreme Court found application of the primary jurisdiction doctrine appropriate given that the "Insurance Commissioner has at his disposal a pervasive and self-contained system of administrative procedure to deal with the precise questions involved [there]in." *Id.* at 397 (internal quotations and citations omitted).  Because resolution of the questions presented in the *Farmers* complaint "mandate[d] exercise of expertise presumably possessed by the Insurance Commissioner, and pose[d] a risk of inconsistent application of the regulatory statutes if courts are forced to rule on such matters without benefit of the views of the agency charged with regulating the insurance industry," deference to DOI was appropriate.  *Id.* at 399.

Plaintiff contends that a stay is not reasonable or necessary here under the circumstances.  Although both *Farmers* and this case involve allegations of insurers using unlawful rating factors, Plaintiff contends that the allegations there were more complex than those at issue here.  The Court disagrees.  At bottom, Plaintiff challenges the criteria Defendants take into account when formulating their class plan for approval by the Commissioner.  In Plaintiff's view, Defendants should have disclosed ED as a rating factor to the Commissioner when they submitted their class plan.  (FAC ¶ 35.)  These are precisely the types of claims that implicate "questions involving insurance rate making [that] pose issues for which specialized agency fact-finding and expertise is needed in order to both resolve complex factual questions and provide a record for subsequent judicial review." *Id.* at 397.

---

[3] Defendants also contend, in the alternative, that Plaintiff cannot bring her claims because she failed to exhaust her administrative remedies.  This argument necessarily fails.  The California Supreme Court in *Farmers*, *supra*, unequivocally held that claims "originally cognizable in the courts," such as UCL and FAL claims, are not subject to administrative exhaustion.  2 Cal.4th at 391.

United States District Court

Northern District of California

1  Were this Court "to rule on such matters without benefit of the views of the agency charged with

2  regulating the insurance industry" an unavoidable "risk of inconsistent application of the regulatory

3  statutes" would arise. *Id.* at 398. For these reasons, the Court finds that the Commissioner "is best

4  suited initially to determine whether his or her own regulations pertaining to compliance have been

5  faithfully adhered to by an insurer." *Id.* at 399.

6  Defendants' motion to stay proceedings pursuant to the Commissioner's primary jurisdiction

7  is **GRANTED** as to all remaining causes of action, *i.e.* the First through Fifth Causes of Action. The

8  Court **STAYS** these proceedings pending action by the Commissioner.

9  **IV.   CONCLUSION**

10  For the reasons set forth above, the motion to dismiss is **GRANTED IN PART** as follows:

11  1. First Cause of Action for violation of the UCL "unlawful" prong is **STAYED** under the

12      doctrine of primary jurisdiction pending action by the DOI Commissioner;

13  2. Second Cause of Action for violation of the UCL "unfair" prong is **STAYED** under the

14      doctrine of primary jurisdiction pending action by the DOI Commissioner;

15  3. Third Cause of Action for violation of the UCL "fraudulent" prong is **STAYED** under the

16      doctrine of primary jurisdiction pending action by the DOI Commissioner;

17  4. Fourth Cause of Action for unjust enrichment is **STAYED** under the doctrine of primary

18      jurisdiction pending action by the DOI Commissioner;

19  5. Fifth Cause of Action for violation of the FAL is **STAYED** under the doctrine or primary

20      jurisdiction pending action by the DOI Commissioner; and

21  6. Sixth Cause of Action for violation of Cal. Ins. Code section § 1861.10 is **DISMISSED WITH**

22      **PREJUDICE** for failure to state a claim.

23  This Order terminates Docket Number 28.

24  **IT IS SO ORDERED.**

25  Dated: March 17, 2016

26  YVONNE GONZALEZ ROGERS
27  **UNITED STATES DISTRICT COURT JUDGE**

28

*United States District Court
Northern District of California*

**PROOF OF SERVICE**
**In the Matter of the Rating Practices of**
**Allstate Insurance Company and Allstate Indemnity Company, Applicants.**
**CDI File No. NC-2018-00001**

I am over the age of eighteen years and am not a party to the within action. I am an employee of the Department of Insurance, State of California, employed at 45 Fremont Street, 21st Floor, San Francisco, California 94105. On April 27, 2018, I served the following document(s):

**NOTICE OF HEARING with Exhibit A: U.S. D.C., Northern District of California Case No.: 15-cv-04788-YGR –** *Andrea Stevenson vs. Allstate Insurance Co., et al.***, ORDER ON MOTION TO DISMISS FIRST AMENDED COMPLAINT**

on all persons named on the attached Service List, by the method of service indicated, as follows:

If **U.S. MAIL** is indicated, by placing on this date, true copies in sealed envelopes, addressed to each person indicated, in this office's facility for collection of outgoing items to be sent by mail, pursuant to Code of Civil Procedure Section 1013. I am familiar with this office's practice of collecting and processing documents placed for mailing by U.S. Mail. Under that practice, outgoing items are deposited, in the ordinary course of business, with the U.S. Postal Service on that same day, with postage fully prepaid, in the city and county of San Francisco, California.

If **OVERNIGHT SERVICE** is indicated, by placing on this date, true copies in sealed envelopes, addressed to each person indicated, in this office's facility for collection of outgoing items for overnight delivery, pursuant to Code of Civil Procedure Section 1013. I am familiar with this office's practice of collecting and processing documents placed for overnight delivery. Under that practice, outgoing items are deposited, in the ordinary course of business, with an authorized courier or a facility regularly maintained by one of the following overnight services in the city and county of San Francisco, California: Express Mail, UPS, Federal Express, or Golden State overnight service, with an active account number shown for payment.

If **EMAIL** is indicated, by electronic mail transmission this date to the email address(es) stated.

If **FAX SERVICE** is indicated, by facsimile transmission this date to fax number stated for the person(s) so marked.

If **PERSONAL SERVICE** is indicated, by hand delivery this date.

If **INTRA-AGENCY MAIL** is indicated, by placing this date in a place designated for collection for delivery by Department of Insurance intra-agency mail.

Executed this date at San Francisco, California. I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

_____
Christine Warren

#1070822.1

1

2

3

4

**SERVICE LIST**
**In the Matter of the Rating Practices of**
**Allstate Insurance Company and Allstate Indemnity Company, Applicants.**
**CDI File No. NC-2018-00001**

5

<u>Name/Address</u>                                                  <u>Method of Service</u>

6     Kathleen Birrane, Esq.                                                  Via Email
      Attorney(s) for Defendants
7     Allstate Insurance Company and
      Allstate Indemnity Company
8     **DLA Piper LLP (US)**
      The Marbury Building
9     6225 Smith Avenue
      Baltimore, MD  21209-3600
10    Tel. No.:  (410) 580-3000
      Fax No:  (410) 580-3665
11    Emails:  Kathleen.Birrane@DLAPiper.com

12

13    David Borgen, Esq.                                                  Via Email

14    James Kan, Esq.
      Attorneys for Plaintiff
15    **GOLDSTEIN, BORGEN, DARDARIAN & HO**
      300 Lakeside Drive, Suite 1000
16    Oakland, CA  94612
      Tel. No.  (510) 763-9800
17    Fax No. (510) 835-1417
18    Emails:  dborgen@gbdhlegal.com
              jkan@gbdhlegal.com
19

20    Jay Angoff, Esq.                                                  Via Email

21    Cyrus Mehri, Esq.
      Steven Skalet, Esq.
22    Attorneys for Plaintiff
      **MEHRI & SKALET PLLC**
23    1250 Connecticut Ave. NW, Suite 300
      Washington, DC 20036
24    Tel:  (202) 822-5100
      Fax:  (202) 822-4997
25    Emails:  jay.angoff@findjustice.com
              cyrus@findjustice.com
26            sskalet@findjustice.com

27

28

#1070822.1

| Name/Address | Method of Service |
|---|---|
| | |

**Name/Address**                              **Method of Service**

Shannon Carson, Esq.                              Via Email
Peter Kahana, Esq.
Jeff Osterwise, Esq.
Attorneys for Plaintiff
**BERGER & MONTAGUE, P.C.**
1622 Locust Street
Philadelphia, PA 19103
Tel: (215) 875-3000
Fax No: (215) 875-4613
Emails:  scarson@bm.net
         pkahana@bm.net
         josterwise@bm.net


Jonathan K. Tycko, Esq.                              Via Email
Andrea Gold, Esq.
Attorneys for Plaintiff
**TYCKO & ZAVAREEI LLP**
1828 L. Street, NW, Suite 1000
Washington, DC 20036
Tel: (202) 973-0900
Fax No: (202) 973-0950
Emails: jtycko@tzlegal.com
        agold@tzlegal.com


Vivian Imperial, Agent for Service of Process          Via Certified Mail
c/o C T Corporation System                    # 7017 0530 0000 3573 4128
818 West Seventh Street, Suite 930
Los Angeles, CA 90017



**NON-PARTY**

Edward Wu                                        Via Email
Staff Counsel & Public Advisor
Office of the Public Advisor
CALIFORNIA DEPARTMENT
OF INSURANCE
300 South Spring Street, 12th Floor
Los Angeles, CA 90013
Tel. No.: (213) 346-6635
Fax No.: (213) 897-9241
Email: Edward.wu@insurance.ca.gov

Exhibit B

**DEPARTMENT OF INSURANCE**
**ADMINISTRATIVE HEARING BUREAU**
**45 Fremont Street, 22ⁿᵈ Floor**
**San Francisco, CA  94105**
**Telephone:  (415) 538-4251 or (415) 538-4243**
**FAX No.: (415) 904-5854**

## BEFORE THE INSURANCE COMMISSIONER

## OF THE STATE OF CALIFORNIA

In the Matter of the Rating Practices of          )
                                                  )    FILE NO.: NC-2018-00001
**ALLSTATE INSURANCE COMPANY**                    )
**and ALLSTATE INDEMNITY COMPANY,**               )
                                                  )
                    Respondents.                  )
_____          )

## NOTICE OF SCHEDULING CONFERENCE AND ORDER

TO THE PARTIES, THEIR COUNSEL, AND ALL INTERESTED PARTIES:

Please take notice that Chief Administrative Law Judge Kristin L. Rosi will

conduct a scheduling conference on **August 1, 2018, at 1 p.m.**, in the Department of

Insurance's hearing room, located on the 22ⁿᵈ Floor at 45 Fremont Street, in San

Francisco, California.

**I.    Conference Topics**

Given the depth and breadth of scheduling concerns and the necessity for a timely

hearing in this matter, the parties shall meet and confer prior to the commencement of the

Scheduling Conference to discuss discovery, depositions and each of the following

topics.

(1)  date for the commencement of the evidentiary hearing;

(2)  issues of fact to be resolved through the hearing process;

(3)  applicable procedural and substantive law;

(4)  allocation of the burden of proof and order of presentation of evidence at the
     hearing;

(5)  scope of discovery and permissible discovery devices;

(6)  discovery schedule, required form of discovery objections, procedure for
     resolution of discovery disputes, and schedule for discovery motions;

(7)  requirements for filing and service of documents;

(8)  filing of exhibit lists, the marking and management of hearing exhibits and
     the duty to continually update exhibits and exhibit lists;

(9)  stipulations to admission of exhibits into evidence;

(10)  pre-hearing motions; procedure and schedule; required form of motions;

(11)  the potential for a protective order for confidential or proprietary
      information;

(12)  post-hearing briefing schedule;

(13)  any other matters which may promote the orderly and prompt conduct of
      prehearing procedures and conduct of the hearing; and

(14)  any additional issues the parties may wish to discuss.

## II.    Joint Scheduling Conference Statement

The parties shall file a Joint Scheduling Conference Statement containing
proposed evidentiary hearing dates, as well as a description of all other matters upon
which the parties' have reached agreement, including but not limited to: a discovery

2

schedule, filing of exhibits, witness designation, potential pre-hearing motions. The Joint
Scheduling Conference Statement shall be filed no later than July 25, 2018.

## ORDER

Accordingly, and for good cause, IT IS ORDERED that:

1. All parties shall participate in a Scheduling Conference on **August 1, 2018, at**

**1 p.m.,** in the Department of Insurance's hearing room, located on the 22nd Floor at 45

Fremont Street, in San Francisco, California.

2. On or before **July 25, 2018**, all parties shall meet and confer to select dates for

conducting pre-evidentiary hearing matters, the commencement of the evidentiary

hearing and all other matters listed under Section I, Conference Topics.

3. On or before **July 25, 2018**, the parties shall file and serve a Joint Scheduling

Conference Statement containing proposed dates for the commencement of the

evidentiary hearing and any other matters upon which the parties' have reached

agreement.

4. Any party wishing to participate in the scheduling conference by telephone

shall file and serve its written request no later than **July 25, 2018.**

Dated: June 4, 2018

**KRISTIN L. ROSI**
Chief Administrative Law Judge
Administrative Hearing Bureau
California Department of Insurance

3

## DECLARATION OF SERVICE BY MAIL (AND FAX)

Case Name/No.:    **In the Matter of the Rating Practices of:**
**ALLSTATE INSURANCE COMPANY AND**
**ALLSTATE INDEMNITY COMPANY**
**FILE NO. NC-2018-00001**

### I, __CARMENCITA O. MALBOG__ , declare that:

I am employed in the County of San Francisco, California. I am over the age of 18 years and not a party to this action. My business address is State of California, Department of Insurance, Administrative Hearing Bureau, 45 Fremont Street, 22nd Floor, San Francisco, California, 94105.

I am readily familiar with the business practices of the San Francisco Office of the California Department of Insurance for collection and processing of correspondence for mailing with the United States Postal Service. Said ordinary business practice is that correspondence is deposited with the United States Postal Service that same day in San Francisco, California.

| X |    On June 4, 2018 , following ordinary business practices, I caused a true and correct copy of the following document(s):

### NOTICE OF SCHEDULING CONFERENCE AND ORDER

to be placed for collection and mailing at the office of the California Department of Insurance at 45 Fremont Street, San Francisco, California, with proper postage prepaid, in a sealed envelope(s) addressed as follows:

### (SEE ATTACHED SERVICE LIST)

| X |    In addition, on June 4, 2018, I also faxed a copy of said document to all parties where indicated to the FAX number which is printed under each address on this Declaration.

I declare under penalty of perjury that the foregoing is true and correct, and that this declaration was executed at San Francisco, California, on June 4, 2018.

June 4, 2018
DATE

_cm_

CARMENCITA O. MALBOG

## PARTY SERVICE LIST
## FILE NO.NC-2018-00001

Kathleen Birrane, Esq.
**DLA PIPER LLP (US)**
The Marbury Building
6225 Smith Avenue
Baltimore, MD 21209-3600
Tel. No.: (410) 580-3000
FAX No.: (410) 580-3665
Kathleen.Birrane@DLAPiper.com

Attorney for Defendants
Allstate Insurance Co.

David Borgen, Esq.
James Kan, Esq.
**GOLDSTEIN, BORGEN, DARDARIAN & HO**
300 Lakeside Drive, Suite 1000
Oakland, CA 94612
Tel. No.: (510) 763-9800
FAX No.: (510) 835-1417
dborgen@gbdhlegal.com
jkan@gbdhlegal.com

Attorneys for Plaintiff

Jay Angoff, Esq.
Cyrus Mehri, Esq.
Steven Skalet, Esq.
**MEHRI & SKALET PLLC**
1250 Connecticut Ave. NW, Suite 300
Washington, D.C. 20036
Tel. No.: (202) 822-5100
FAX No.: (202) 822-4997
jay.angoff@findjustice.com
cyrus@findjustice.com
sskalet@findjustice.com

Attorneys for Plaintiff

Shannon Carson, Esq.
Peter Kahana, Esq.
Jeff Osterwise, Esq.
**BERGER & MONTAGUE, P.C.**
1622 Locust Street
Philadelphia, PA 19103
Tel. No.: (215) 875-3000
FAX No.: (215) 875-4613
scarson@bm.net
pkahana@bm.net
josterwise@bm.net

Attorneys for Plaintiff

2

## PARTY SERVICE LIST
## FILE NO.NC-2018-00001

Jonathan K. Tycko, Esq.                              Attorneys for Plaintiff
Andrea Gold, Esq.
**TYCKO & ZAVAREEI LLP**
1828 L Street, NW, Suite 1000
Washington, DC  20036
Tel. No.: (202) 973-0900
FAX No.: (202) 973-0950
jtycko@tzlegal.com
agold@tzlegal.com

Robert Binion, Esq.                                  Attorneys for California
Jennifer McCune, Esq.                                Department of Insurance
Daniel Goodell, Esq.
Legal Division, Rate Enforcement Bureau
**CALIFORNIA DEPARTMENT OF INSURANCE**
45 Fremont Street, 21st Floor
San Francisco, CA  94105
Tel. No. : (415) 538-4112
FAX No.  : (415) 904-5490
Robert.Binion@insurance.ca.gov
Jennifer.McCune@insurance.ca.gov

## NON-PARTY

Edward Wu                                            (E-Mail)
Staff Counsel & Public Advisor
Office of the Public Advisor
**CALIFORNIA DEPARTMENT OF INSURANCE**
300 South Spring Street, 12th Floor
Los Angeles, CA  90013
Tel. No.: (213) 346-6635
FAX No.: (213) 897-9241
Edward.wu@insurance.ca.gov

3