David Borgen (SBN 99354)
dborgen@gbdhlegal.com
James Kan (SBN 240749)
jkan@gbdhlegal.com
GOLDSTEIN, BORGEN, DARDARIAN & HO
300 Lakeside Drive, Suite 1000
Oakland, CA  94612
Tel:  (510) 763-9800
Fax:  (510) 835-1417

Jay Angoff (D.C. Bar 248641)
Cyrus Mehri (D.C. Bar 420970)
Steven Skalet (D.C. Bar 359804)
MEHRI & SKALET PLLC
1250 Connecticut Avenue NW, Suite 300
Washington, DC 20036
Tel:  (202) 822-5100
Fax: (202) 822-4997

Attorneys for Plaintiff
*(Additional Counsel listed on Signature Page)*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDREA STEVENSON,<br><br>             Plaintiff,<br><br>vs.<br><br>ALLSTATE INSURANCE CO., and ALLSTATE INDEMNITY CO.,<br><br>             Defendant(s). | Case No.: 4:15-cv-04788-YGR<br><br>**JOINT STATUS REPORT**<br><br>Hon. Yvonne Gonzalez Rogers |

Pursuant to the Clerk's Notice Continuing Compliance Hearing (Dkt. No. 48), Plaintiff Andrea Stevenson ("Plaintiff") and Defendants Allstate Insurance Co. and Allstate Indemnity Co. (together, "Defendants") hereby submit this joint status update.

On March 30, 2018, and July 6, 2018, the parties filed Joint Status Reports in connection with the California Department of Insurance's ("CDI") Notice of Hearing before the CDI's Administrative Hearing Bureau. (Dkt. Nos. 45 and 47).  The parties incorporate those reports by reference and provide the following updates.

On July 25, 2018, counsel for Plaintiff, Defendants, and the CDI submitted a Joint Scheduling Conference Statement to Chief Administrative Law Judge Kristin L. Rosi that included the parties' positions regarding the schedule for the administrative hearing.

On August 1, 2018, counsel for Plaintiff, Defendants, and the CDI participated in an initial scheduling conference before Judge Rosi.  Judge Rosi reviewed and considered the parties' Joint Scheduling Conference Statement as well as the statements at the initial scheduling conference.  Judge Rosi issued a Post-Scheduling Conference Order on August 23, 2018 (served August 24, 2018), establishing a discovery schedule and providing for a second scheduling conference on January 10, 2019. A copy of this Oder is attached as Exhibit A.

Still pending before the Commissioner is Allstate's June 25, 2018 objection to Plaintiff's participation in the CDI's investigatory hearing.

Dated:  August 24, 2018

GOLDSTEIN, BORGEN, DARDARIAN & HO

_/s/_ David Borgen
David Borgen

Peter Kahana (admitted *pro hac vice*)
Jeff Osterwise (PA Bar 201589)
BERGER & MONTAGUE, P.C.
1622 Locust Street
Philadelphia, PA  19103
Tel:  (215) 875-3000
Fax:  (215) 875-4613

Jonathan K. Tycko (D.C. Bar 45851)
Andrea R. Gold (admitted *pro hac vice*)
TYCKO & ZAVAREEI LLP
2000 L Street NW, Suite 808
Washington, DC 20036
Tel:  (202) 973-0900
Fax:  (202) 973-0950

Attorneys for Plaintiff

DLA PIPER LLP (US)

EAST\158594911.1

1

   */s/* Michael P. O'Day

2  Michael P. O'Day (admitted *pro hac vice*)
   michael.oday@dlapiper.com

3  Kathleen A. Birrane (admitted *pro hac vice*)
   kathleen.birrane@dlapiper.com

4  DLA PIPER LLP (US)
   6225 Smith Avenue

5  Baltimore, Maryland  21209
   Tel:  410.580.3000

6  Fax:  410.580.3001

7  Eliot R. Hudson (Bar No. 66251)
   eliot.hudson@dlapiper.com

8  DLA PIPER LLP (US)
   555 Mission Street, Suite 2400

9  San Francisco, California  94105-2933
   Tel:  415.836.2500

10 Fax:  415.836.2501

11 Attorneys for Defendants
   Allstate Insurance Company and Allstate Indemnity

12 Company

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT A

**DEPARTMENT OF INSURANCE**
**ADMINISTRATIVE HEARING BUREAU**
**45 Fremont Street, 22nd Floor**
**San Francisco, CA 94105**
**Telephone: (415) 538-4251 or (415) 538-4243**
**FAX No.: (415) 904-5854**

## BEFORE THE INSURANCE COMMISSIONER

## OF THE STATE OF CALIFORNIA

In the Matter of the Rating Practices of          )
                                                  )
**ALLSTATE INSURANCE COMPANY**                    )
**and ALLSTATE INDEMNITY COMPANY,**               )
                                                  )
                              Respondents.         )
_____)

FILE NO.: NC-2018-00001

## POST-SCHEDULING CONFERENCE ORDER

On August 1, 2018, Chief Administrative Law Judge (CALJ) Kristin L. Rosi held

a scheduling conference in the Department of Insurance Hearing Room located at 45

Fremont Street, 22nd Floor in San Francisco, California. Kathleen Birrane, Esq., Michael

O'Day, Esq. and Neill Thupari, Esq. of DLA Piper LLP, appeared on behalf of

Respondents Allstate Insurance Company and Allstate Indemnity Company (Allstate).

Jennifer McCune, Esq., Robert Binion, Esq. and Jonathan Phenix, Esq. appeared on

behalf of the California Department of Insurance (CDI). Jay Angoff, Esq. of Mehri &

Skalet PLLC, and Andrea Gold, Esq. of Tycko & Zavareei LLP, appeared on behalf of

Intervenor Andrea Stevenson.[1]

_____

[1] Allstate has challenged Ms. Stevenson's Intervenor status and is awaiting the Public Advisor's ruling. In
addition, on August 22, 2018, Consumer Watchdog filed a Petition to Participate and Notice of Intent to
Seek Compensation. On August 23, 2018, Allstate indicated its intent to object to Consumer Watchdog's
participation.

## I.    Background

On October 15, 2015, Andrea Stevenson filed a complaint in the United States

District Court, for the Northern District of California alleging Allstate violated Insurance

Code section 1861.10 by impermissibly calculating auto insurance premiums based on

"elasticity of demand."[2] On November 23, 2015, Allstate filed a motion to dismiss

arguing the Insurance Commissioner had exclusive jurisdiction over the Plaintiffs' claims

or, in the alternative, that the matter be stayed pursuant to the primary jurisdiction

doctrine.

On March 17, 2016, the District Court granted, in part, Allstate's motion to

dismiss with respect to one of Ms. Stevenson's causes of action and stayed the remaining

causes of action pursuant to the primary jurisdiction doctrine pending proceedings before

the California Insurance Commissioner. The Court held the Commissioner is "best suited

initially to determine whether his or her own regulations pertaining to compliance" have

been adhered to. [3]

In May 2016, CDI began an investigation into Allstate's alleged use of price

optimization. On April 28, 2018, after a nearly two-year investigation, the CDI issued a

Notice of Hearing pursuant to Insurance Code sections 12921 and 12926, and California

Code of Regulations, title 10, section 2615.2. The Notice of Hearing states the

Commissioner shall hold a hearing on (1) whether Farmers has violated California

insurance law by using illegal price optimization; (2) how Farmers implemented any such

illegal price optimization in its rate and/or class plan; and (3) how any such illegal price

---

[2] *Stevenson v. Allstate Insurance Company and Allstate Indemnity Company*, U.S. Dist. Ct (NDCA), Case No. 15-cv-04788-YGR.

[3] Order on Motion to Dismiss First Amended Complaint, page 14.

optimization impacted Farmers' policyholders.[4] The Notice of Hearing further provides that the hearing shall be conducted pursuant to the procedural rules set forth in California Code of Regulations, title 10, section 2615 et seq., as well as Code of Civil Procedure section 2016.010 and Government Code sections 11450.05 through 11450.50.

On July 31, 2018, the parties filed a Joint Scheduling Conference Statement in accordance with the CALJ's June 4, 2018 Order. The Joint Scheduling Conference Statement indicated the parties disagreed over the issues to be decided, the use of pre-filed direct testimony and the burden of proof. During the August 1, 2018 scheduling conference, the CALJ permitted oral argument on the disputed topics.

## II. Issues to be Determined in Hearing

The CDI and Ms. Stevenson assert the issues to be determined in this proceeding are those enumerated in the Commissioner's Notice of Hearing; (1) whether Farmers has violated California insurance law by using illegal price optimization; (2) how Farmers implemented any such illegal price optimization in its rate and/or class plan; and (3) how any such illegal price optimization impacted Farmers' policyholders. These parties request the CALJ resolve 10 issues of fact, including whether Farmers' class plan considered any factors other than risk.[5] In support of this argument, CDI expressed concern that limiting the issue to the phrases "price optimization" or "elasticity of demand" would not capture all of Respondents' data should Respondents employ different terms to represent that activity.[6] For example, CDI stated other carriers uses

---

[4] Notice of Hearing, 3:7-10.
[5] Joint Scheduling Conference Statement, 6:1-27.
[6] Tr. 16:11-25.

terms such as "retention, lifetime value or even something simple as propensity to pay" when referring to price optimization programs.[7]

Allstate suggests the CALJ use the Insurance Commissioner's 2015 Bulletin language to define price optimization or elasticity of demand.[8] Allstate expresses concern that absent a clear definition, the hearing's scope will broaden to whether Allstate has used any non-risk based factors in setting premium.[9]

Both parties raise valid concerns regarding the scope of this proceeding. The CALJ is sensitive to Allstate's concern that the proceeding not become a "fishing expedition" for any and all Insurance Code violations. But CDI's point regarding how carriers title their programs is also legitimate. The Notice of Hearing outlines the scope of this proceeding and the CALJ, as well as the parties, are bound by this framework. Accordingly, the CALJ defines the issues as follows: (1) whether Allstate has violated California insurance law by using illegal price optimization; (2) how Allstate implemented any such illegal price optimization in its rate and/or class plan; and (3) how any such illegal price optimization impacted Allstate's policyholders. These issues specifically include whether Allstate engaged in any illegal price optimization in formulating or implementing its approved class plan and rates. The phrase "price optimization" includes, but is not limited to, individual's or class's willingness to pay a higher premium relative to other individuals or classes.

## III. Burden of Proof

CDI and Ms. Stevenson assert they possess the burden of presenting a prima facie case by demonstrating that Allstate has considered factors other than the risk presented

---

[7] Tr. 17:2-3.
[8] Tr. 17-18:24-2.
[9] Tr. 15:15-21.

4

by the policyholder in determining premiums. These parties further assert that after they present their prima facie case, Allstate then bears the burden of demonstrating it did not consider factors other than policyholder risk.

Allstate notes the "burden of proof" and "prima facie case" are legal terms of art, and that no statute or regulation requires burden shifting in this proceeding.[10] Allstate further argues that CDI's definition of its burden again broadens the scope of this proceeding.[11]

The CALJ finds that CDI and Ms. Stevenson possess the burden of presenting a prima facie case that Allstate considered price optimization, elasticity of demand or any other price sensitivity factor, in determining premiums. After CDI and Ms. Stevenson present a prima facie case, Allstate bears the burden of demonstrating it did not consider price optimization, elasticity of demand or any other price sensitivity factor in determining premium.

## IV.    Pre-Filed Direct Testimony

CDI and Ms. Stevenson propose the use of pre-filed direct testimony for all non-adverse witnesses, as provided for in California Code of Regulations, title 10, section 2614.13.[12] Allstate contends this formula does not save time, as it opens up the possibility of motions to strike and additional briefing.[13] While the CALJ is mindful of Allstate's concerns, the use of pre-filed direct testimony reduces the number of trial objections, allows for more meaningful cross-examination and reduces the days of hearing.

---

[10] Tr. 29:12-13; Tr. 27:3-10.
[11] Tr. 27:11-16.
[12] Joint Scheduling Conference Statement, 8:18-21.
[13] Tr. 25:14-20.

5

Accordingly, the CALJ orders the parties to submit pre-filed direct testimony as discussed below.

## ORDER

Pursuant to the parties' Joint Scheduling Conference statement, oral argument presented at the scheduling conference, and the above discussion, IT IS HEREBY ORDERED:

## 1. Filing and Serving Documents:

All parties must file an original and one copy of all documents by mail to the Administrative Hearing Bureau. The parties shall file double-sided (flip-up) pre-hearing and post-hearing documents, unless otherwise ordered. The CALJ shall also accept pre-hearing and post-hearing documents filed by electronic mail, unless otherwise ordered. Electronically transmitted documents must be in .PDF format and shall be directed to Carmencita Malbog at Carmencita.malbog@insurance.ca.gov. Electronically filed documents must be received by 4:30 p.m. on the date the filings are due, and hard copies must also be placed in overnight mail by the filing deadline.

The parties shall complete filing and service on each other via electronic mail by 5:00 p.m. on the due date with no hard copy to follow.

## 2. Burden and Order of Proof:

CDI and Ms. Stevenson (collectively "Plaintiffs") have the burden of presenting a prima facie case that Allstate considered price optimization, elasticity of demand or any other price sensitivity factor, in determining premiums. After Plaintiffs present a prima facie case, Allstate bears the burden of demonstrating it did not consider price

6

optimization, elasticity of demand or any other price sensitivity factor in determining premium.

**3. Issues to be Resolved in this Proceeding:**

This hearing shall resolve the following issues: (1) whether Allstate has violated California insurance law by using illegal price optimization; (2) how Allstate implemented any such illegal price optimization in its rate and/or class plan; and (3) how any such illegal price optimization impacted Allstate's policyholders. These issues specifically include whether Allstate engaged in any illegal price optimization in formulating or implementing its approved class plan and rates. The phrase "price optimization" includes, but is not limited to, individual's or class's willingness to pay a higher premium relative to other individuals or classes.

**4. Discovery & Motions to Compel:**

The provisions of California Code of Regulations, title 10, section 2614.8 provide the right to and method of discovery in this proceeding, except as otherwise noted below.

**a. Requests for Discovery:**

The provisions of California Code of Regulations, title 10, section 2614.8 apply to this proceeding, except that the written response to any discovery request shall be served on the requesting party within 30 days of service of the discovery request.[14]

In addition, unless a party files a motion to compel discovery, discovery requests, responses thereto and lists of items not produced shall not be filed with the Administrative Hearing Bureau.

---

[14] Cal. Code of Regs., tit. 10, § 2614.8, subd. (c). This Order extends the responding party's time to comply with discovery requests.

7

**b. Depositions & Subpoenas:**

Witness depositions shall be permitted in the manner prescribed by law for depositions in civil actions under Title 4 (commencing with section 2016.010) of Part 4 of the Code of Civil Procedure.

Subpoenas shall be permitted under the procedures set forth in the California Administrative Procedure Act at Chapter 4, Article 11 (commencing with section 11450.05).

**c. Motions to Compel:**

Motions to compel discovery shall be governed by the California Code of Regulations, title 10, section 2614.9.

**5. Witness Designations:**

Witness designations shall be exchanged and filed at a date to be determined by the CALJ after the parties begin discovery. The exchange of witness information shall include the following:

(1) A list setting forth the name of any person who will be offering testimony;

(2) A brief narrative statement of the general substance of the testimony that each witness is expected to give;

(3) A brief narrative statement of the qualifications of each expert witness; and

(4) All discoverable reports and writings, if any, made by each expert witness.

Supplemental witness designations for rebuttal testimony shall be discussed at the conclusion of the presentation of direct evidence.

8

**6. Evidence; Examination of Witnesses:**

Oral evidence and the examination of witnesses shall be governed by California Code of Regulations, title 10, section 2614.17. In addition, any relevant evidence shall be admitted if it is the sort of evidence on which responsible persons are accustomed to rely in the conduct of serious affairs, regardless of the existence of any common law or statutory rule which might make improper the admission of the evidence over objection in civil actions.

**7. Prepared Direct Testimony & Motions to Strike:**

Prepared direct testimony of all non-adverse witnesses and motions to strike all or part of the testimony shall be governed by California Code of Regulations, title 10, section 2614.13, except as provided otherwise below.

Any party may file a motion to strike all or part of the testimony and object to admission of exhibits referenced in such testimony. Motions to strike shall be filed within five (5) business days of service of any prepared direct testimony.

The Administrative Law Judge shall rule on the motion to strike no later than five (5) business days after the hearing on the motion to strike.

**8. Additional Direct Testimony:**

Additional direct testimony shall be governed by California Code of Regulations, title 10, section 2614.14.

**9. Rebuttal Testimony**

Rebuttal testimony shall be governed by California Code of Regulations, title 10, section 2614.15.

9

**10.    Exhibits & Exhibit Lists**

The production of exhibits shall be governed by California Code of Regulations, title 10, section 2614.16.

In accordance with the Joint Scheduling Conference Statement, the parties shall use the following exhibit prefixes for all exhibits introduced in this matter, whether such exhibit is submitted in support of a motion, as part of the pre-hearing exhibits, or at the hearing:

California Department of Insurance:  D

Allstate:  A

Stevenson:  S

In the event Consumer Watchdog is granted Intervenor status, their exhibits will use the prefix "C."

In the event the Administrative Law Judge orders the production of evidence, those exhibits will use the prefix "B."

All pre-filed exhibits not stricken in connection with a motion to strike shall be deemed admitted. As to any additional exhibits, the CALJ shall rule on any objection to admission of the exhibit before the conclusion of the sponsoring witness' testimony. If the parties do not object to the admission of an exhibit, it shall be deemed admitted.

The parties shall file a joint exhibit list at a date to be determined by the CALJ and shall update that joint exhibit list at the conclusion of the evidentiary hearing.

**11.    Additional Evidence:**

The production of additional evidence as ordered by the Administrative Law Judge shall be governed by the California Code of Regulations, title 10, section 2614.21.

10

**12.    Official Notice:**

The provisions of California Code of Regulations, title 10, section 2614.18 shall

govern any and all requests or notices of official notice.

**13.    Post-Hearing Briefs:**

In accordance with agreement by the parties, post-hearing briefs shall be governed

by California Code of Regulations, title 10, section 2657.1.[15]

**14.    Evidentiary Hearing & Relevant Deadlines:**

All hearings shall take place in the Department of Insurance Hearing Room,

located at 45 Fremont Street, 22nd Floor, in San Francisco, California, unless otherwise

ordered. Counsel is permitted to appear telephonically for any pre-hearing motions.

Counsel shall make any requests to appear telephonically to Carmencita Malbog at the

electronic mail address listed above, at least two business days prior to the hearing.

The parties shall comply with the following deadlines unless superseded by a

subsequent Order.

| Serve First Requests for Production of Documents | September 4, 2018 |
|---|---|
| Respond to First Requests for Production of Documents and Provide Responsive Documents | October 4, 2018 |
| Meet and Confer re: Motion to Compel for First Requests for Production of Documents | October 18, 2018 |
| File Motion to Compel re: First Requests for Production of Documents | November 2, 2018 |
| Opposition to Motion to Compel First Requests for Production of Documents | November 9, 2018 |
| Hearing on Motion to Compel First Requests for | November 16, 2018 |

---

[15] Joint Scheduling Conference Statement, 10:25-28.

11

| Production of Documents | |
|---|---|
| Last Day for Order on Motion to Compel | November 21, 2018 |
| Last Day to Produce Documents pursuant to Order on Motion to Compel | November 30, 2018 |
| Serve Second Requests for Production of Documents | December 21, 2018 |
| Respond to Second Requests for Production of Documents and Provide Responsive Documents | January 22, 2019 |
| Meet and Confer re: Second Requests for Production of Documents | February 4, 2019 |
| File a Motion to Compel re: Second Requests for Production of Documents | February 18, 2019 |
| Opposition to Motion to Compel re: Second Requests for Production of Documents | February 25, 2019 |
| Hearing on Motion to Compel Second Requests for Production of Documents | March 6, 2019 |
| Last Day to Produce Document pursuant to Order on Motion to Compel | March 18, 2019 |

## 15.    Second Scheduling Conference

As discussed during the August 1, 2018 scheduling conference, the parties are

ordered to participate in a second scheduling conference on **January 10, 2019 at 10:00**

**a.m.** (Pacific Time). The parties shall be prepared to calendar dates for witness

designations, depositions, the filing of prepared direct testimony, motions to strike and

the evidentiary hearing. Notice of the conference shall follow under separate cover.

Dated:  August 23, 2018

**KRISTIN L. ROSI**
Chief Administrative Law Judge
Administrative Hearing Bureau

12

## DECLARATION OF SERVICE BY MAIL (AND FAX)

Case Name/No.: **In the Matter of the Rating Practices of:**
**ALLSTATE INSURANCE COMPANY AND**
**ALLSTATE INDEMNITY COMPANY**
**FILE NO. NC-2018-00001**

### I, __CARMENCITA O. MALBOG__, declare that:

I am employed in the County of San Francisco, California. I am over the age of 18 years and not a party to this action. My business address is State of California, Department of Insurance, Administrative Hearing Bureau, 45 Fremont Street, 22nd Floor, San Francisco, California, 94105.

I am readily familiar with the business practices of the San Francisco Office of the California Department of Insurance for collection and processing of correspondence for mailing with the United States Postal Service. Said ordinary business practice is that correspondence is deposited with the United States Postal Service that same day in San Francisco, California.

| X |        On August 24, 2018, following ordinary business practices, I caused a true and correct copy of the following document(s):

### POST-SCHEDULING CONFERENCE ORDER

to be placed for collection and mailing at the office of the California Department of Insurance at 45 Fremont Street, San Francisco, California, with proper postage prepaid, in a sealed envelope(s) addressed as follows:

### (SEE ATTACHED SERVICE LIST)

| X |        In addition, on August 24, 2018, I also faxed a copy of said document to all parties where indicated to the FAX number which is printed under each address on this Declaration.

I declare under penalty of perjury that the foregoing is true and correct, and that this declaration was executed at San Francisco, California, on August 24, 2018.

_August 24, 2018_
DATE

_C. O. MALBOG_

## PARTY SERVICE LIST
## FILE NO.NC-2018-00001

Kathleen Birrane, Esq.                                    Attorney for Defendants
**DLA PIPER LLP (US)**                                   Allstate Insurance Co.
The Marbury Building
6225 Smith Avenue
Baltimore, MD 21209-3600
Tel. No.: (410) 580-3000
FAX No.: (410) 580-3041

David Borgen, Esq.                                       Attorneys for Plaintiff
James Kan, Esq.
**GOLDSTEIN, BORGEN, DARDARIAN & HO**
300 Lakeside Drive, Suite 1000
Oakland, CA  94612
Tel. No.: (510) 763-9800
FAX No.: (510) 835-1417

Jay Angoff, Esq.                                         Attorneys for Plaintiff
Cyrus Mehri, Esq.
Steven Skalet, Esq.
Christine Monahan, Esq.
**MEHRI & SKALET PLLC**
1250 Connecticut Ave. NW, Suite 300
Washington, D.C. 20036
Tel. No.: (202) 822-5100
FAX No.: (202) 822-4997

Shannon Carson, Esq.                                     Attorneys for Plaintiff
Peter Kahana, Esq.
Jeff Osterwise, Esq.
**BERGER & MONTAGUE, P.C.**
1622 Locust Street
Philadelphia, PA  19103
Tel. No.: (215) 875-3000
FAX No.: (215) 875-4613

Jonathan K. Tycko, Esq.                                  Attorneys for Plaintiff
Andrea Gold, Esq.
**TYCKO & ZAVAREEI LLP**
1828 L Street, NW, Suite 1000
Washington, DC  20036
Tel. No.: (202) 973-0900
FAX No.: (202) 973-0950

2

## PARTY SERVICE LIST
## FILE NO.NC-2018-00001

Robert Binion, Esq.                                      Attorneys for California
Jennifer McCune, Esq.                                    Department of Insurance
Daniel Goodell, Esq.
Legal Division, Rate Enforcement Bureau
**CALIFORNIA DEPARTMENT OF INSURANCE**
45 Fremont Street, 21st Floor
San Francisco, CA  94105
Tel. No. : (415) 538-4112
FAX No.  : (415) 904-5490

## NON-PARTY

Edward Wu                                                (E-Mail)
Staff Counsel & Public Advisor
Office of the Public Advisor
**CALIFORNIA DEPARTMENT OF INSURANCE**
300 South Spring Street, 12th Floor
Los Angeles, CA  90013
Tel. No.: (213) 346-6635
FAX No.: (213) 897-9241

3