## SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release ("Settlement Agreement" or "Settlement") is made and entered into this 28th day of July 2023, by and among (1) Plaintiff Andrea Stevenson ("Plaintiff"), individually, and on behalf of the Settlement Class, and (2) Allstate Insurance Company, Allstate Indemnity Company, and Allstate Northbrook Indemnity Company[1] (collectively "Allstate" or "Defendants"), subject to preliminary and final approval as required by the Federal Rules of Civil Procedure. As provided herein, Plaintiff, Class Counsel, and Allstate hereby stipulate and agree that, in consideration of the promises and covenants set forth in this Agreement and upon entry by the Court of a Final Order and Judgment and achievement of the Effective Date all claims of the Settlement Class against Allstate in the action titled *Stevenson v. Allstate Insurance Co., et al.*, Case No. 4:15-cv-04788-YGR (N.D. Cal.) ("Action"), shall be settled and compromised upon the terms and conditions contained herein.

## I.    Recitals

1.    On August 20, 2015, Plaintiff filed a class action complaint in the Superior Court of California alleging six causes of action pertaining to Allstate's alleged use of price optimization/elasticity of demand (also referred to by Plaintiff

---

[1] Although not named as a Defendant in the Action, during the time period covered by the Settlement Allstate Northbrook Indemnity Company issued private passenger auto insurance policies that are covered by the terms of this Settlement and therefore is also a party to this Settlement.

as a method of taking into account an individual's or class's willingness to pay a higher premium relative to other individuals or classes) as a rating factor in violation of California's Unfair Competition Law, Cal. Bus. & Prof. Code § 17200 et seq. ("UCL"), California's False Advertising Law, Cal. Bus. & Prof. Code § 17500 et seq. ("FAL"), the California Insurance Code, and as unjust enrichment.

2. Allstate filed a Notice of Removal to remove the Action to the United States District Court for the Northern District of California on October 16, 2015.

3. Allstate filed a motion to dismiss Plaintiff's Complaint on October 23, 2015.

4. Plaintiff filed a First Amended Complaint on November 5, 2015.

5. On November 23, 2015, Allstate filed a motion to dismiss the First Amended Complaint pursuant to Fed. R. Civ. P 12(b)(6) ("Motion to Dismiss"). On December 11, 2015, Plaintiff filed her memorandum in opposition to Allstate's Motion to Dismiss, and on December 23, 2015, Allstate filed its reply memorandum in support of its Motion to Dismiss. On January 12, 2016, the Court held a hearing to hear the Parties' arguments on Allstate's Motion to Dismiss.

6. On March 17, 2016, the Court granted in part and denied in part Allstate's Motion to Dismiss and stayed the litigation under the primary jurisdiction doctrine. The Court denied Allstate's Motion as to Plaintiff's causes of action under the UCL and FAL and for unjust enrichment. The Court granted Allstate's Motion

as to Plaintiff's cause of action for violation of California Insurance Code Section 1861.10, which the Court dismissed with prejudice. In addition, the Court found that Plaintiff's surviving claims were likely barred by Section 1860.1 of the California Insurance Code and subject to the exclusive jurisdiction of the California Department of Insurance (the "Department") and the California Insurance Commissioner (the "Commissioner"). The Court further determined that the Commissioner was best positioned to determine whether Plaintiff's claims fell within the Commissioner's exclusive jurisdiction and granted Allstate's request to stay the case pending action by the Commissioner pursuant to the primary jurisdiction doctrine.

7. Thereafter, the Department informally investigated whether Allstate was using price optimization or elasticity of demand as a rating factor. Then, both in response to the Court's March 17, 2016 order, and also on his own motion, on April 17, 2018 the Commissioner announced that he would hold a hearing on "whether Allstate has violated California insurance law by using illegal price optimization" titled *In the Matter of the Rating Practices of Allstate Insurance Company and Allstate Indemnity Company* (CDI File No. NC-2018-00001).

8. The Commissioner invited Plaintiff to participate in the Department Proceeding (defined below) and stated that he would convey his findings to the Court.

9.      Both Plaintiff and Third-Party Consumer Watchdog ("CWD") subsequently intervened in the Department Proceeding.

10.     The Department Proceeding has continued for almost five years and included significant motion practice and discovery.

11.     In summer 2021, following completion of fact discovery, Plaintiff and Allstate agreed to mediate Plaintiff's claims. Ultimately, the Department and CWD joined the mediation process and Plaintiff, Allstate, the Department, and CWD agreed to a mediation before Sanford Kingsley, a mediator with deep experience mediating and litigating insurance matters.

12.     Prior to the mediation, Plaintiff, Allstate, the Department, and CWD served pre-filed direct testimony for fact and expert witnesses that would testify at the evidentiary hearing in the Department Proceeding.

13.     On January 26, 2022, Plaintiff, Allstate, the Department, and CWD participated in a full day mediation with Mr. Kingsley. The mediation did not result in a settlement on that date. However, for the next several months, Plaintiff, Allstate, the Department, and CWD continued their discussions and negotiations, with the participation of Mr. Kingsley, through additional mediation sessions, in writing, and over the telephone.

14.     While negotiations continued for a resolution of both Plaintiff's claims and the Department Proceeding, Plaintiff, Allstate, the Department, and CWD

continued to prepare for the evidentiary hearing on the merits in the Department Proceeding, which, after several continuances, was set for December 5, 2022.

15.    On November 27, 2022, Plaintiff reported to Chief Administrative Law Judge Kristin Rosi that Plaintiff and Allstate had reached a settlement in principle to resolve Plaintiff's claims against Allstate on a class-wide basis.  Thereafter, the evidentiary hearing in the Department Proceeding was continued by stipulation of Plaintiff, Allstate, the Department, and CWD.

16.    On May 22, 2023, the Department and Allstate entered into an Agreement (the "Department Agreement") to resolve the Department Proceeding upon Final Approval of the Action without any evidentiary hearing or any noncompliance proceeding or further administrative or regulatory action against Allstate with respect to Allstate's alleged use or application of price optimization. The Department and Allstate agreed to request that the Chief Administrative Law Judge send the Department Agreement to the California Insurance Commissioner for approval and signature.  Plaintiff, Allstate, the Department, and CWD also agreed to request that the Chief Administrative Law Judge stay the Department Proceeding pending Final Approval of the Settlement and upon Final Approval to dismiss the Department Proceeding with prejudice pursuant to a Stipulated Motion to Dismiss with Prejudice.  The Department Agreement was made without any admission of liability or fault on the part of Allstate and included an express denial by Allstate of

5

all allegations concerning the use of price optimization in Allstate's rates, ratemaking, rating practices, application of rates, and pricing practices in California. The Department Agreement shall not constitute, or be construed as, an admission that Allstate's rates, ratemaking, rating practices, application of rates, or pricing practices have not been in compliance with California law at any time. Allstate vigorously disputes all claims, arguments, and theories advanced by the Department, Plaintiff, and CWD in the Department Proceeding.

17. As soon as reasonably practicable following the filing of the Motion for Preliminary Approval of this Settlement, Plaintiff, Allstate, the Department, and CWD will file a Stipulated Request for a Stay of the Department Proceeding pending the Settlement of this Action.

18. This Settlement is not an admission by Allstate of any wrongdoing, fault, liability, or damage of any kind. Allstate vigorously disputes the claims alleged in the Action and the Department Proceeding and is entering into this Settlement to avoid burdensome and costly litigation. Allstate denies each and every one of Plaintiff's allegations, Allstate has asserted numerous defenses to Plaintiff's claims, Allstate disclaims any liability whatsoever, and Allstate further denies that this case satisfies the requirements to be tried as a class action under Federal Rule of Civil Procedure 23. Allstate specifically denies that it used any form of price optimization, elasticity of demand, and/or any other prohibited consideration in its

private passenger auto insurance ratemaking and pricing practices in California. Without admitting any of the allegations made in the Action or any liability whatsoever, the Parties recognize that the outcome of this Action is uncertain, and that a final resolution through the litigation process would require several more years of protracted, adversarial litigation, trial and appeals, substantial risk and expense, and the distraction and diversion of Allstate's personnel and resources, and the expense of any possible future litigation raising similar or duplicative claims. Allstate is willing to enter into this Settlement solely in order to eliminate the burdens, distractions, expense, and uncertainty of protracted litigation to obtain the releases and final judgment contemplated by this Settlement.

19.   The Parties now agree to settle the Action in its entirety, without any admission of liability, with respect to all Released Claims of the Releasing Parties (definitions below).  The Parties intend this Agreement to bind Plaintiff, Allstate, and all Settlement Class Members.

**NOW, THEREFORE,** in light of the foregoing, for good and valuable consideration, the receipt and sufficiency of which is hereby mutually acknowledged, the Plaintiff and Allstate agree, subject to approval by the Court, as follows.

## II.    <u>CONFIDENTIALITY</u>

20.    The Parties must comply with all portions of the Stipulated Protective Order entered on December 6, 2018 in the Department Proceeding.

21.    This Settlement Agreement and its terms, including the fact of the proposed Settlement, shall remain completely confidential until all documents are executed, and the Motion for Preliminary Approval is filed with the Court.  Pending the filing of that Motion, Class Counsel may disclose this Settlement Agreement and its terms to the Class Representative for purposes of executing this Settlement Agreement.  Pending the filing of the Motion for Preliminary Approval, the Class Representative will also maintain the complete confidentiality of this Settlement Agreement and its terms, including the fact of the proposed Settlement.  Allstate may, at its sole discretion, disclose the terms of the Settlement Agreement to its auditors and other parties as reasonably necessary.  The Parties may also disclose the Settlement Agreement to the CDI, CWD, and Administrative Law Judge in the Department Proceeding if necessary to effectuate the stay or resolution of the Department Proceeding subject to agreement by those persons to be bound by strict confidentiality until the Preliminary Approval papers are filed.

## III.    **Definitions**

In addition to the terms defined at various points within this Agreement, the following Defined Terms apply throughout this Agreement:

22. "Action" means *Stevenson v. Allstate Insurance Co., et al.*, Case No. 4:15-cv-04788-YGR (N.D. Cal.).

23. "Allstate" means Allstate Insurance Company, Allstate Indemnity Company, and Allstate Northbrook Indemnity Company.

24. "CAFA Notice" means notice of this settlement to the appropriate federal and state officials, as provided by the Class Action Fairness Act of 2005, 28 U.S.C. § 1715.

25. "Class Counsel" means:

MEHRI & SKALET PLLC
Cyrus Mehri, Esq.
Jay Angoff, Esq.
2000 K Street, NW
Suite 325
Washington, DC 20016

TYCKO & ZAVAREEI LLP
Andrea Gold, Esq.
2000 Pennsylvania Avenue, NW
Suite 1010
Washington, DC 20006

BERGER MONTAGUE PC
Jeff Osterwise, Esq.
1818 Market Street, Suite 3600
Philadelphia, PA 19103

26. "Class Period" means the period from July 1, 2016, through September 30, 2022.

27. "Class Representative" and/or "Named Plaintiff" means Andrea Stevenson.

28. "Court" means the United States District Court for the Northern District of California.

29. "Current Primary Policy Holder" means a Settlement Class Member who continues to have his or her Policy as of the Effective Date.

30. "Defense Counsel" means the law firm of DLA Piper LLP (US).

31. "Depository Bank" shall mean Eagle Bank based in Washington D.C. or its successor or another bank acceptable to the parties with the capacity to hold a qualified settlement fund.

32. "Department Proceeding" means the California Department of Insurance administrative investigatory hearing before Chief Administrative Law Judge Kristin L. Rosi assigned California Department of Insurance File No. NC-2018-00001.

33. "Effective Date" means the day following: (A) the entry by the Court of the Final Order and Judgment: (i) affirming certification of the Settlement Class; (ii) finding the Settlement Agreement to be fair, adequate and reasonable; (iii) finding that the Notice to the Class of the Settlement Agreement was fair, adequate and reasonable; (iv) resolving any and all objections to the fairness and reasonableness of the Settlement Agreement, if any; and (B) the expiration of the deadline for seeking appellate review of the Final Order and Judgment if no appeal is sought; or the day following the date all appellate courts with jurisdiction affirm the Final Judgment and Order with no possibility of further appellate review existing.

10

34. "Final Approval" means the date that the Court enters an order granting final approval to the Settlement and determines the amount of fees, costs, and expenses awarded to Class Counsel and the amount of any Service Award to the Class Representative.

35. "Final Approval Order" means the final order that the Court enters upon Final Approval that does not affect the financial terms or Releases provided for herein. All Parties will in good faith support and pursue preliminary and final class-wide approval of the material terms of this Agreement. In the event that the Court issues separate orders addressing the matters constituting Final Approval, then the Final Approval Order includes all such orders.

36. "Net Settlement Amount" means the Settlement Amount, minus Court approved attorneys' fees, costs and expenses, any notice and administration expenses, and Court-approved Service Award to Plaintiff. The Net Settlement Amount will be allocated to Settlement Class Members such that each Settlement Class Member will receive an equal Settlement Class Member Payment from the Net Settlement Amount.

37. "Non-Remaining Current Primary Policy Holder" means a Settlement Class Member who continues to have his or her Policy as of the Effective Date and who is no longer a Primary Policy Holder as of the Payment Date.

38.    "Notice" means the notices that the Parties will ask the Court to approve in connection with the Motion for Preliminary Approval of the Settlement.

39.    "Notice Program" means the methods ordered by the Court for giving the Notice and may consist of Email Notice, Postcard Notice, and Long Form Notice (all defined herein below), which shall be substantially in the forms as the Exhibits attached hereto as Exhibits A through C.

40.    "Opt-Out Period" means the period that begins the day after the earliest date on which the Notice is first mailed, and that ends 120 days after Preliminary Approval.  The deadline for the Opt-Out Period will be specified in the Notice.

41.    "Parties" means Plaintiff and Allstate.

42.    "Past Primary Policy Holder" means a Settlement Class Member who is not a Primary Policy Holder as of the Effective Date.

43.    "Payment Date" means that date occurring after the Effective Date on which Allstate credits the Policy of a Remaining Current Primary Policy Holder, or would credit the Policy of a Non-Remaining Current Primary Policy Holder, if such Policy Holder were a Remaining Current Primary Policy Holder.

44.    "Payment Period" means the period beginning on the Effective Date and ending 120 days after the Effective Date.

45.    "Plaintiff" means Andrea Stevenson.

12

46. "Policy" means any private passenger auto insurance policy issued by Allstate in the state of California.

47. "Primary Policy Holder" means each person who has an ownership interest in and financial responsibility for a Policy or Policies during the Class Period. There is one Primary Policy Holder for each Policy issued by Allstate, also known as the first named insured on each Policy issued by Allstate. Other persons insured (i.e., additional named insureds) under a Policy are not Primary Policy Holders. However, pursuant to and consistent with the terms of this Settlement, the Primary Policy Holder of any Policy or Policies wherein any person or vehicle insured had a rate calculated using the rating factors identified in the Settlement Class will be eligible to recover, should all other conditions and provisions set forth herein bet met, consistent with the terms of this Settlement even if the Primary Policy Holder himself or herself was not rated using such rating factors.

48. "Preliminary Approval" means the date that the Court enters, without material change, an order preliminarily approving the Settlement.

49. The "Releases" means all of the releases contained in Paragraph 101 hereof.

50. "Released Claims" means all claims to be released as specified in Paragraph 101 hereof.

51. "Released Parties" means those persons released as specified in Paragraph 101 hereof.

52. "Releasing Parties" means Plaintiff and all Settlement Class Members, and each of their respective heirs, assigns, beneficiaries and successors.

53. "Remaining Current Primary Policy Holder" means a Settlement Class Member who continues to have his or her Policy as of the Effective Date and who remains a current Primary Policy Holder as of the Payment Date.

54. "Service Award" means any Court-ordered payment to Plaintiff for serving as Class Representative that is in addition to any payment otherwise due Plaintiff as a Settlement Class Member.

55. "Settlement" means the settlement into which the Parties have entered to resolve the Action. The terms of the Settlement are as set forth in this Settlement Agreement.

56. "Settlement Administration Costs" means all costs of the Settlement Administrator regarding notice and settlement administration.

57. "Settlement Administrator" means Kroll Settlement Administration.

58. "Settlement Class" means all current and former Allstate California auto insurance Primary Policy Holders whose total premiums were calculated, at any time on or after July 1, 2016, based on Allstate's selection of a rating factor relativity exceeding both the Current and Indicated rating factor relativities for certain

14

coverages in connection with the Years Licensed and/or Multipolicy rating factors. Specifically, those Primary Policy Holders include (a) any Primary Policy Holder whose premiums were determined based on licensure for 29 or more years and had Comprehensive coverage, (b) any Primary Policy Holder whose premiums were determined based on licensure of 34 or more years and had Collision coverage, and (c) any Primary Policy Holder who in addition to their auto policy had a condo, life, and/or mobile home policy and did not have a renters policy. The policy or policies held by such multipolicy Primary Policy Holders (group (c)) in addition to their auto Policy are the following: Condo; Mobilehome; Life; Owner + Life; Condo + Life; Mobilehome + Life; Condo + PUP; Mobilehome + PUP; Life + PUP; Owner, Life + PUP; Condo, Life + PUP; Mobilehome, Life + PUP. Excluded from the Settlement Class are (a) officers, directors, and employees of Allstate; (b) the judge overseeing the proposed settlement and the judge's immediate family and (c) all Primary Policy Holders who make a timely election to be excluded.

59. "Settlement Class Member" means each Primary Policy Holder included in the Settlement Class who does not timely opt-out of the Settlement.

60. "Settlement Class Member Payment" means the equal distribution that will be made from the Net Settlement Amount to each Settlement Class Member as described in Paragraph 36.

61. "Settlement Amount" means the $25,000,000 that Allstate is obligated to pay under the Settlement. The Settlement Amount is all inclusive and will be used to pay the Settlement Class Member Payments, any attorneys' fees, costs and Service Award ordered by the Court, any Settlement Administration Costs including the costs of Settlement Administrator and the costs of all forms of Notice and the Notice Program, and any *cy pres* payment required under this Agreement. Any and all costs incurred by Allstate in the process of making Policy credits to Remaining Current Primary Policy Holders shall be borne by Allstate separately and not out of the Settlement Amount.

62. "Settlement Website" means the website that the Settlement Administrator will use as a means for Settlement Class members to obtain notice of and information about the Settlement, through and including hyperlinked access to this Agreement, the Long Form Notice, the order preliminarily approving this Settlement, the Final Judgment, and such other documents as Class Counsel agree to post or that the Court orders posted on the website. The URL of the Settlement Website shall be www.AllstateCaliforniaAutoRatingSettlement.com, or such other URL as Class Counsel and Allstate agree upon in writing. The Settlement Website and URL will not include any Allstate trademarks or Allstate logos. Allstate will not display ads or otherwise make reference to this Settlement on any of its or its affiliates' websites. The Settlement Administrator will terminate the Settlement

Website forty-five (45) days after either (a) all uncashed Settlement Class Member Payment checks have expired, or (b) the date on which this Settlement is terminated or otherwise not approved by a court. The Settlement Administrator will then transfer ownership of the URL to Allstate.

## IV.    Certification of the Settlement Class

63.    For Settlement purposes only, Plaintiff and Allstate agree to ask the Court to certify the Settlement Class under Federal Rule of Civil Procedure 23.

64.    Nothing in this Settlement Agreement shall be construed as an admission by Allstate that this Action or any similar case is amenable to class certification. Furthermore, nothing in this Settlement Agreement shall prevent Allstate from opposing class certification or seeking decertification of the Settlement Class if final approval of this Settlement Agreement is not obtained, or not upheld on appeal, including review by the United States Supreme Court, for any reason. Allstate supports certification of the class for settlement purposes only.

65.    The Parties stipulate and agree that, subject to Court approval, the Settlement Class should be conditionally certified pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure solely for the purposes of the Settlement embodied in this Settlement Agreement. If, for any reason, this Settlement Agreement is not approved by the Court, the stipulation for certification and all of the agreements contained herein shall be considered null and void as provided in Paragraph 110.

66.     Allstate does not consent to the certification of the Settlement Class (or to the propriety of class treatment) for any purpose other than to effectuate this Settlement.  Allstate's agreement to provisional certification does not constitute an admission of wrongdoing, fault, liability, or damage of any kind, or that any class certification would be appropriate for litigation or any other purpose other than to effectuate this Settlement.

67.     If for any reason the Effective Date does not occur or this Settlement Agreement is terminated, disapproved by any court (including any appellate court), or not consummated for any reason, the order certifying the Settlement Class for purposes of effectuating the Settlement (and all preliminary and final findings regarding that settlement class certification order) shall be automatically vacated upon notice of the same to the Court.  The Action shall then proceed as though such findings had never been made.  Additionally, the Parties and their counsel shall not refer to or invoke the vacated findings and/or order relating to class settlement or Rule 23 of the Federal Rules of Civil Procedure if this Settlement Agreement is not consummated, and the Action is later litigated and contested by Allstate under Rule 23 or any equivalent statute or rule.

V.     **Monetary Settlement**

68.     Subject to approval by the Court, the total monetary consideration to be provided by Allstate pursuant to the Settlement shall be $25,000,000, inclusive of

18

the amount paid to Settlement Class Members, any and all attorneys' fees, costs and expenses awarded to Class Counsel, any Service Award to the Class Representative, all costs and expenses incurred by the Settlement Administrator and any *cy pres* payment.

69.    Within 14 days of Preliminary Approval of the Settlement, Allstate shall deliver to the Settlement Administrator via wire transfer $1,100,000 from the Settlement Amount to be deposited in a Qualified Settlement Fund account for this matter at the Depository Bank. This amount is estimated to be necessary to pay for the Notice Program and administration of the Settlement by the Settlement Administrator.

70.    Within 14 days of the Court order for Final Approval, Allstate shall deliver to the Settlement Administrator that portion of the Settlement Amount necessary to pay the Settlement Class Member Payments due to the Past Primary Policy Holders and the attorneys' fees and costs payable to Class Counsel, which amount shall be deposited in the Qualified Settlement Fund account for this matter at the Depository Bank maintained by the Settlement Administrator. The Settlement Administrator shall deliver such Settlement Class Member Payments to the Past Primary Policy Holders in accordance with the Court's Final Approval Order.

71.    In order to reduce the costs of administration of the Settlement, Allstate, at the direction of the Settlement Administrator, shall retain that portion of the

19

Settlement Amount that is allocated to Settlement Class Members who are Current Primary Policy Holders, and will , at its own cost and expense, directly credit the Policies of the Remaining Current Primary Policy Holder Settlement Class Members within the Payment Period.  At the conclusion of the Payment Period, Allstate shall submit a report to the Settlement Administrator as to the status of the policy credits to Remaining Current Primary Policy Holder Settlement Class Members and deliver to the Settlement Administrator that portion of the Settlement Amount necessary to satisfy the Settlement Class Member Payments due to the Non–Remaining Current Primary Policy Holders, whose payments will then be delivered by the Settlement Administrator by paper check, electronic payment, or other payment method approved by the Court.

## VI.    **Prospective Non-Monetary Relief**

72.    Without admitting any liability or that it was required by law to do so, but as further consideration for this Settlement, on Feb. 2, 2023, Allstate filed a new Allstate Auto Class Plan assigned tracking number ALSE-133548819, pending state action as of July 28, 2023.  Among other changes, under Allstate's new Auto Class Plan, for substantially all categories of policyholders who are members of the Settlement Class, Allstate has performed a sequential analysis and selected relativities in connection with the Years Licensed and Multipolicy rating factors that do not exceed both the Current and Indicated relativities in connection with those

rating factors. Allstate represents that the Class Plan does not use any form of price optimization software or program, nor in any way considers price optimization/an individual's or class's willingness to pay a higher premium relative to other individuals or classes.  That Class Plan and any subsequent California private passenger Class Plans filed in California for a period of 10 years, shall contain a specific written explanation for the basis of any and all relativity selections that are 5% more than the calculated indicated relativity.

73.    Without admitting any liability or that it is required by law to do so, as further consideration for this Settlement, Defendants will not use any form of price optimization software or program, nor in any way consider price optimization/an individual's or class's willingness to pay a higher premium relative to other individuals or classes in connection with, or in the development of, California private passenger auto rates or class plans, unless and until such time as such practices are explicitly authorized under California law or by the California Department of Insurance.

## VII.    **Settlement Approval**

74.    Plaintiff will jointly move the Court for an Order granting Preliminary Approval of this Settlement ("Preliminary Approval Order").  The motion for Preliminary Approval shall request that the Court: (1) approve the terms of the Settlement as within the range of fair, adequate and reasonable; (2) certify the

Settlement Class pursuant to Federal Rule of Civil Procedure 23 for settlement purposes only; (3) appoint Class Counsel as counsel for the Settlement Class; (4) appoint Plaintiff as Class Representative of the Settlement Class; (5) approve the Notice Program set forth herein and approve the form and content of the Notices of the Settlement; (6) approve the procedures set forth herein below for Settlement Class members to exclude themselves from the Settlement Class or to object to the Settlement; (7) stay the Action pending Final Approval of the Settlement; and (8) schedule a Final Approval Hearing for a time and date mutually convenient for the Court, Class Counsel and counsel for Allstate, at which the Court will conduct an inquiry into the fairness of the Settlement, determine whether it was made in good faith, and determine whether to approve the Settlement and Class Counsel's application for attorneys' fees, costs and expenses and for a Service Award to the Class Representative ("Final Approval Hearing").

75. Upon filing of the motion requesting issuance of the Preliminary Approval Order, Allstate will provide timely notice of such motion as required by the Class Action Fairness Act, 28 U.S.C. § 1711 *et seq*. Within a reasonable time thereafter, Allstate will file with the Court a certification of the date(s) on which the CAFA Notice was served.

## VIII. Settlement Administrator

76.    The Settlement Administrator shall administer various aspects of the Settlement as described in the next paragraph hereafter and perform such other functions as are specified for the Settlement Administrator elsewhere in this Agreement, including, but not limited to, providing Notice to Settlement Class members and distributing the Settlement Amount as provided herein.  The Parties jointly will oversee the Settlement Administrator's administration of the Settlement.

77.    The Parties acknowledge that Allstate shall provide information to the Settlement Administrator for the determination of the Settlement Class as well as information regarding all policy credits made to Remaining Current Primary Policy Holder Settlement Class Members.  The Settlement Administrator shall track payments to all Settlement Class Members in all forms, including, but not limited to, by paper check, electronic payment, and/or premium credit.  For Remaining Current Primary Policy Holder Settlement Class Members, pursuant to the Settlement Agreement, Allstate will issue settlement payments via premium credit under and at the direction and management of the Settlement Administrator.  The Parties and their counsel shall not have any responsibility for or liability whatsoever with respect to (i) any act, omission or determination of the Settlement Administrator, or any of their respective designees or agents, in connection with the administration of the Settlement or otherwise; (ii) the management or distribution of

23

the Settlement Fund; (iii) the formulation, design or terms of the disbursement of the Settlement Fund; (iv) the determination, administration, calculation, or payment to any Settlement Class Member; (v) any losses suffered by, or fluctuations in the value of the Settlement Fund; or (vi) the payment or withholding of any Taxes, expenses and/or costs incurred in connection with the taxation of the Settlement Fund or the filing of any returns. The Settlement Administrator shall indemnify and hold Defendant, Defense Counsel, Class Counsel, the Settlement Class, and Class Representative harmless for (i) any act or omission or determination of the Settlement Administrator, or any of Settlement Administrator's designees or agents, in connection with the Notice Plan and the administration of the Settlement; (ii) the management or distribution of the Settlement Fund; (iii) the formulation, design or terms of the disbursement of the Settlement Fund; (iv) the determination, administration, calculation, or payment to any Settlement Class Member; (v) any losses suffered by, or fluctuations in the value of the Settlement Fund; or (vi) the payment or withholding of any Taxes, expenses and/or costs incurred in connection with the taxation of the Settlement Fund or the filing of any returns..

78. The duties of the Settlement Administrator, in addition to other responsibilities that are described in the preceding paragraph and elsewhere in this Agreement, are as follows:

a.      Use the name and address information for Settlement Class members provided by Allstate in connection with the Notice process approved by the Court, for the purpose of mailing any Mailed Notice, sending any Email Notice, and later making Settlement Class Member Payments to Past Primary Policy Holder Settlement Class Members and Non-Remaining Current Primary Policy Holder Settlement Class Members, and to Remaining Current Primary Policy Holder Settlement Class Members where it is not feasible or reasonable for Allstate to make the payment by a credit to the their Policies;

b.      Direct Allstate with respect to credits to be paid to Remaining Current Primary Policy Holders, including maintaining an accounting of all such credits based on records provided by Allstate, and notify Allstate of any issues with such records or the completion of the issuance of credits to Remaining Current Primary Policy Holders;

c.      Establish and maintain a Post Office box for requests for exclusion from the Settlement Class;

d.      Establish and maintain the Settlement Website;

e.      Establish and maintain an automated toll-free telephone line for Settlement Class members to call with Settlement-related inquiries, and answer the questions of Settlement Class members who call with or otherwise communicate such inquiries;

25

f.    Respond to any mailed Settlement Class member inquiries;

g.    Process all requests for exclusion from the Settlement Class;

h.    Provide reports to Class Counsel and Allstate every two weeks that summarize the number of requests for exclusion received that week, the total number of exclusion requests received to date, and other pertinent information;

i.    In advance of the Final Approval Hearing, prepare an affidavit, to be submitted to the Court no later than 14 days prior to the Final Approval Hearing, confirming that the Notice Program was completed, describing how the Notice Program was completed, providing the names of each Settlement Class member who timely and properly requested exclusion from the Settlement Class, and other information as may be necessary to allow the Parties to seek and obtain Final Approval;

j.    Pay invoices, expenses, and costs upon approval by Class Counsel and Allstate, as provided in this Agreement; and

k.    Any other Settlement-administration-related function at the instruction of Class Counsel and Allstate, including, but not limited to, verifying that settlement funds have been distributed.

79.    The Settlement Administrator shall use best practices and all reasonable efforts to ensure that only Settlement Class Members receive payments under the terms of this Agreement and shall duly respond to inquiries from non-class

members to advise that such persons are not eligible for recovery under this Settlement. The Settlement Administrator shall maintain and preserve records of all of its activities until one (1) year after the Effective Date, including logs of all telephone calls, e-mails, mailings, visits to the Settlement Website, and all other contacts with actual and potential Settlement Class members, in a computerized database with readily retrievable records. The Settlement Administrator shall provide Class Counsel and Allstate's Counsel with written reports every two weeks beginning on the Notice Date, summarizing all statistics and actions taken by the Settlement Administrator in connection with administering this Settlement.

## IX.    Notice to Settlement Class members

80.    As soon as practicable after Preliminary Approval of the Settlement, the Settlement Administrator shall implement the Notice Program provided herein, using the forms of Notice approved by the Court in the Preliminary Approval Order. The Notice shall include, among other information: a description of the material terms of the Settlement including the non-monetary relief; a date by which Settlement Class members may exclude themselves from or "opt-out" of the Settlement Class; a date by which Settlement Class members may object to the Settlement; the date upon which the Final Approval Hearing is scheduled to occur; and the address of the Settlement Website at which Settlement Class members may

access this Agreement and other related documents and information. Class Counsel and Allstate shall insert the correct dates and deadlines in the Notice before the Notice Program commences, based upon those dates and deadlines set by the Court in the Preliminary Approval Order. Notices and publications provided under or as part of the Notice Program shall not bear or include the Allstate logo or trademarks or the return address of Allstate, or otherwise be styled to appear to originate from Allstate.

81.    The Notice also shall include a procedure for Settlement Class members to opt-out of the Settlement Class. A Settlement Class member may opt-out of the Settlement Class at any time during the Opt-Out Period, provided the opt-out notice is postmarked no later than the last day of the Opt-Out Period. Any Settlement Class member who does not timely and validly request to opt-out shall be bound by the terms of this Agreement. Requests for exclusion from the Settlement must be delivered to the Settlement Administrator via mail.

82.    The Notice also shall include a procedure for Settlement Class members to object to the Settlement and/or to Class Counsel's application for attorneys' fees, costs and expenses and/or Service Award to the Class Representative. All such objections must:

  a.  be in writing;

  b.  clearly identify the case name and number;

c.  state whether it applies only to the Settlement Class Member, to a specific subset of the Settlement Class, or to the entire Settlement Class;

d.  state with specificity the grounds for the objection;

e.  include a Notice of Intention to Appear in the body of the objection, if the Settlement Class Member wishes to appear and be heard at the Final Approval Hearing;

f.  be submitted by the Settlement Class Member only to the Court, either by filing them electronically or in person at any location of the United States District Court for the Northern District of California or by mailing them to the Class Action Clerk, United States District Court for the Northern District of California; and

g.  be filed or postmarked on or before the last day of the Opt-Out Period.

83.  Notice may be provided to Settlement Class members in up to three different ways:  Email notice to Settlement Class members for whom Allstate has email addresses ("Email Notice") and who have agreed to accept their Policy statements and/or information by email; Postcard notice to Settlement Class members for whom Allstate does not maintain email addresses ("Postcard Notice") and who have agreed to accept their Policy statements and/or information by regular mail; and Long Form Notice with details regarding the Settlement ("Long Form Notice") via regular mail to Settlement Class members who request it and/or via

29

download on the Settlement Website.  Email Notice, Postcard Notice, and Long Form Notice shall collectively be referred to as "Mailed Notice."  Not all Settlement Class members will receive all forms of Notice, as detailed herein.  The cost of all forms of Notice and the Notice Program shall be paid out of the Settlement Amount. A Spanish version of the Long Form Notice shall be provided to Settlement Class members who request it.  The Email Notice, Postcard Notice, and Long Form Notice shall inform Settlement Class members, in Spanish, of the availability of the Spanish version of the Long Form Notice.

84.   Allstate, at the direction and with the assistance of the Settlement Administrator as appropriate, shall create a list of Settlement Class members and their electronic mail addresses and/or postal addresses based on readily available information already within its possession.  Allstate will bear the expense of extracting the necessary data to make this list of Settlement Class members.  Allstate will provide the list to the Settlement Administrator as soon as practicable, but no later than thirty (30) days after Preliminary Approval of the Settlement.

85.   The Settlement Administrator may run the physical addresses of all Settlement Class members receiving Postcard Notice through the National Change of Address Database and shall mail to all such Settlement Class members the Postcard Notice.  The initial mailed Postcard Notice and Email Notice shall be referred to as "Initial Mailed Notice."

86.    The Settlement Administrator shall perform reasonable address traces for all Initial Mailed Notices that are returned as undeliverable.  By way of example, a "reasonable" tracing procedure would be to run addresses of returned Postcard Notices through the Lexis/Nexis database that can be utilized for such purpose.  No later than 90 days after Preliminary Approval, the Settlement Administrator shall complete the re-mailing of Postcard Notices to those Settlement Class members whose new addresses were identified as of that time through address traces ("Notice Re-mailing Process").  The Settlement Administrator shall send Postcard Notices to all Settlement Class members' whose emails were returned as undeliverable and complete such Notice pursuant to the deadlines described herein as they relate to the Notice Re-mailing Process.

87.    The Notice Program (which is composed of both the Initial Mailed Notice and the Notice Re-mailing Process) shall be completed no later than 90 days after entry of a Preliminary Approval Order.  The Settlement Administrator agrees to cap the Settlement Administration Costs at $1,057,030.

88.    Within the provisions set forth in this Section IX, further specific details of the Notice Program shall be subject to the agreement of Class Counsel and Allstate.

89.    No person shall have any claims against Allstate, Defense Counsel, the Named Plaintiff, Class Counsel, and/or the Settlement Administrator based on any

31

eligibility determinations, distributions, or awards made in accordance with this Settlement.

## X.    **Final Approval Order and Judgment**

90.    Plaintiff's Motion for Preliminary Approval of the Settlement will include a request to the Court for a scheduled date on which the Final Approval Hearing will occur.  Plaintiff shall file her Motion for Final Approval of the Settlement, and application for attorneys' fees, costs, and expenses and for Service Award for the Class Representative no later than 90 after Preliminary Approval of the Settlement.  At the Final Approval Hearing, the Court will hear argument on Plaintiff's Motion for Final Approval of the Settlement, and on Class Counsel's application for attorneys' fees, costs, and expenses and for the Service Award for the Class Representative.  One week prior to the Final Approval Hearing, Plaintiff may file supplemental briefing in support of final approval of the Settlement including, but not limited to, any objections and/or opt-outs received.  In the Court's discretion, the Court also will hear argument at the Final Approval Hearing from any Settlement Class Members (or their counsel) who object to the Settlement or to Class Counsel's application for attorneys' fees, costs, expenses or the Service Award application, provided the objectors submitted timely objections that meet all of the requirements listed in the Agreement.

91.    At or following the Final Approval Hearing, the Court will determine whether to enter the Final Approval Order granting Final Approval of the Settlement and entering final judgment thereon and whether to approve Class Counsel's request for attorneys' fees, costs, expenses and a Service Award.

Such proposed Final Approval Order shall, among other things:

a.    Determine that the Settlement is fair, adequate and reasonable;

b.    Finally certify the Settlement Class for settlement purposes only;

c.    Determine that the Notice provided satisfies Due Process requirements;

d.    Provide for the future entry of judgment dismissing the Action with prejudice;

e.    Release Allstate and the Released Parties from the Released Claims; and

f.    Reserve the Court's continuing and exclusive jurisdiction over the Parties to this Agreement, including Allstate, all Settlement Class Members, and all objectors, to administer, supervise, construe and enforce this Agreement in accordance with its terms.

## XI.    **Distributions From The Settlement Amount**

92.    In exchange for the mutual promises and covenants in this Agreement, including, without limitation, the Releases and occurrence of the Effective Date,

Allstate shall be responsible for paying the Settlement Amount, from which Settlement Class Member Payments shall be paid to the Settlement Class Members.

93.     Unless a Remaining Current Primary Policy Holder has contacted the Settlement Administrator to request a paper check instead of a Policy credit, Allstate, by and at the direction of the Settlement Administrator, shall credit the Policies of all Remaining Current Primary Policy Holders their Settlement Class Member Payments within the Payment Period.

94.     Settlement Class Member Payments to Remaining Current Primary Policy Holders shall be made first by crediting a Policy for those Policy Holders, or by mailing a standard size check if it is not feasible or reasonable to make the payment by a credit.    Allstate shall notify Remaining Current Primary Policy Holders of any such credit via letter and provide a brief explanation that the credit has been made as a payment in connection with the Settlement.    The form and substance of this notification shall be mutually agreed upon by the Parties and shall be substantially similar to the language of Exhibit D.  Allstate will bear all costs and expenses associated with implementing the Policy credits and notification discussed in this paragraph.

95.     Non-Remaining Current Primary Policy Holders shall receive his or her Settlement Class Member Payment via check from the Settlement Administrator. Within 20 business days after the end of the Payment Period, Allstate shall provide

the Settlement Administrator with a list of the Non-Remaining Current Primary Policy Holder Settlement Class Members.  Settlement Class Member Payments to such Settlement Class Members shall be made by mailing a standard size check.  The Settlement Administrator shall be responsible for mailing such checks.

96.     Within 20 business days after the end of the Payment Period, Allstate shall remit to the Settlement Administrator that portion of the Settlement Amount necessary to fund the Settlement Class Member Payments to Non-Remaining Current Primary Policy Holders by check.

97.     Within 20 business days after Effective Date, Allstate shall provide the Settlement Administrator with a list of Past Primary Policy Holder Settlement Class Members in order to send checks to Past Primary Policy Holders for their Settlement Class Member Payments (unless they have elected to receive an electronic payment).

98.     Settlement Class Member Payments to Past Primary Policy Holder Settlement Class Members shall be made by mailing a standard size check or electronic payment (if elected).  The Settlement Administrator shall be responsible for mailing such checks and effectuating electronic payments as applicable.

99.     The amount of the Net Settlement Amount attributable to uncashed or returned checks sent by the Settlement Administrator shall be held by the Settlement Administrator one year from the date that the first distribution check is mailed by the Settlement Administrator.  During this time the Settlement Administrator shall

make a reasonable effort to locate intended recipients of settlement funds whose checks were returned (such as by running addresses of returned checks through the Lexis/Nexis database that can be utilized for such purpose) to effectuate delivery of such checks. The Settlement Administrator shall make only one such additional attempt to identify updated addresses and re-mail or re-issue a distribution check to those for whom an updated address was obtained.

**a.    <u>Disposition of Residual Funds</u>**

100. Within 2 years after the date the Settlement Administrator mails the first Settlement Class Member Payment, any remaining amounts such as resulting from uncashed checks ("Residual Funds") in the Qualified Settlement Fund shall be distributed to a *cy pres* recipient. Specifically, the parties agree that the Court may direct payment of any amounts remaining in the Qualified Settlement Fund, plus interest, to the Center for Auto Safety, http://www.autosafety.org, or other court approved *cy pres* recipient. While most known for strengthening highway safety standards to save lives, for decades the Center for Auto Safety has provided tools to educate consumers in California and across the country on different types of auto insurance coverage and discount strategies to save consumers on costs of insurance premiums. Neither the Parties or counsel for the Parties have any interest or involvement in the governance or the work of Center for Auto Safety. Class Counsel shall seek the Court's approval of distribution to the *cy pres* recipient. If the Court

does not approve the *cy pres* recipient, Class Counsel with input from Allstate will propose another *cy pres* recipient for the Court's approval.

**b.**    **Release**

101.  As of the Effective Date, Plaintiff and each Settlement Class Member, each on behalf of itself and on behalf of its respective heirs, assigns, beneficiaries and successors ("Releasing Parties"), shall automatically be deemed to have fully and irrevocably released and forever discharged Allstate and each of its present and former parents, subsidiaries, divisions, affiliates, predecessors, successors and assigns, and the present and former directors, officers, employees, agents, insurers, members, attorneys, advisors, consultants, representatives, partners, joint venturers, independent contractors, wholesalers, resellers, distributors, retailers, predecessors, successors and assigns of each of them ("Released Parties"), of and from any claims that were or could have been alleged based on the facts pleaded in the Complaint dated November 5, 2015 and/or any subsequent amended complaint filed in conjunction with the Court's approval of the Settlement ("Released Claims").

102.  After entering into this Settlement, the Settlement Class Members and/or Named Plaintiff may discover facts other than, different from, or in addition to, those that they know or believe to be true with respect to the claims released by this Settlement, but they intend to release fully, finally and forever any and all such claims.  The Settlement Class Members and Named Plaintiff expressly agree that,

upon the Effective Date, they waive and forever release any and all provisions, rights, and benefits conferred by Section 1542 of the California Civil Code, which reads:

> **A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY.**

and any law of any state, territory, or possession of the United States or principles of common law, which is similar, comparable, or equivalent to Section 1542 of the California Civil Code.

### c.    Payment of Attorneys' Fees, Costs, and Service Awards

103.  Class Counsel will ask the Court to approve a Service Award to the Class Representative in the amount of $5,000 to be paid out of the Settlement Amount by the Settlement Administrator directly to the Class Representative within 20 days of the Effective Date.  The Service Award shall be paid to the Class Representative in addition to the Class Representative's Settlement Class Member Payment.  Allstate agrees not to oppose Class Counsel's request for the Service Award.  The Parties agree that the Court's failure to approve the Service Award, in whole or in part, shall not prevent the Settlement Agreement from becoming Effective, nor shall it be grounds for termination.

104. Class Counsel agree to cap their request for attorneys' fees at thirty percent of the gross Settlement Amount ($7,500,000). Class Counsel agree to cap their request for costs and expenses at $400,000. Allstate agrees not to oppose Class Counsel's request for attorneys' fees of up to thirty percent of the Settlement Amount ($7,500,000), and not to oppose Class Counsel's request for reimbursement of reasonable costs and expenses of up to $400,000. Any award of attorneys' fees, costs, and expenses to Class Counsel shall be payable solely out of the Settlement Amount. The Parties agree that the Court's failure to approve, in whole or in part, any award for attorneys' fees or reduction or modification of any amount sought shall not prevent the Settlement Agreement from becoming Effective, nor shall it be grounds for termination.

105. Absent instructions from the Court, Class Counsel has the authority to allocate and distribute any awarded attorneys' fees, costs, and expenses to other counsel, in its sole discretion. Allstate and Defense Counsel shall have not liability or responsibility for allocation of any such awarded funds, and, in the event that any dispute arises relating to the allocation of fees or costs, Class Counsel, and the Settlement Administrator agree to hold Allstate and Defense Counsel harmless from any and all such liabilities, costs, and expenses of such dispute, including attorneys' fees.

106. Within 14 days of the Effective Date, the Settlement Administrator shall pay Class Counsel all Court-approved attorneys' fees, costs, and expenses.

107. The Parties negotiated and reached agreement regarding attorneys' fees and costs, and the Service Award, only after reaching agreement on all other material terms of this Settlement.

**d.    Termination of Settlement**

108. This Settlement may be terminated by either Plaintiff or Allstate by serving on counsel for the opposing Party and filing with the Court a written notice of termination within 30 days (or such longer time as may be agreed in writing between Plaintiff and Allstate) after any of the following occurrences:

a.    Plaintiff and Allstate agree to termination;

b.    the Court rejects, materially modifies, materially amends or changes, or declines to finally approve the Settlement;

c.    an appellate court vacates or reverses the Final Approval Order, and the Settlement is not reinstated and finally approved without material change by the Court on remand within 360 days after such reversal;

d.    the Effective Date does not occur;

e.    the Commissioner and/or Administrative Law Judge does not approve the Department Agreement;

f.    the Department Agreement is not fully and finally executed and adopted by the Commissioner and/or Administrative Law Judge;

g.    the Stipulation and request for stay of the Department Proceeding referenced in paragraph 17 is not entered;

h.    the Department Proceeding is reinstated prior to the Final Approval Order;

i.    any court certifies, on a conditional basis or otherwise, a class, collective, or representative action involving a claim described in this Action by any member(s) of the Settlement Class;

j.    the Class Representative does not execute the Settlement Agreement or submit a valid and timely objection or opt-out notice;

k.    the Class Representative and/or Class Counsel materially breach the Settlement Agreement; or

l.    any other ground for termination provided for elsewhere in this Agreement.

109.  Allstate also shall have the right to terminate the Settlement by serving on Class Counsel and filing with the Court a notice of termination within 14 days after its receipt from the Settlement Administrator of any report indicating that the number of Settlement Class members who timely request exclusion from the Settlement Class equals or exceeds 5%.

e.      **Effect of a Termination**

110.  In the event of a termination, this Agreement shall be considered null and void; all of Plaintiff's, Class Counsel's, and Allstate's obligations under the Settlement shall cease to be of any force and effect; and the Parties shall return to the status *quo ante* in the Action as if the Parties had not entered into this Agreement. In addition, in the event of such a termination, all of the Parties' respective pre-Settlement rights, claims and defenses will be retained and preserved and any Party may move to lift the stay of the Department Proceeding.  Any and all costs and/or expenses associated with the Notice and administration of the Settlement prior to its termination shall be borne by Allstate.

111.  In the event of a termination, any payments made to the Settlement Administrator shall be returned to Allstate within ten (10) days from the date the Settlement Agreement becomes null and void, less the Settlement Administrator's fees and costs up until the date Allstate notifies the Settlement Administrator that the Agreement is terminated.

112.  The Settlement shall become effective on the Effective Date unless earlier terminated in accordance with the provisions hereof.

113.  In the event the Settlement is terminated in accordance with the provisions of this Agreement, any discussions, offers, or negotiations associated with this Settlement shall not be discoverable or offered into evidence or used in the

Action or any other action or proceeding for any purpose. In such event, all Parties to the Action shall stand in the same position as if this Agreement had not been negotiated, made, or filed with the Court.

114. If the Settlement does not receive final and non-appealable Court approval, Allstate shall not be obligated to make any payments or provide any other monetary or non-monetary relief to Plaintiff or the Settlement Class Members, any attorneys' fees, costs, or expenses to Class Counsel, and/or any Service Award to Plaintiff.

**f.**     **No Admission of Liability**

115. Allstate continues to dispute its liability for the claims alleged in the Action and maintains that its private passenger auto insurance policy pricing and ratemaking practices and representations concerning those practices complied, at all times, with applicable laws and regulations.  Allstate does not admit any liability or wrongdoing of any kind, by this Agreement or otherwise.  Allstate has agreed to enter into this Agreement to avoid the further expense, inconvenience, and distraction of burdensome and protracted litigation, and to be completely free of any further claims that were asserted or could possibly have been asserted in the Action.

116.  Class Counsel believe that the claims asserted in the Action have merit, and they have examined and considered the benefits to be obtained under the proposed Settlement set forth in this Agreement, the risks associated with the

continued prosecution of this complex, costly and time-consuming litigation, and the likelihood of success on the merits of the Action. Class Counsel fully investigated the facts and law relevant to the merits of the claims, conducted significant formal discovery including extensive written discovery and depositions over a period of approximately four years, and conducted independent investigation of the challenged practices. Class Counsel concluded that the proposed Settlement set forth in this Agreement is fair, adequate, reasonable, and in the best interests of the Settlement Class members.

117. The Parties understand and acknowledge that this Agreement constitutes a compromise and settlement of disputed claims. No action taken by the Parties either previously or in connection with the negotiations or proceedings connected with this Agreement shall be deemed or construed to be an admission of the truth or falsity of any claims or defenses heretofore made, or an acknowledgment or admission by any party of any fault, liability, or wrongdoing of any kind whatsoever.

118. Neither the Settlement, nor any act performed or document executed pursuant to or in furtherance of the Settlement: (a) is or may be deemed to be, or may be used as, an admission of, or evidence of, the validity of any claim made by the Plaintiff or Settlement Class members, or of any wrongdoing or liability of the Released Parties; or (b) is or may be deemed to be, or may be used as, an admission

44

of, or evidence of, any fault or omission of any of the Released Parties, in the Action or in any proceeding in any court, administrative agency or other tribunal.

119.  In addition to any other defenses Allstate may have at law, in equity, or otherwise, to the extent permitted by law, this Agreement may be pleaded as a full and complete defense to, and may be used as the basis for an injunction against, any action, suit or other proceeding that may be instituted, prosecuted or attempted in breach of this Agreement or the Releases contained herein.

## XIX.  **Miscellaneous Provisions**

120.  With the exception of the claims brought on behalf of the Settlement Class and resolved pursuant to the terms of the Settlement, Class Counsel currently have no other clients who claim to have experienced the alleged challenged conduct that is the subject of the Lawsuit and who have expressed interest in filing claims related to the alleged challenged conduct against Allstate.

121.  Upon Final Approval, Class Counsel shall take all steps reasonably necessary to effectuate the dismissal with prejudice of the Department Proceeding and shall oppose any attempts to reinstate the Department Proceeding by any person or entity after the Court's Final Approval Order is entered.

122.  Gender and Plurals.  As used in this Agreement, the masculine, feminine or neuter gender, and the singular or plural number, shall each be deemed to include the others whenever the context so indicates.

123. Binding Effect. This Agreement shall be binding upon, and inure to the benefit of, the successors and assigns of the Releasing Parties and the Released Parties.

124. Cooperation of Parties. The Parties to this Agreement agree to cooperate in good faith to prepare and execute all documents, to seek Court approval, uphold Court approval, and do all things reasonably necessary to complete and effectuate the Settlement described in this Agreement.

125. Obligation To Meet And Confer. Before filing any motion in the Court raising a dispute arising out of or related to this Agreement, the Parties shall consult with each other and certify to the Court that they have consulted.

126. Integration. This Agreement constitutes a single, integrated written contract expressing the entire agreement of the Parties relative to the subject matter hereof. No covenants, agreements, representations, or warranties of any kind whatsoever have been made by any Party hereto, except as provided for herein.

127. No Conflict Intended. Any inconsistency between the headings used in this Agreement and the text of the paragraphs of this Agreement shall be resolved in favor of the text.

128. Governing Law. Except as otherwise provided herein, the Agreement shall be construed in accordance with, and be governed by, the laws of the State of California, without regard to the principles thereof regarding choice of law.

129. <u>Counterparts</u>.  This Agreement may be executed in any number of counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument, even though all Parties do not sign the same counterparts.  Original signatures are not required.  Any signature submitted by facsimile or through email of an Adobe PDF shall be deemed an original.

130. <u>Jurisdiction</u>.    The  Court  shall  retain  jurisdiction  over  the implementation, enforcement, and performance of this Agreement, and shall have exclusive jurisdiction over any suit, action, proceeding or dispute arising out of or relating to this Agreement that cannot be resolved by negotiation and agreement by counsel for the Parties.  The Court shall retain jurisdiction with respect to the administration, consummation and enforcement of the Agreement and shall retain jurisdiction for the purpose of enforcing all terms of the Agreement.  The Court shall also retain jurisdiction over all questions and/or disputes related to the Notice program and the Settlement Administrator.  As part of their agreement to render services in connection with this Settlement, the Settlement Administrator shall consent to the jurisdiction of the Court for this purpose.

131. <u>Notices</u>.  All notices to Class Counsel provided for herein, shall be sent by email with a hard copy sent by overnight mail to:

MEHRI & SKALET PLLC
Cyrus Mehri
Jay Angoff, Esq.

2000 K Street, NW
Suite 325
Washington, DC 20016
*Class Counsel*

TYCKO & ZAVAREEI LLP
Andrea Gold, Esq.
2000 Pennsylvania Avenue, NW
Suite 1010
Washington, DC 20006
*Class Counsel*

BERGER MONTAGUE PC
Jeff Osterwise, Esq.
1818 Market Street
Suite 3600
Philadelphia, PA 19103
*Class Counsel*

DLA PIPER LLP (US)
Michael P. O'Day
650 S. Exeter Street
Suite 1100
Baltimore, Maryland 21202
*Counsel for Allstate*

The notice recipients and addresses designated above may be changed by written notice. Upon the request of any of the Parties, the Parties agree to promptly provide each other with copies of objections, requests for exclusion, or other filings received as a result of the Notice program.

132. <u>Modification and Amendment</u>. This Agreement may not be amended or modified, except by a written instrument signed by Class Counsel and counsel for Allstate and, if the Settlement has been approved preliminarily by the Court,

48

approved by the Court.

133.  No Waiver.  The waiver by any Party of any breach of this Agreement by another Party shall not be deemed or construed as a waiver of any other breach, whether prior, subsequent, or contemporaneous, of this Agreement.

134.  No Assignment: Class Counsel and the Named Plaintiff represent and warrant that they have not assigned or transferred, or purported to assign or transfer, to any person or entity, any claim or any portion thereof or interest therein, including, but not limited to, any interest in the Action or any related action, and they further represent and warrant that they know of no such assignments or transfers on the part of any member of the Settlement Class.

135.  Authority.  Class Counsel (for the Plaintiff and the Settlement Class Members), and counsel for Allstate (for Allstate), represent and warrant that the persons signing this Agreement have full power and authority to bind the person, partnership, corporation or entity included within the definitions of Plaintiff and Allstate, for whom they are signing, to all terms of this Agreement.  Any person executing this Agreement in a representative capacity represents and warrants that he or she is fully authorized to do so and to bind the Party on whose behalf he or she signs this Agreement to all of the terms and provisions of this Agreement.

136.  Agreement Mutually Prepared.  Neither Allstate nor Plaintiff shall be considered to be the drafter of this Agreement or any of its provisions for the purpose

49

of any statute, case law, or rule of interpretation or construction that would or might cause any provision to be construed against the drafter of this Agreement.

137.  Calculation of Days: Unless otherwise noted, all references to "days" in this Settlement Agreement shall be to calendar days.  In the event any date or deadline set forth in this Settlement Agreement falls on a weekend or federal legal holiday, such date or deadline shall be on the first business day thereafter.

138. Reasonable Extensions: Unless otherwise ordered by the Court, the Parties may jointly agree to reasonable extensions of time to carry out any of the provisions of this Settlement Agreement.

139.  Stay of Proceedings: All motions, discovery, and other proceedings in the Action shall be stayed until the Court enters the Final Approval Order and Final Judgment, or this Settlement Agreement is otherwise terminated.  The Parties also agree that all motions, discovery, and proceedings in the Department Proceeding are stayed, and the Parties will not take any action in the Department Proceeding until the federal Court enters the Final Approval Order and Final Judgment, or this Settlement Agreement is otherwise terminated.  Upon Entry of the Preliminary Approval Order, all Settlement Class Members shall be barred and enjoined from prosecution  of the Released Claims against any of the Released Parties.

140.  Effect on Court Orders: Nothing in this Settlement Agreement shall alter or abrogate any prior Court orders entered in this Action or the Department

Proceeding, except as necessary to give effect to the agreed upon stay.

141. <u>Best Efforts</u>: The Parties, together with Class Counsel and Defense Counsel, agree to prepare and execute all documents, to seek Court approvals, to defend Court approvals, and to do all things reasonably necessary to complete the Settlement.

142. <u>Independent Investigation and Decision to Settle</u>.  The Parties understand and acknowledge that they: (a) have performed an independent investigation of the allegations of fact and law made in connection with this Action (including but not limited to approximately four years of contested discovery in the Department Proceeding); and (b) that even if they may hereafter discover facts in addition to, or different from, those that they now know or believe to be true with respect to the subject matter of the Action as reflected in this Agreement, that will not affect or in any respect limit the binding nature of this Agreement.  It is the Parties' intention to resolve their disputes in connection with this Action pursuant to the terms of this Agreement now and thus, in furtherance of their intentions, the Agreement shall remain in full force and effect notwithstanding the discovery of any additional facts or law, or changes in law, and this Agreement shall not be subject to rescission or modification by reason of any changes or differences in facts or law, subsequently occurring or otherwise.

143. <u>Receipt of Advice of Counsel</u>.  Each Party acknowledges, agrees, and

specifically warrants that he, she or it has fully read this Agreement and the Release contained herein, received independent legal advice with respect to the advisability of entering into this Agreement and the Release and the legal effects of this Agreement and the Release, and fully understands the effect of this Agreement and the Release

144.  Tax Consequences: No opinion concerning the tax consequences of this Settlement Agreement to any Settlement Class Member is given or will be given by Allstate, Allstate's counsel, or Class Counsel, nor is any Party or his/her/its counsel providing any representation or guarantee regarding the tax consequences of the Settlement as to any Settlement Class Member.

*Counsel for Plaintiff*

Dated: _____9/29/2023_____

MEHRI & SKALET, PLLC
Cyrus Mehri, Esq.
Jay Angoff, Esq.

By: _____Cyrus Mehri_____

Dated: _____9/29/2023_____

TYCKO & ZAVAREEI LLP
Andrea Gold, Esq.

By: _____Andrea Gold_____

52

Dated: _7/31/23_____    BERGER MONTAGUE PC
Jeff Osterwise, Esq.

By: _Jeffrey Osterwise_____

Dated: _7-30-23_____    ANDREA STEVENSON

_Andrea Stevenson_____

Dated: _____    ALLSTATE INSURANCE COMPANY

By: _____

Dated: _____    ALLSTATE INDEMNITY COMPANY

By: _____

Dated: _____    ALLSTATE NORTHBROOK
INDEMNITY COMPANY

By: _____

Dated: _____

BERGER MONTAGUE PC
Jeff Osterwise, Esq.

_____

By: _____

Dated: _____

ANDREA STEVENSON

_____

Dated: 7/31/23

ALLSTATE INSURANCE COMPANY

*Nathan Remmert*
By: Nathan Remmert

Dated: 7/31/23

ALLSTATE INDEMNITY COMPANY

*Nathan Remmert*
By: Nathan Remmert

Dated: 7/31/23

ALLSTATE NORTHBROOK
INDEMNITY COMPANY

*Nathan Remmert*
By: Nathan Remmert

53

*Counsel for Allstate*

Dated: ___7/31/23___

DLA PIPER LLP (US)
Michael P. O'Day, Esq.

54

# Exhibit A

Email Notice

# If You Purchased Automotive Vehicle Insurance from Allstate between July 1, 2016 and September 30, 2022, You May Be Eligible for a Payment from a Class Action Settlement.

*Para una notificacion en Espanol, visitar www.AllstateCaliforniaAutoRatingSettlement.com.*

A $25,000,000 Settlement has been reached in a class action lawsuit alleging that Allstate Insurance Company and Allstate Indemnity Company ("Allstate")[1] used optimization/elasticity of demand (a method of taking into account an individual's or class's willingness to pay a higher premium relative to other individuals or classes) as a rating factor when setting insurance rates, and that this method violated California law. Allstate denies the allegations in the lawsuit and denies that it did anything wrong. The Court has not decided who is right. Those included in the Settlement Class have legal rights and options, such as receiving Settlement benefits or excluding themselves from or objecting to the Settlement.

**WHO IS INCLUDED?**   **Allstate's records indicate that you are a Settlement Class Member.** The Settlement Class includes all current and former Allstate California auto insurance Primary Policy Holders whose total premiums were calculated, at any time on or after July 1, 2016, based on Allstate's selection of a rating factor relativity exceeding both the Current and Indicated rating factor relativities for certain coverages in connection with the Years Licensed and/or Multipolicy rating factors. Specifically, those Primary Policy Holders include (a) any Primary Policy Holder whose premiums were determined based on licensure for 29 or more years and had Comprehensive coverage, (b) any Primary Policy Holder whose premiums were determined based on licensure of 34 or more years and had Collision coverage, and (c) any Primary Policy Holder who in addition to their auto Policy had a condo, life, and/or mobile home Policy and did not have a renters policy. The Policy or policies held by such multipolicy Primary Policy Holders (group (c)) in addition to their auto Policy are the following: Condo; Mobilehome; Life; Owner + Life; Condo + Life; Mobilehome + Life; Condo + PUP; Mobilehome + PUP; Life + PUP; Owner, Life + PUP; Condo, Life + PUP; Mobilehome, Life + PUP.

"Primary Policy Holder" means each person who has an ownership interest in and financial responsibility for a Policy or Policies during the Class Period. There is one Primary Policy Holder for each Policy issued by Allstate, also known as the first named insured on each Policy issued by Allstate. Other persons insured (i.e., additional named insureds) under a Policy are not Primary Policy Holders.

"Policy" means any private passenger auto insurance Policy issued by Allstate in the state of California.

"Class Period" means the period from July 1, 2016, through September 30, 2022.

**SETTLEMENT BENEFITS.**   Allstate will pay $25 million to a Settlement Fund to make payments or give Policy credits to eligible Settlement Class Members as well as to pay Class Counsel's attorneys' fees, costs, notice and administration expenses, and Service Awards. The maximum estimated amounts for the deductions from the $25 million Settlement Fund are as follows: Class Counsel's attorneys' fees ($_____), costs ($_____), notice and administration expenses ($_____) and Service Award ($5,000). After these fees and costs are deducted from the Settlement Fund, the remaining funds (approximately $_____) will be divided by the total number of Settlement Class Members (approximately 1,293,698) to calculate the payment amount for each Settlement Class Member.  All Settlement Class Members will receive an equal payment

---

[1] Although not named as a Defendant in the Action, during the time period covered by the Settlement Allstate Northbrook Indemnity Company issued private passenger auto insurance policies that are covered by the terms of the Settlement and therefore is also a party to the Settlement.  Allstate Northbrook Indemnity Company is included in the definition of "Allstate" as used herein.

amount (estimated at $_____). If the Settlement is approved, payments or Policy credits will *automatically* be made to Settlement Class Members identified in Allstate's records.  If you received this notice by email or mail, you do not need to do anything to receive a payment or Policy credit.  However, if you are a former Allstate customer you may elect to receive a digital payment, instead of a check, online at www.AllstateCaliforniaAutoRatingSettlement.com or by scanning the QR code included below on this notice.

The Settlement also includes additional non-monetary relief which constrains Allstate's ability to implement price optimization in California.

**OTHER OPTIONS.**  If you do not want to be legally bound by the Settlement, you must exclude yourself by _____.  If you do not timely exclude yourself, you will release any claims you have and will not be able to sue Allstate for any claim relating to the lawsuit per the Settlement Agreement and Release as follows:

"As of the Effective Date, Plaintiff and each Settlement Class Member, each on behalf of itself and on behalf of its respective heirs, assigns, beneficiaries and successors ("Releasing Parties"), shall automatically be deemed to have fully and irrevocably released and forever discharged Allstate and each of its present and former parents, subsidiaries, divisions, affiliates, predecessors, successors and assigns, and the present and former directors, officers, employees, agents, insurers, members, attorneys, advisors, consultants, representatives, partners, joint venturers, independent contractors, wholesalers, resellers, distributors, retailers, predecessors, successors and assigns of each of them ("Released Parties"), of and from any claims that were or could have been alleged based on the facts pleaded in the Complaint dated November 5, 2015 and/or any subsequent amended complaint filed in conjunction with the Court's approval of the Settlement ("Released Claims")."

If you stay in the Settlement, you may object to it by _____.

If you wish to exclude yourself from the Settlement Class, you must send a letter to the Settlement Administrator including your full name and current address and statement that you wish to exclude yourself from the Settlement Class in *Stevenson v. Allstate Insurance Co., et al*., Case No. 4:15-cv-04788-YGR (N.D. Cal.).

To be effective you must submit the above information to the following address **postmarked no later than** _____:

[Insert address]

This is a firm deadline for requesting exclusion from the proposed Settlement. You cannot ask to be excluded on the phone, by email, or at the website.

The Court will hold a hearing on _____ to consider whether to approve the Settlement and a request by Class Counsel for attorneys' fees of up to __% of the Settlement Fund plus Class Counsel's costs and expenses, and Service Award to the Class Representative in the amount of $5,000. You may appear at the hearing, but you are not required to attend. You may also hire your own attorney, at your own expense, to appear or speak for you at the hearing.

For more information regarding the Settlement and a copy of the Judgment (once it is available), visit the Settlement Website.

# Exhibit B

Allstate California Auto Insurance
Settlement Administration
P.O. Box XXXX
New York, NY 10150-XXXX

FIRST-CLASS MAIL
U.S. POSTAGE PAID
CITY, ST
PERMIT NO. XXXX

Electronic Sevice Requested

QR CODE
GOES
HERE

<<Barcode>>

Class Member ID: <<Refnum>>

**Postal Service: Please do not mark barcode**

<<FirstName>> <<LastName>>
<<BusinessName>>
<<Address>>
<<Address2>>
<<City>>, <<STATE>> <<Zip>>-<<zip4>>

**If You Had an Allstate Auto Insurance Policy in California at any time between July 1, 2016 and September 30, 2022, You May Be Eligible for a Payment from a Class Action Settlement.**

Para una notificacion en Espanol, visitar www.AllstateCaliforniaAutoRatingSettlement.com.

For more information regarding the Settlement, call the toll free number or visit the Settlement website.

A \$25,000,000 Settlement has been reached in a class action lawsuit alleging that the Allstate Allstate Northbrook Indemnity Company and Allstate Indemnity Company (collectively "Allstate") violated California law by using price optimization (a method of setting prices that takes into account an individual's or class of consumers' willingness to pay a higher price for a product relative to other individuals or classes) when pricing its automobile insurance in California. Allstate denies the allegations in the lawsuit and denies that it did anything wrong. The Court has not decided who is right. Those included in the Settlement Class have legal rights and options, such as receiving Settlement benefits or excluding themselves from or objecting to the Settlement.

**WHO IS INCLUDED?** **Allstate's records indicate that you are a Settlement Class Member.** The Settlement Class includes all current and former Allstate California auto insurance Primary Policy Holders whose total premiums were calculated, at any time on or after July 1, 2016, based on Allstate's selection of a rating factor relativity exceeding both the Current and Indicated rating factor relativities for certain coverages in connection with the Years Licensed and/or MultiPolicy rating factors. Specifically, those Primary Policy Holders include (a) any Primary Policy Holder whose premiums were determined based on licensure for 29 or more years and had Comprehensive coverage, (b) any Primary Policy Holder whose premiums were determined based on licensure of 34 or more years and had Collision coverage, and (c) any Primary Policy Holder who in addition to their auto Policy had a condo, life, and/or mobile home Policy and did not have a renters Policy. The Policy or policies held by such multipolicy Primary Policy Holders (group (c)) in addition to their auto Policy are the following: Condo; Mobilehome; Life; Owner + Life; Condo + Life; Mobilehome + Life; Condo + PUP; Mobilehome + PUP; Life + PUP; Owner, Life + PUP; Condo, Life + PUP; Mobilehome, Life + PUP.

"Primary Policy Holder" means each person who has an ownership interest in and financial responsibility for a Policy or Policies during the Class Period. There is one Primary Policy Holder for each Policy issued by Allstate, also known as the first named insured on each Policy issued by Allstate. Other persons insured (i.e., additional named insureds) under a Policy are not Primary Policy Holders.

1 Although not named as a Defendant in the Action, during the time period covered by the Settlement Allstate Northbrook Indemnity Company issued private passenger auto insurance policies that are covered by the terms of the Settlement and therefore is also a party to the Settlement. Allstate Northbrook Indemnity Company is included in the definition of "Allstate" as used herein.

"Policy" means any private passenger auto insurance Policy issued by Allstate in the state of California.

"Class Period" means the period from July 1, 2016, through September 30, 2022.

If you believe that you are in the Settlement Class, but have not received notice of the Settlement, you may call the toll free number, 1_____, write the Settlement Administrator at [insert address], or send an e-mail to [insert address].

**SETTLEMENT BENEFITS.** Allstate will pay \$25 million to make payments (via check, digital payment, or Policy credit) to eligible Settlement Class Members as well as to pay Class Counsel's attorneys' fees, costs, expenses, costs of Settlement Administration, and a Service Award. After these fees and costs are deducted from the Settlement Fund, the remaining funds (approximately \$_____) will be paid to Settlement Class Members with an equal payment amount of approximately \$\_\_\_\_\_. If the Settlement is approved, payments will automatically be made to Settlement Class Members identified in Allstate's records. You do not need to do anything to receive a payment. However, if you are a former Allstate customer (or choose not to renew your Policy) you may elect to receive a digital payment, instead of a check, online at www.AllstateCaliforniaAutoRatingSettlement.com or by scanning the QR code included below on this notice.

The Settlement also includes additional non-monetary relief which constrains Allstate's ability to implement price optimization measures in California.

**OTHER OPTIONS.** If you do not want to be legally bound by the Settlement, you must exclude yourself by _____, and the Court will exclude you from the Settlement. If you do not timely exclude yourself, you will release any claims you have and will not be able to sue Allstate for any claim relating to the lawsuit. Class members who do not exclude themselves will be bound by any judgement. If you stay in the Settlement, you may object to it by _____. The Detailed Notice available at the website or by calling the toll-free number below includes information on how to exclude yourself or object. The Court will hold a hearing on _____ to consider whether to approve the Settlement and a request by Class Counsel for attorneys' fees of up to \_\_% of the Settlement Amount plus Class Counsel's costs and expenses and a Service Award to the Class Representative in the amount of \$5,000 each. You may appear at the hearing, but you are not required to attend. You may also hire your own attorney, at your own expense, to appear or speak for you at the hearing.

**www.AllstateCaliforniaAutoRatingSettlement.com** **1-XXX-XXX-XXXX**

Exhibit C

IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA

# If You Had an Allstate Auto Insurance Policy in California at any time between July 1, 2016 and September 30, 2022, You May Be Eligible for a Payment from a Class Action Settlement.  You Should Read this Notice as it May Impact Your Legal Rights.

*The United States District Court for the Northern District of California ("the Court") authorized this Notice. This is not a solicitation from a lawyer.* ***This is not a legal action against you and you are not required to take any action to receive benefits that may be approved.***

*Para una notificacion en Espanol, visitar www.AllstateCaliforniaAutoRatingSettlement.com.*

- A $25,000,000 settlement has been reached in a class action case known as *Stevenson v. Allstate Insurance Co., et al.*, Case No. 4:15-cv-04788-YGR (N.D. Cal.) ("Action").  The Plaintiff filed a class action complaint alleging six causes of action pertaining to the alleged use by Allstate Insurance Company and Allstate Indemnity Company of price optimization/elasticity of demand (a method of taking into account an individual's or class's willingness to pay a higher premium relative to other individuals or classes) as a rating factor in California in violation of California's Unfair Competition Law, Cal. Bus. & Prof. Code § 17200 et seq. ("UCL"), California's False Advertising Law, Cal. Bus. & Prof. Code § 17500 et seq. ("FAL"), and the California Insurance Code, and as unjust enrichment.  Allstate denies the Plaintiff's allegations and denies that it did anything wrong. The Court has not decided who is right.

- A settlement of this lawsuit ("Settlement") has been negotiated which, if approved by the Court, may entitle you to an automatic payment.  By entering into the Settlement, Allstate[1] has not admitted the truth or validity of any of the claims against it. Your rights and options under the Settlement—and the deadlines to exercise them—are explained below.

- Your legal rights are affected whether you act or do not act.  Read this notice carefully.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT: | |
|---|---|
| **EXCLUDE YOURSELF** | Get no benefits from the Settlement.  This is the only option that allows you to start or remain part of any other lawsuit against Allstate about the legal claims in this case. |
| **OBJECT** | Write to the Court about why you do not like the Settlement. |
| **GO TO A HEARING** | Ask to speak in Court about the fairness of the Settlement. |
| **DO NOTHING** | If you received a notice by email or in the mail about this Settlement, a payment will automatically be issued to you for the amount you are eligible to receive, if the Settlement is approved.  If you are a current Allstate customer, you will receive your payment as policy credit after |

---

[1] "Allstate" refers to Allstate Insurance Company, Allstate Indemnity Company, and Allstate Northbrook Indemnity Company.  Although not named as a Defendant in the Action, during the time period covered by the Settlement Allstate Northbrook Indemnity Company issued private passenger auto insurance policies that are covered by the terms of this Settlement and therefore is also a party to this Settlement.

QUESTIONS? CALL 1-_____ OR VISIT WWW.ALLSTATECALIFORNIAAUTORATINGSETTLEMENT.COM

|  | the Settlement is approved so long as you remain an Allstate customer at the time the payment is made.  If you are a former Allstate customer or are no longer an Allstate customer at the time payment is made you will receive your payment as a check, unless you elect to receive a digital payment.  You may elect to receive a digital payment online at www.AllstateCaliforniaAutoRatingSettlement.com or by scanning the QR code included below on this notice.  You will give up your rights to sue Allstate about the legal claims in this case. |

- These rights and options—**and the deadlines and requirements to exercise them**—are explained in this notice.

- This Notice summarizes the proposed Settlement. For the precise terms and conditions of the Settlement, you may (1) see the Settlement Agreement available at www.AllstateCaliforniaAutoRatingSettlement.com, or by scanning the QR included below on this notice; (2) contact Class Counsel representing the Settlement Class (contact info listed under Question ☐ below); (3) access the Court docket in this case, for a fee, through the Court's Public Access to Court Electronic Records (PACER) system at https://ecf.cand.uscourts.gov; or (4) visit the office of the Clerk of Court for the United States District Court for the Northern District of California, Phillip Burton Federal Building & United States Courthouse, 450 Golden Gate Avenue, 16th Floor, San Francisco, CA 94102, between 9:00 a.m. and 4:00 p.m., Monday through Friday, excluding Court holidays.

- The Court presiding over this case still has to decide whether to approve the Settlement.  If it does, and after any appeals are resolved, benefits will be distributed to those who qualify.  Please be patient as this process sometimes takes a long time.

**PLEASE DO NOT TELEPHONE THE COURT OR THE COURT CLERK'S OFFICE TO INQUIRE ABOUT THIS NOTICE, THIS SETTLEMENT, OR THE CLAIMS PROCESS.**

| WHAT THIS NOTICE CONTAINS |
|---|

**BASIC INFORMATION**..................................................................................................... PAGE 3

    1. Why is this Notice being provided?
    2. What is this lawsuit about?
    3. Why is this a class action?
    4. Why is there a Settlement?

**WHO IS IN THE SETTLEMENT**....................................................................................... PAGE 4

    5. How do I know if I am part of the Settlement?
    6. What if I am not sure whether I am included in the Settlement?

**THE SETTLEMENT BENEFITS—WHAT YOU GET IF YOU QUALIFY** ............................................. PAGE 4

    7. What does the Settlement provide?

**HOW TO GET A PAYMENT**............................................................................................ PAGE 5

    8. How can I get a payment?
    9. When will I get my payment?
    10. What am I giving up to get a payment?

**EXCLUDING YOURSELF FROM THE SETTLEMENT**............................................................... PAGE 6

    11. If I exclude myself, can I get anything from this Settlement?
    12. If I do not exclude myself, can I sue later?
    13. How do I get out of the Settlement?

**THE LAWYERS REPRESENTING YOU** ............................................................................... PAGE 7

    14. Do I have a lawyer in the case?
    15. How will the lawyers be paid?

**OBJECTING TO THE SETTLEMENT**................................................................................ PAGE 7

    16. How do I tell the Court if I do not like the Settlement?
    17. What is the difference between objecting and asking to be excluded?

**THE COURT'S FINAL APPROVAL HEARING** .................................................................... PAGE 8

    18. When and where will the Court decide whether to approve the Settlement?
    19. Do I have to come to the hearing?

**IF YOU DO NOTHING**................................................................................................. PAGE 9

    20. What happens if I do nothing?

**GETTING MORE INFORMATION** .................................................................................... PAGE 9

    21. How do I get more information?

# BASIC INFORMATION

## 1. Why is this Notice being provided?

A Court authorized this notice because you have a right to know about a proposed Settlement of this class action lawsuit and about all of your options before the Court decides whether to give "final approval" to the Settlement. This notice explains the lawsuit, the Settlement, your legal rights, what benefits are available, who may be eligible for those benefits, and how to get them.

Judge Yvonne Gonzalez Rogers of the United States District Court for the Northern District of California is overseeing this class action.  The Settlement resolves the case known as *Stevenson v. Allstate Insurance Co., et al.*, Case No. 4:15-cv-04788-YGR (N.D. Cal.).

The person who sued is called the "Plaintiff," and the companies sued, Allstate Insurance Company and Allstate Indemnity Company, are called collectively "Allstate" or "Defendants."[2]

## 2. What is this lawsuit about?

In California, as in other states, drivers are required to maintain auto insurance. Auto insurance companies are not permitted to determine auto insurance premiums based on what the market will bear, but instead must determine premiums based on those rating factors that the Insurance Commissioner has approved as having a substantial relationship to the risk of loss.  This case was brought as a class action complaint alleging that Allstate violated California's Unfair Competition Law, Cal. Bus. & Prof. Code § 17200 et seq. ("UCL"), California's False Advertising Law, Cal. Bus. & Prof. Code § 17500 et seq. ("FAL"), and California Insurance Code, § 1861.10, and that Allstate was unjustly enriched enrichment, by improperly using price optimization/elasticity of demand (a policyholders' or class of policyholders' willingness to tolerate a price increase as a compared to other policyholders or other classes of policyholders) as a factor in calculating premiums in California.  This notice is just a summary of the allegations. The complaint in the lawsuit is posted at www.AllstateCaliforniaAutoRatingSettlement.com and contains all of the allegations. Allstate denies these allegations; however, in order to avoid the expense, inconvenience, and distraction of continued litigation, Allstate has agreed to the Settlement described herein.

## 3. Why is this a class action?

In a class action, one or more people called Settlement Class Representatives (in this case Andrea Stevenson) sue on behalf of people who have similar claims.  All of these people are a "Settlement Class" or "Settlement Class Members."  One court resolves the issues for all Settlement Class Members, except for those who timely exclude themselves from the Settlement Class.

## 4. Why is there a Settlement?

The Court did not decide in favor of Plaintiff or Defendants.  Instead, both sides agreed to settle this case to avoid the cost and risk of a trial. The proposed Settlement does not mean that any law was broken or that the Defendants did anything wrong.  Defendants deny all legal claims in this case. Plaintiff and her lawyers think that in light of litigation uncertainties and the lengthy delay that would

---

[2] Although not named as a Defendant in the Action, during the time period covered by the Settlement Allstate Northbrook Indemnity Company issued private passenger auto insurance policies that are covered by the terms of the Settlement and therefore is also a party to the Settlement and included in the definition of "Allstate."

result from a trial and possible appeal, the proposed Settlement is in the best interest of the Settlement Class Members.

## WHO IS IN THE SETTLEMENT

To see if you will be affected by the Settlement or if you can get a payment from it, you first have to determine if you are a Settlement Class Member.

**5. How do I know if I am part of the Settlement?**

If you received notice of the Settlement by email or by mail then Allstate's records show you may be a member of the Settlement Class. But even if you did not receive a notice, you may still be a member of the Settlement Class.

The Proposed "Settlement Class" is composed of:

All current and former Allstate California auto insurance Primary Policy Holders whose total premiums were calculated, at any time on or after July 1, 2016, based on Allstate's selection of a rating factor relativity exceeding both the Current and Indicated rating factor relativities for certain coverages in connection with the Years Licensed and/or Multipolicy rating factors.  Specifically, those Primary Policy Holders include (a) any Primary Policy Holder whose premiums were determined based on licensure for 29 or more years and had Comprehensive coverage, (b) any Primary Policy Holder whose premiums were determined based on licensure of 34 or more years and had Collision coverage, and (c) any Primary Policy Holder who in addition to their auto policy had a condo, life, and/or mobile home policy and did not have a renters policy.  The policy or policies held by such multipolicy Primary Policy Holders (group (c)) in addition to their auto Policy are the following: Condo; Mobilehome; Life; Owner + Life; Condo + Life; Mobilehome + Life; Condo + PUP; Mobilehome + PUP; Life + PUP; Owner, Life + PUP; Condo, Life + PUP; Mobilehome, Life + PUP.

"Primary Policy Holder" means each person who has an ownership interest in and financial responsibility for a Policy or Policies during the Class Period.  There is one Primary Policy Holder for each Policy issued by Allstate, also known as the first named insured on each Policy issued by Allstate.  Other persons insured (i.e., additional named insureds) under a Policy are not Primary Policy Holders.

"Policy" means any private passenger auto insurance policy issued by Allstate in the state of California.

"Class Period" means the period from July 1, 2016, through September 30, 2022.

Excluded from the Settlement Class are (a) officers, directors, and employees of Allstate; (b) the judge overseeing the proposed settlement and the judge's immediate family and (c) all Primary Policy Holders who make a timely election to be excluded.

**6. What if I am not sure whether I am included in the Settlement?**

If you are not sure whether you are in the Settlement Class, or have any other questions about the Settlement, visit the Settlement Website at www.AllstateCaliforniaAutoRatingSettlement.com or call the toll free number, 1-_____.  You may also write with questions to [Insert address].

# THE SETTLEMENT BENEFITS—WHAT YOU GET IF YOU QUALIFY

If the Settlement is approved and becomes final, it will provide benefits to Settlement Class Members.

## 7. What does the Settlement provide?

Allstate will pay $25 million to a Settlement Fund to make payments or give policy credits to Settlement Class Members at the direction of the Settlement Administrator as well as to pay Class Counsel's attorneys' fees, costs, notice and administration expenses, and Service Award. The maximum estimated amounts for the deductions from the $25 million Settlement Fund are as follows: Class Counsel's attorneys' fees ($_____), costs ($_____), notice and administration expenses ($_____) and Service Award ($5,000). After these fees and costs are deducted from the Settlement Fund, the remaining funds (approximately $_____) will be divided by the total number of Settlement Class Members (approximately 1,293,698) to calculate the payment amount for each Settlement Class Member. All Settlement Class Members will receive an equal payment amount (estimated at $_____).

Settlement Class Members who are "Remaining Current Policy Holders" will receive a credit. "Non–Remaining Current Policy Holders" and those Settlement Class Members who are no longer Policyholders will receive their Settlement Class Member Payment by paper check, unless they elect to receive a digital electronic payment.

"Remaining Current Policy Holder" means a Settlement Class Member who continues to have his or her Policy as of the Effective Date and who remains a current Primary Policy Holder as of the Payment Date.

"Non–Remaining Current Primary Policy Holder" means a Settlement Class Member who continues to have his or her Policy as of the Effective Date and who is no longer a Primary Policy Holder as of the Payment Date.

"Effective Date" means the day following: (A) the entry by the Court of the Final Order and Judgment: (i) affirming certification of the Settlement Class; (ii) finding the Settlement Agreement to be fair, adequate and reasonable; (iii) finding that the Notice to the Class of the Settlement Agreement was fair, adequate and reasonable; (iv) resolving any and all objections to the fairness and reasonableness of the Settlement Agreement, if any; and (B) the expiration of the deadline for seeking appellate review of the Final Order and Judgment if no appeal is sought; or the day following the date all appellate courts with jurisdiction affirm the Final Judgment and Order with no possibility of further appellate review existing.

"Payment Date" means that date occurring after the Effective Date on which Allstate credits the Policy of a Remaining Current Primary Policy Holder, or would credit the Policy of a Non-Remaining Current Primary Policy Holder, if such Policy Holder were a Remaining Current Policy Holder."

"Payment Period" means the period beginning on the Effective Date and ending 120 days after the Effective Date.

The Settlement also includes additional non-monetary relief which constrains Allstate's ability to implement price optimization measures in California.

Details on all of the settlement benefits are in the Settlement Agreement, which is available at www.AllstateCaliforniaAutoRatingSettlement.com.

# HOW TO GET A PAYMENT

## 8. How can I get a payment?

If you received a notice by email or in the mail telling you that you are Settlement Class Member, you will receive an automatic payment or policy credit once the Settlement is approved by the Court and the Effective Date passes, provided you have not requested exclusion from the Settlement (*see* — "Excluding Yourself From The Settlement" below).   If you are a former Allstate customer (or choose to cancel your policy prior to issuance of a credit) you will receive your payment as a check, unless you elect to receive a digital electronic payment.  You may elect to receive a digital payment online at www.AllstateCaliforniaAutoRatingSettlement.com or by scanning the QR code included below on this notice.

If you did not receive a notice by email or in the mail and believe you are a Settlement Class Member, please contact the Settlement Administrator at www.AllstateCaliforniaAutoRatingSettlement.com or by calling 1-_____.

## 9. When will I get my payment?

Payments and policy credits will be made after the Effective Date, which comes after Court grants "final approval" to the Settlement and after any appeals are resolved (*see* "The Court's Final Approval Hearing" below).  It is uncertain when the Court will decide to approve or disapprove the proposed Settlement and whether any appeals will be filed.  Please be patient.

## 10. What am I giving up to get a payment?

If the Settlement becomes final, Settlement Class Members who do not timely request exclusion from the Settlement will be releasing Allstate per the Settlement Agreement and Release as follows:

> "As of the Effective Date, Plaintiff and each Settlement Class Member, each on behalf of itself and on behalf of its respective heirs, assigns, beneficiaries and successors ("Releasing Parties"), shall automatically be deemed to have fully and irrevocably released and forever discharged Allstate and each of its present and former parents, subsidiaries, divisions, affiliates, predecessors, successors and assigns, and the present and former directors, officers, employees, agents, insurers, members, attorneys, advisors, consultants, representatives, partners, joint venturers, independent contractors, wholesalers, resellers, distributors, retailers, predecessors, successors and assigns of each of them ("Released Parties"), of and from any claims that were or could have been alleged based on the facts pleaded in the Complaint dated November 5, 2015 and/or any subsequent amended complaint filed in conjunction with the Court's approval of the Settlement ("Released Claims")."

This means you will no longer be able to sue Allstate regarding any of the claims described in the Settlement Agreement.

The Settlement Agreement is available at www.AllstateCaliforniaAutoRatingSettlement.com.  The Settlement Agreement provides more detail regarding the release and describes the released claims with specific descriptions in necessary, accurate legal terminology, so read it carefully. You can talk to the law firms representing the Settlement Class listed in the section "The Lawyers Representing You" for free or you can, at your own expense, talk to your own lawyer if you have any questions about the released claims or what they mean.

# EXCLUDING YOURSELF FROM THE SETTLEMENT

If you do not want to participate in this proposed Settlement and you want to keep the right to sue Allstate about the legal issues in this case, then you must take steps to opt out of the Settlement. This is called asking to be excluded from, or sometimes called "opting out" of, the Settlement Class.

### 11. If I exclude myself, can I get anything from this Settlement?

No. If you exclude yourself, you may not apply for any benefits under the Settlement and you cannot object to the proposed Settlement.  If you ask to be excluded, however, you will retain any right you have to sue or be part of a different lawsuit against the Defendants in the future.  You will not be bound by anything that happens in this lawsuit.

### 12. If I do not exclude myself, can I sue later?

No, not over the issues raised in this case.

### 13. How do I get out of the Settlement?

If you wish to exclude yourself from the Settlement Class, you must send a letter to the Settlement Administrator including your full name and current address and statement that you wish to exclude yourself from the Settlement Class in *Stevenson v. Allstate Insurance Co., et al.*, Case No. 4:15-cv-04788-YGR (N.D. Cal.).

To be effective you must submit the above information to the following address **postmarked no later than _____** :

[insert address]

This is a firm deadline for requesting exclusion from the proposed Settlement.  You cannot ask to be excluded on the phone, by email, or at the website.

## THE LAWYERS REPRESENTING YOU

### 14. Do I have a lawyer in the case?

The Court approved the law firms of Mehri & Skalet PLLC, Tycko & Zavareei LLP and Berger Montague PC, as Class Counsel to represent the Settlement Class. You will not be charged separately for these lawyers.  If you wish to be represented by your own lawyer in this case, you may hire one at your own expense.

### 15. How will the lawyers be paid?

Class Counsel will apply to the Court for an award of attorneys' fees of up to $_____ plus costs and expenses (capped at $_____) for investigating the facts, litigating the cases, and negotiating the Settlement. To date, Class Counsel have not received any payment for their services in conducting this Action on behalf of the Settlement Class Representative and the Settlement Class, nor have Class Counsel been reimbursed for their costs and expenses to date in this case. Class Counsel will also request the Court to award a Service Award of $5,000 to the Settlement Class Representative in recognition of her service to the Settlement Class. The amount of the fees, expenses and service award will be determined by the Court. Class Counsel's contact information is as follows:

### CLASS COUNSEL

| MEHRI & SKALET PLLC<br>Cyrus Mehri, Esq.<br>Jay Angoff, Esq.<br>1250 Connecticut Ave. NW,<br>Suite 300<br>Washington, DC 20036 | TYCKO & ZAVAREEI LLP<br>Andrea Gold, Esq.<br>2000 Pennsylvania Ave, N.W.,<br>Suite 1010<br>Washington, DC 20006 | BERGER MONTAGUE PC<br>Jeff Osterwise, Esq.<br>1818 Market Street,<br>Suite 3600<br>Philadelphia, PA 19103 |
|---|---|---|

## OBJECTING TO THE SETTLEMENT

### 16. How do I tell the Court if I do not like the Settlement?

You can object to the Settlement if you do not like some part of it. You cannot ask the Court to order a different settlement; the Court can only approve or reject the Settlement.

Any objection to the proposed Settlement must be in writing. If you submit a timely written objection, you may, but are not required to, appear at the Final Approval Hearing, either in person or through your own attorney. If you appear through your own attorney, you are responsible for hiring and paying that attorney.

All objections must:

    a. clearly identify the case name and case number of this Action (*Stevenson v. Allstate Insurance Co.*, et al., Case No. 4:15-cv-04788-YGR (N.D. Cal.));

    b. state your full name, current address, and phone number;

    c. state whether the objection applies only to you, to a specific subset of the Settlement Class, or to the entire Settlement Class;

    d. state with specificity the grounds for the objection;

    e. include a Notice of Intention to Appear in the body of the objection, if you wish to appear and be heard at the Final Approval Hearing.

Your objection must be submitted to the Court either by mailing it to the Clerk of Court for the United States District Court for the Northern District of California, Phillip Burton Federal Building & United States Courthouse, 450 Golden Gate Avenue, Box 36060, San Francisco, CA 94102, or by filing it in person at any location of the United States District Court for the Northern District of California. Your objection must be **filed or postmarked no later than _____**. This is a firm deadline. Objections postmarked after this date will not be recognized.

### 17. What is the difference between objecting and asking to be excluded?

Objecting is simply telling the Court that you do not like something about the Settlement. You can object only if you stay in the Settlement Class. Excluding yourself is telling the Court that you do not want to be part of the Settlement Class. If you exclude yourself, you cannot object to the Settlement and you will not be eligible to apply for any benefits under the Settlement because the case no longer affects you.

## THE COURT'S FINAL APPROVAL HEARING

QUESTIONS? CALL 1-_____ OR VISIT WWW.ALLSTATECALIFORNIAAUTORATINGSETTLEMENT.COM

## 18. When and where will the Court decide whether to approve the Settlement?

The Court will hold a Final Approval Hearing at 2:00 p.m. on _____, at the United States District Court for the Northern District of California, United States Courthouse, Courtroom 1 on the 4th Floor, 1301 Clay Street, Oakland, CA 94612. At the Final Approval Hearing, the Court will consider whether the proposed Settlement is fair, reasonable, and adequate. The Court may also consider Class Counsel's request for attorneys' fees, costs and expenses, and Service Award. If there are objections received by the deadline, the Court may consider them. After the Final Approval Hearing, the Court will decide whether to approve the Settlement and how much to award in attorneys' fees, costs and expenses, as well as the Service Award. The Court is limited to approving or denying the proposed Settlement, and that it cannot change the terms of the Settlement Agreement.

The Final Approval Hearing may be moved to a different date or time without additional notice, so it is recommended that you periodically check www.AllstateCaliforniaAutoRatingSettlement.com or call the toll-free number for updated information.

## 19. Do I have to come to the hearing?

No. Class Counsel will answer any questions the Court may have. However, you are welcome to attend the hearing at your own expense. If you send in a written objection, you do not have to come to the Final Approval Hearing to talk about it. As long as you filed or mailed your written objection on time, the Court may consider it. You may also pay your own lawyer to attend the Final Approval Hearing, but their attendance is not necessary.

# IF YOU DO NOTHING

## 20. What happens if I do nothing?

If you are a Settlement Class Member and received a notice by email or in the mail telling you that you will receive an automatic payment or policy credit, you do not need to do anything in order to receive your payment or policy credit (provided the Court approves the Settlement). If you *did not* receive a notice by email or in the mail telling you that you will receive an automatic payment or policy credit and do nothing, you *will not* get a payment or policy credit from this Settlement. In addition, unless you exclude yourself, you will not be able to start a lawsuit, continue with a lawsuit, or be part of any other lawsuit against the Defendant about the claims in this case, ever again.

# GETTING MORE INFORMATION

## 21. How do I get more information?

This notice summarizes the proposed Settlement. More details are in the Settlement Agreement. The Settlement Agreement and other relevant documents are available at www.AllstateCaliforniaAutoRatingSettlement.com. You also may write with questions to [insert address]. Inquiries should NOT be directed to the Court.

# [PLACEHOLDER FOR QR CODE]

# Exhibit D

Date:

Policy No: [ ] [Legal Entity - Underwriting company]

Dear:

Recently you were sent a notice in the mail informing you that you are a Settlement Class Member in the class action settlement Stevenson v. Allstate Insurance Co., et al., Case No. 4:15-cv-04788-YGR (N.D. Cal.).  That notice indicated that you were eligible for a payment once the Settlement is approved by the Court. This Settlement has now been approved and all Settlement Class Members will receive an equal payment amount of $_____.  Your Allstate billing account has recently been credited $_____. This payment will offset any pending balance you have on your Allstate billing account.  After the payment is applied, if the remaining balance on the billing account is a credit greater than $2.00 you will receive a refund.  If the balance on your billing account is less than $2.00 after application of the credit, the remaining credit will stay on your account and will be applied to any future charges incurred or refunded if your policy is cancelled.

To the extent you would like additional information about the Settlement, visit the Settlement website at www.AllstateCaliforniaAutoRatingSettlement.com or write to _____.

Sincerely,
[Legal entity – UW company]

Agent No: