# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDREA STEVENSON, individually and on behalf of all others similarly situated,<br><br>        Plaintiffs,<br><br>        v.<br><br>ALLSTATE INSURANCE CO., and ALLSTATE INDEMNITY CO,<br><br>        Defendants. | Case No.: 4:15-cv-04788-YGR<br><br>**[PROPOSED] ORDER GRANTING PLAINTIFF'S MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT** |

1.    **WHEREAS**, Plaintiff Andrea Stevenson ("Class Representative"), on behalf of herself and the Settlement Class as defined below, and Defendants Allstate Insurance Co. and Allstate Indemnity Co. ("Defendants") (collectively, the "Parties") entered into a Settlement Agreement on July 28, 2023, which sets forth the terms and conditions for a proposed settlement of this Action and for its dismissal with prejudice upon the terms and conditions set forth therein, subject to Court approval;

2.    **WHEREAS**, Plaintiff has moved the Court for an order (i) preliminarily approving the Settlement under Federal Rule of Civil Procedure 23, (ii) preliminarily certifying the Settlement Class for settlement purposes only, as defined below, (iii) appointing the named Plaintiff as Class Representative and Plaintiff's counsel as Class Counsel, (iv) directing notice as set forth herein, and (v) scheduling the Final Approval Hearing;

3.    **WHEREAS**, the Settlement is the product of informed, arms'-length settlement negotiations in mediations conducted before the neutral mediator Sanford Kingsley and subsequent further months-long negotiations finalizing the Settlement;

4.    **WHEREAS**, the Court is familiar with and has reviewed the record, the Settlement Agreement, Plaintiff's Notice of Motion and Motion for Preliminary Approval of Class Action Settlement, the Memorandum of Points and Authorities in Support Thereof, and the supporting Declarations, and has found good cause for entering the following Order; and

5.    **WHEREAS**, unless otherwise specified, all capitalized terms used herein have the same meaning as set forth in the Settlement Agreement.

6.    **NOW THEREFORE, it is hereby ORDERED and ADJUDGED as follows:**

1.    The Court finds that it has jurisdiction over the subject matter of this Action and over all Parties to the Action.

2.    Plaintiff has moved the Court for an order (i) preliminarily approving the Settlement of the Action under Federal Rule of Civil Procedure 23, (ii) finding that the Court will likely be able to certify the Settlement Class for settlement purposes only, and (iii) directing notice as set forth herein.

3.    The Court preliminarily finds that, subject to the Final Approval Hearing, the Settlement Agreement, including the exhibits attached thereto, is fair, reasonable, and adequate pursuant to Federal Rule of Civil Procedure 23, is within the range of possible approval, and is in the best interests of the Settlement Class defined below.

4.    The Court further finds that the Settlement Agreement substantially fulfills the purposes and objectives of the class action and provides substantial relief to the Settlement Class without the risks, burdens, costs, or delay associated with continued litigation, trial, and/or appeal. The Court also finds that the Settlement Agreement: (a) is the result of arm's-length negotiations between experienced class action attorneys; (b) is sufficient to warrant notice of the Settlement and the Final Approval Hearing to be disseminated to the Settlement Class; (c) meets all applicable requirements of law, including Federal Rule of Civil Procedure 23 and the Class Action Fairness Act, 28 U.S.C. § 1715, the United States Constitution, and the United States District Court for the Northern District of California's Procedural Guidance for Class Action Settlements; and (d) is not a finding or admission of liability by Defendants or any other person(s), nor a finding of the validity of any claims asserted in the Action or of any wrongdoing or any violation of law.

5.    **Certification of the Settlement Class**. For purposes of settlement only: (a) Cyrus Mehri and Jay Angoff of Mehri & Skalet PLLC, Andrea R. Gold of Tycko & Zavareei LLP, and Jeffrey Osterwise of Berger Montague PC are appointed as Class Counsel for the Settlement Class; and (b) Plaintiff Andrea Stevenson is appointed Class Representative for the Settlement Class.   The Court finds that these attorneys are competent and capable of exercising the responsibilities of Class Counsel and that Class Representative will adequately protect the interests of the Settlement Class defined below.

7.    For purposes of settlement only, the Court conditionally certifies the following Settlement Class as defined in the Settlement Agreement:

8.    "All current and former Allstate California auto insurance Primary Policy Holders whose total premiums were calculated, at any time on or after July 1, 2016, based on Allstate's selection of a rating factor relativity exceeding both the Current and Indicated rating factor relativities for certain coverages in connection

with the Years Licensed and/or Multipolicy rating factors. Specifically, those Primary Policy Holders include (a) any Primary Policy Holder whose premiums were determined based on licensure for 29 or more years and had Comprehensive coverage, (b) any Primary Policy Holder whose premiums were determined based on licensure of 34 or more years and had Collision coverage, and (c) any Primary Policy Holder who in addition to their auto policy had a condo, life, and/or mobile home policy and did not have a renters policy. The policy or policies held by such multipolicy Primary Policy Holders (group (c)) in addition to their auto Policy are the following: Condo; Mobilehome; Life; Owner + Life; Condo + Life; Mobilehome + Life; Condo + PUP; Mobilehome + PUP; Life + PUP; Owner, Life + PUP; Condo, Life + PUP; Mobilehome, Life + PUP." Settlement Agreement ¶ 58."

9. The Settlement Agreement defines "Primary Policy Holder" as "each person who has an ownership interest in and financial responsibility for a Policy or Policies during the Class Period" and explains that "[t]here is one Primary Policy Holder for each Policy issued by Allstate, also known as the first named insured on each Policy issued by Allstate." *Id.* at ¶ 47.

10. The Settlement Agreement defines "Policy" as "any private passenger auto insurance policy issued by Allstate in the state of California." *Id.* at ¶ 46.

11. The Class Period shall be from September 16, 2016, to September 30, 2022. *Id.* at ¶ 26.

12. Excluded from the Settlement Class are: (a) officers, directors, and employees of Allstate; (b) the judge overseeing the proposed settlement and the judge's immediate family and (c) all Primary Policy Holders who make a timely election to be excluded. *Id.* at ¶ 58.

13. The Court finds, subject to the Final Approval Hearing referred to in Paragraph 10 below, that, within the context of and for the purposes of settlement only, the Settlement Class satisfies the requirements of Federal Rule of Civil Procedure 23. Specifically, the Court finds that: (a) the Settlement Class is so numerous that joinder of all members is impracticable; (b) there are questions of fact and law common to the Settlement Class; (c) the claims of the Class

Representative are typical of the claims of the members of the Settlement Class; (d) the Class Representative and Class Counsel will fairly and adequately protect the interests of the members of the Settlement Class; (e) common questions of law or fact predominate over questions affecting individual members; and (f) a class action is a superior method for fairly and efficiently adjudicating the Action.

14.    If the Settlement Agreement does not receive the Court's final approval, if final approval is reversed on appeal, or if the Settlement Agreement is terminated or otherwise fails to become effective, the Court's grant of conditional class certification of the Settlement Class shall be vacated, the Parties shall revert to their positions in the Action as they existed before the Settlement Agreement's execution date, July 28, 2023, and the Class Representative and the Settlement Class Members will once again bear the burden to prove the propriety of class certification and the merits of their claims at trial.

6.    **Notice and Administration**.  Pursuant to Federal Rule of Civil Procedure 23(e), the Court finds that it has sufficient information to enable it to determine whether to give notice of the proposed Settlement to the Settlement Class. The Court further finds that the proposed Settlement and Notice Program meet the requirements of Rule 23(e) and that the Court will likely be able to certify the Settlement Class for purposes of judgment on the Settlement.

15.    The Notice Program described in the Motion for Preliminary Approval and the forms of notice attached thereto satisfy the requirements of Federal Rule of Civil Procedure 23 and are approved. Non-material modifications to the notices may be made by the Settlement Administrator without further order of the Court, so long as they are approved by the Parties and consistent in all material respects with the Settlement Agreement and this Order. The Settlement Administrator is directed to carry out the Notice Program in conformity with the Settlement Agreement and the below-stated schedule, and to perform all other tasks that the Settlement Agreement requires. Class Counsel shall file an appropriate affidavit by the Settlement Administrator with respect to complying with the provisions of the Notice Program at least 14 days prior to the Final Approval Hearing.

ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT
CASE NO. 4:15-cv-04788-YGR

16.    The Court further finds that the form, content, and method of giving notice to the Settlement Class as described in the Notice Program submitted with the Motion for Preliminary Approval: (a) constitute the best practicable notice to the Settlement Class; (b) are reasonably calculated, under the circumstances, to apprise Settlement Class Members of the pendency of the Action, the terms of the proposed Settlement, and their rights to object to the Settlement and to exclude themselves from the Settlement Class; (c) are reasonable and constitute due, adequate, and sufficient notice to those persons entitled to receive notice; and (d) satisfy the requirements of Federal Rule of Civil Procedure 23, the constitutional requirement of due process, and any other legal requirements. The Court finds that the notices are written in plain language, use simple terminology, and are designed to be readily understandable by Settlement Class Members.  The Court further finds that the Notice Program fully complies with the United States District Court for the Northern District of California's Procedural Guidance for Class Action Settlements.

17.    The Parties have selected, Kroll Settlement Administration LLC to serve as the Settlement Administrator. The Court hereby appoints and authorizes Kroll Settlement Administration LLC to be the Settlement Administrator, and to perform and execute the notice responsibilities set forth in the Settlement Agreement and by this Court.

18.    The Settlement Administrator shall make all necessary efforts and precautions to ensure the security and privacy of Settlement Class Member information and protect it from loss, misuse, unauthorized access and disclosure, and to protect against any reasonably anticipated threats or hazards to the security of Settlement Class Member information; shall not use the information provided by Defendants or Class Counsel in connection with the Settlement or this Notice Program for any purposes other than providing notice or conducting settlement administration; and shall not share Settlement Class Member information with any third parties without advance consent from the Parties.

19.    The Court finds that Kroll Settlement Administration LLC will comply with the notice provisions of the Class Action Fairness Act of 2005, 28 U.S.C. § 1715, as described in

ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT
CASE NO. 4:15-cv-04788-YGR

the Declaration of Scott M. Fenwick of Kroll Settlement Administration LLC Re: Proposed Notice Program.

20.    The Court orders Kroll Settlement Administration LLC to commence the Notice Program as soon as practicable after entry of this Preliminary Approval Order, and orders Allstate to provide a list of Settlement Class members to Kroll Settlement Administration LLC by no later than 30 days after entry of this Preliminary Approval Order. Pursuant to the terms and requirements of the Settlement Agreement, Kroll Settlement Administration LLC will complete the Notice Program no later than 90 days after entry of this Preliminary Approval Order. The deadline for Settlement Class Members to object to or request exclusion from the Settlement shall be 120 days after entry of this Preliminary Approval Order.

7.    **Opting-Out from Settlement Class**. Any person falling within the definition of the Settlement Class may, upon request, be excluded or "opt out" from the Settlement Class. Any such person who desires to opt out must submit written notice of such intent via United States mail to the Settlement Administrator at the designated address included in the Notice. To be effective, the written notice seeking exclusion shall be postmarked no later than the deadline stated in the Notice, which shall be 120 days after entry of this Preliminary Approval Order.

21.    All those persons submitting valid and timely requests for exclusion shall not be entitled to receive any benefits of the Settlement and shall not be entitled to object to the Settlement.

22.    Any Settlement Class Member who does not timely and validly exclude themselves from the Settlement shall be bound by the terms of the Settlement. If final judgment is entered, any Settlement Class Member who has not submitted a timely, valid written request for exclusion from the Settlement Class shall be bound by all subsequent proceedings, orders, and judgments in this matter, including but not limited to the Releases set forth in the Settlement Agreement and incorporated in the judgment.

8.    **Objections and Appearances**. Any Settlement Class Member who has not submitted a timely written request for exclusion from the Settlement Class and who wishes to object to the Settlement must submit a written objection to the Court and the objection must

ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT
CASE NO. 4:15-cv-04788-YGR

be filed or postmarked no later than the deadline stated in the Notice, which shall be 120 days after entry of this Preliminary Approval Order. A Settlement Class Member may object to the Settlement, the Service Award, and/or the Attorneys' Fees and Expenses Award.

23. In order to be valid, an objection must be in writing and must (i) clearly identify the case name and number, *Stevenson v. Allstate Insurance Co., et al.*, Case No. 4:15-cv-04788-YGR (N.D. Cal.); (ii) state whether it applies only to the Settlement Class Member, to a specific subset of the Settlement Class, or to the entire Settlement Class; and (iii) state with specificity the grounds for the objection. Settlement Class Members who fail to timely submit a written objection in the manner described above shall be deemed to have waived any objection to the Settlement and shall be foreclosed from raising any objection to the Settlement at the Final Approval Hearing, or through appeal, collateral attack, or otherwise.

24. Any Settlement Member who timely submits a written objection in the manner described above has the option to appear and request to be heard at the Final Approval Hearing, either in person or through the objecting Settlement Class Member's counsel, if applicable, by including a Notice of Intention to Appear in the body of the written objection. If an objecting Settlement Class Member wishes to be represented by an attorney, the objector shall be solely responsible for the objector's attorneys' fees and expenses.

9. **Final Approval Hearing**. A hearing will be held by this Court in the Courtroom of the Honorable Yvonne Gonzalez Rogers, United States District Court for the Northern District of California, United States Courthouse, Courtroom 1 on the 4th Floor, 1301 Clay Street, Oakland, CA 94612 at p.m. on ___ 2024 ("Final Approval Hearing"), to determine: (a) whether the Settlement should be approved as fair, reasonable, and adequate to the Settlement Class; (b) whether a Final Approval Order and Judgment should be entered; (c) whether the Settlement benefits as proposed in the Settlement Agreement should be approved as fair, reasonable, and adequate; (d) whether to approve the application for a Service Award for the Class Representative and an Attorneys' Fees and Expenses Award; and (e) any other matters that may properly be brought before the Court in connection with the Settlement. The Court may approve the Settlement with such modifications as the Parties may agree to, if appropriate, without further

ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT
CASE NO. 4:15-cv-04788-YGR

notice to the Settlement Class.

10. **Final Approval Briefing**. Class Representative and Class Counsel shall file their motion seeking final approval of the Settlement and application for attorneys' fees, costs, and expenses and for a Service Award for the Class Representative no later than 90 days after entry of this Preliminary Approval Order. Seven (7) days prior to the Final Approval Hearing, Class Representative and Class Counsel may file supplemental briefing in support of final approval of the Settlement and in support of the application for attorneys' fees, costs, expenses, and Service Award for the Class Representative.

11. **Reasonable Procedures**. Class Counsel and Defense Counsel are hereby authorized to use all reasonable procedures in connection with approval and administration of the Settlement that are not materially inconsistent with this Order or the Settlement Agreement, including making, without further approval of the Court, minor changes to the form or content of the notices and other exhibits that they jointly agree are reasonable or necessary to further the purpose of effectuating the Settlement Agreement.

12. **Extension of Deadlines**. Upon application of the Parties and good cause shown, the deadlines set forth in this Order may be extended by order of the Court, without further notice to the Settlement Class. Settlement Class Members must check the Settlement website regularly for updates and further details regarding extensions of these deadlines. The Court reserves the right to adjourn or continue the Final Approval Hearing, and/or to extend the deadlines set forth in this Order, without further notice of any kind to the Settlement Class.

13. **Termination of the Settlement and Use of this Order**. If the Settlement fails to become effective in accordance with its terms, or if the Final Order and Judgment is not entered or is reversed or vacated on appeal, this Order shall be null and void, the Settlement Agreement shall be deemed terminated, and the Parties shall return to their positions without any prejudice, as provided for in the Settlement Agreement. The fact and terms of this Order or the Settlement, all negotiations, discussions, drafts and proceedings in connection with this Order or the Settlement, and any act performed or document signed in connection with this Order or the Settlement, shall not, in this or any other Court, administrative agency, arbitration forum, or other

ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT
CASE NO. 4:15-cv-04788-YGR

tribunal, constitute an admission, or evidence, or be deemed to create any inference (i) of any acts of wrongdoing or lack of wrongdoing, (ii) of any liability on the part of Defendants to Plaintiff, the Settlement Class, or anyone else, (iii) of any deficiency of any claim or defense that has been or could have been asserted in this Action, (iv) of any damages or absence of damages suffered by Plaintiff, the Settlement Class, or anyone else, or (v) that any benefits obtained by the Settlement Class under the Settlement represent the amount that could or would have been recovered from Defendants in this Action if it were not settled at this time. The fact and terms of this Order or the Settlement, and all negotiations, discussions, drafts, and proceedings associated with this Order or the Settlement, including the judgment and the release of the Released Claims provided for in the Settlement Agreement, shall not be offered or received in evidence or used for any other purpose in this or any other proceeding in any court, administrative agency, arbitration forum, or other tribunal, except as necessary to enforce the terms of this Order, the Final Order and Judgment, and/or the Settlement.

14.    **Related Orders**.  All further proceedings in the Action are ordered stayed until entry of the Final Approval Order or termination of the Settlement Agreement, whichever occurs earlier, except for those matters necessary to obtain and/or effectuate final approval of the Settlement Agreement.

15.    For the sake of clarity, the Court enters the following deadlines:

| EVENT | DATE |
| --- | --- |
| Deadline for Defendants to provide the Settlement Administrator a list of Settlement Class Members | 30 days entry of the Preliminary Approval Order |
| Deadline for Settlement Administrator to Complete the Notice Program | 90 days after entry of the Preliminary Approval Order |

ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT
CASE NO. 4:15-cv-04788-YGR

| Deadline to submit Motion for Final Approval of the Settlement and Application for Attorneys' Fees, Expenses, and Service Award | 90 days after entry of the Preliminary Approval Order |
|---|---|
| Deadline for Settlement Class Members to submit written Objections, including supporting documentation, if applicable | 120 days after entry of the Preliminary Approval Order |
| Deadline for Settlement Class Members to submit written requests for exclusion from the Settlement | 120 days after entry of the Preliminary Approval Order |
| Deadline to submit Settlement Administrator's affidavit confirming completion of the Notice Program | 14 days prior to the Final Approval Hearing |
| If applicable, deadline to submit supplemental briefing in support of Motion for Final Approval of the Settlement and Application for Attorneys' Fees, Expenses, and Service Award | 7 days prior to Final Approval Hearing |
| Final Approval Hearing | At least 190 days after entry of the Preliminary Approval Order |

**IT IS SO ORDERED.**

DATED: _____, 2023         _____

                                                    HON. YVONNE GONZALEZ ROGERS

                                                    UNITED STATES DISTRICT JUDGE

ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT
CASE NO. 4:15-cv-04788-YGR