**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **ANDREA STEVENSON,**<br><br>Plaintiff.<br><br>v.<br><br>**ALLSTATE INSURANCE CO., ET AL.,**<br><br>Defendants. | Case No.: 4:15-cv-4788-YGR<br><br>**ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT AND SETTING DEADLINES FOR NOTICE, OBJECTION, EXCLUSION, AND FINAL FAIRNESS HEARING**<br><br>Dkt. Nos. 68 and 69 |

On November 14, 2023, the Court held a hearing on plaintiff Andrea Stevenson's unopposed motion for conditional certification of a settlement class in this action; preliminary approval of the parties' proposed settlement; approval of the Class Notice Packet; appointing Class Representatives, Class Counsel and the proposed Settlement Administrator; and setting a date for the hearing on final approval of the settlement.[1] (Dkt. No. 69, Plaintiff's Motion for Preliminary Approval ("Motion").) Having considered the motion, arguments of counsel, terms of the settlement agreement and the class notice, as well as the record in this case, and based on the reasons set forth herein, the Court **GRANTS** plaintiff's motion for preliminary approval of class action settlement.

**I.   BACKGROUND**

This case has a long history. Plaintiff filed the operative complaint on November 5, 2015. (Dkt. No. 18.) The putative class action was brought against defendants Allstate Insurance Company and Allstate Indemnity Company, challenging Allstate's alleged use of elasticity of demand when formulating its rating factors for automotive insurance in California. (*Id.*) Plaintiff brought six causes of action: (1) violations of California's Unfair Competition, Cal. Bus. & Prof. Code § 17200, *et seq.*, (2) unjust enrichment, (3) violation of California's False Advertising Law, Cal. Bus. & Prof. Code § 17500, *et seq.*, and (4) violation of Cal. Ins. Code § 1861.10. (*Id.*)

---

[1] At the November 14, 2023, hearing, the Court questioned parties regarding the proposed notices and identified necessary revisions. Parties were directed to submit amended notices to the settlement class, which they promptly did. (Dkt. No. 79.)

1    Defendants then moved to dismiss. (Dkt. No. 28.) They argued, among other things, that
2  plaintiff's insurance code claim should be dismissed and that the rest of plaintiff's claims were not
3  justiciable because they were subject to the exclusive jurisdiction of the California Department of
4  Insurance ("DOI") Commissioner. (*Id.*) Defendants also requested that, in the alternative, the Court
5  defer to the primary jurisdiction of the DOI and stay this action pending resolution by the DOI
6  Commissioner. (*Id.*) On March 17, 2016, the Court dismissed plaintiff's claim under Section
7  1861.10(a) of the California Insurance Code and stayed the five remaining claims pursuant to the
8  primary jurisdiction doctrine. (Dkt. No. 43.)

After DOI conducted an initial inquiry, the Commissioner issued a Notice of Hearing on April 27, 2018, as to whether Allstate had violated California insurance law by using illegal price optimization. *In re Rating Practices of Allstate Ins. Co. and All State Indemnity Co.* (CDI File No. NC-2018-1). Plaintiff successfully intervened in that DOI Proceeding. After four years of litigation and discovery, and just days before the evidentiary hearing in the DOI Proceeding, the parties reached an agreement in principle. That settlement was reached only after extensive negotiation before Sanford Kingsley, an experienced mediator and former California insurance litigator.

On October 2, 2023, eight years after plaintiff initially brought this case, the parties filed this Motion. (Dkt. No. 69.)[2]

### B. Terms of the Settlement Agreement

Under the terms of the Settlement Agreement, defendant will pay $25,000,000 into a common settlement fund, without admitting liability. This amount includes attorneys' fees and costs, the cost of class notice and settlement administration, the class representative's service award of $5,000, and any *cy pres* payment required under the Settlement Agreement.

Moreover, the Settlement Agreement provides meaningful non-monetary relief. It requires that Allstate file a new class plan that does not consider an individual's or class's willingness to pay a higher premium. Allstate recently filed that class plan with the DOI. Plaintiff estimates that, on an annual basis, this plan will result in millions of dollars in savings on premiums for the Class. Allstate

---

[2] Plaintiff also requested leave to a memorandum in support of preliminary approval exceeding twenty-five pages. (Dkt. No. 68.) That request is **GRANTED.**

has also agreed to explain in writing the basis of any relativity selections it makes that exceed the indicated relativity by more than 5% in any class plan it files over the next ten years. This will allow both the DOI and the public to see Allstate's justification for its selection. Allstate has already provided such an explanation with the Class Plan it recently filed on February 3, 2023. Finally, the Settlement Agreement prohibits Allstate in the future from considering an individual or class's willingness to pay higher premiums in setting its rates.

### 1. *Attorneys' Fees and Costs*

Under the Settlement Agreement, plaintiff's counsel seeks up to third percent (30%) of the Settlement Amount, or $7,500,000, plus out-of-pocket costs and expenses incurred by class counsel, which are currently estimated to be at least $340,000. The Settlement Agreement also includes a provision for settlement administration costs to be paid out of the Settlement Fund. Parties' selected Settlement Administrator, Kroll Settlement Administration LLC, estimates its costs will be $1,057,030. Lastly, the Settlement Agreement provides for a service award of $5,000 to be paid to the class representative, Andrea Stevenson.

### 2. *Class Relief*

The class size is anticipated to be 1,293,698 members. After deductions from the common fund for fees, costs, and the service award for plaintiff Stevenson, plaintiff's counsel estimates that the net compensation to each class member will be $12.40.

### 3. *Cy Pres/Remainder*

Any uncashed checks remaining after the Settlement Administrator has made a reasonable effort to locate intended recipients of settlement funds whose checks were returned will be paid to an agreed *cy pres* recipient approved by the Court. The parties have proposed the Center for Auto Safety. The Settlement Fund is non-revisionary; any funds remaining will be sent to the Court's chosen *cy pres* recipient.

## II.   PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

### A.   Legal Standard

A court may approve a proposed class action settlement of a certified class only "after a hearing and on finding that it is fair, reasonable, and adequate," and that it meets the requirements

1   for class certification. Fed. R. Civ. P. 23(e)(2). In reviewing the proposed settlement, a court need
2   not address whether the settlement is ideal or the best outcome, but only whether the settlement is
3   fair, free of collusion, and consistent with plaintiff's fiduciary obligations to the class. *See Hanlon v.*
4   *Chrysler Corp.*, 150 F.3d at 1027. The *Hanlon* court identified the following factors relevant to
5   assessing a settlement proposal: (1) the strength of the plaintiff's case; (2) the risk, expense,
6   complexity, and likely duration of further litigation; (3) the risk of maintaining class action status
7   throughout the trial; (4) the amount offered in settlement; (5) the extent of discovery completed and
8   the stage of the proceeding; (6) the experience and views of counsel; (7) the presence of a
9   government participant; and (8) the reaction of class members to the proposed settlement. *Id.* at
10  1026 (citation omitted); *see also Churchill Vill., L.L.C. v. Gen. Elec.*, 361 F.3d 566, 575 (9th Cir.
11  2004).

Settlements that occur before formal class certification also "require a higher standard of fairness." *In re Mego Fin. Corp. Sec. Litig.*, 213 F.3d 454, 458 (9th Cir. 2000). In reviewing such settlements, in addition to considering the above factors, a court also must ensure that "the settlement is not the product of collusion among the negotiating parties." *In re Bluetooth Headset Prods. Liab. Litig.*, 654 F.3d 935, 946-47 (9th Cir. 2011).

**B.     Class Definition and Basis for Conditional Certification**

The Settlement Agreement, attached hereto as **Exhibit A**, defines the class as:

> [A]ll current and former Allstate California auto insurance Primary Policy Holders whose total premiums were calculated, at any time on or after July 1, 2016, based on Allstate's selection of a rating factor relativity exceeding both the Current and Indicated rating factor relativities for certain coverages in connection with the Years Licensed and/or Multipolicy rating factors. Specifically, those Primary Policy Holders include (a) any Primary Policy Holder whose premiums were determined based on licensure for 29 or more years and had Comprehensive coverage, (b) any Primary Policy Holder whose premiums were determined based on licensure of 34 or more years and had Collision coverage, and (c) any Primary Policy Holder who in addition to their auto policy had a condo, life, and/or mobile home policy and did not have a renters policy.

The Settlement Class definition has evolved from the definition of the class in the operative complaint based on factual developments identified by plaintiff's counsel in the course of discovery before the DOI.

4

The Court finds that, for purposes of settlement, plaintiff has satisfied the requirements of Rule 23(a) as well as the requirements for certification under one or more subsections of Rule 23(b). With respect to numerosity under Rule 23(a)(1), the Settlement Class includes approximately 1,293,698 members, making it so numerous that joinder of all members is impracticable.

Rule 23(a)(2) commonality requires "questions of fact or law common to the class," though all questions of fact and law need not be in common. *Hanlon*, 150 F.3d at 1026. The focus of this action—that Allstate, in violation of California law, used price optimization to charge the Settlement Class Members higher auto insurance premiums—is common to all class members.

Rule 23(a)(3) requires that the plaintiff show that "the claims or defenses of the representative parties are typical of the claims or defenses of the class." Plaintiff's claims are typical of the claims of settlement class members because they arise from the same course of alleged conduct: Allstate's price optimization in its 2011 class plan.

With respect to Rule 23(a)(4), the Court finds the representative parties and class counsel have fairly and adequately represented the interests of the Class. No conflicts of interest appear as between plaintiff and the members of the Settlement Class. Class Counsel, moreover, have vigorously prosecuted this case on behalf of the class for years.

The Settlement Class further satisfies Rule 23(b)(3) in that common issues predominate and "a class action is superior to other available methods for fairly and efficiently adjudicating" the claims here. Resolution of plaintiff's claims hinge on Allstate's uniform policies and practices. As a result, the resolution of these alleged class claims would be achieved through common forms of proof. Furthermore, the superiority requirement is met because the present case will be better handled collectively by way of settlement. This will allow plaintiffs to recover for their relatively modest claims without the risk of extensive litigation.

Based on the foregoing, the proposed class is conditionally certified pursuant to Rule 23(c).

### C.     Settlement Agreement Appears Fair and Reasonable

The Settlement Agreement is granted preliminary approval pursuant to Rule 23(e)(2). Based upon the information before the Court, the Settlement Agreement falls within the range of

possible approval as fair, adequate, and reasonable, and there is a sufficient basis for notifying the Class and for setting a Farness and Final Approval Hearing.

As to the *Hanlon* factors, the Court finds that they indicate the settlement here is fair and reasonable. Proceeding to trial would have been costly; recovery was not guaranteed; and there was the possibility of protracted appeals. For example, as the Court noted in its Order granting the motion to dismiss, *MacKay v. Superior Court*, 188 Cal. App. 4th 1427 (2010) interprets Insurance Code section 1860.1 as immunizing private challenges to approved rates and rating factors. (Dkt. No. 43.) If the Court had followed *MacKay*, any recovery by class members before the date the Department promulgated its price optimization notice would be barred. Moreover, the settlement occurred only after years of hard-fought litigation, both in front of this Court and before the DOI. A settlement was agreed to only on the eve of an evidentiary hearing before the DOI, after extensive discovery and motions practice. The amount offered in settlement compares favorably to other insurance settlements in California and around the country. Counsel for both parties are highly experienced.  The record does not indicate collusion or self-dealing. *See In re Bluetooth*, 654 F.3d at 946-47.

The Settlement Agreement appears to have been the product of arm's length and informed negotiations in front of Sanford Kingsley, an experienced mediator and former California insurance litigator.

The relief provided for the Class appears to be adequate, taking into account:

(i) the costs, risks, and delay of trial and appeal;

(ii) the effectiveness of any proposed method of distributing relief to the class, including the method of processing class-member claims;

(iii) the terms of any proposed award of attorney's fees, including timing of payment; and

(iv) no agreements are required to be identified under Rule 23(e)(3).

Moreover, the Settlement Agreement appears to treat Class members equitably relative to each other.

Based on the foregoing, the Court conditionally certifies the class and provisionally appoints Cyrus Mehri and Jay Angoff of Mehri & Skalet PLLC, Andrea R. Gold of Tycko &

1    Zavareei LLP, and Jeffrey Osterwise of Berger Montague PC as class counsel and plaintiff Andrea
2    Stevenson as class representative.

3    **III.    PLAN OF NOTICE, ALLOCATION, AND ADMINISTRATION**

4        **A.    Notice Plan**

5    A court must "direct notice [of a proposed class settlement] in a reasonable manner to all
6    class members who would be bound by the proposal." Fed. R. Civ. P. 23(e)(1). "The class must be
7    notified of a proposed settlement in a manner that does not systematically leave any group without
8    notice." *Officers for Justice v. Civil Serv. Comm'n*, 688 F.2d 615, 624 (9th Cir. 1982).  Adequate
9    notice requires: (i) the best notice practicable; (ii) reasonably calculated, under the circumstances, to
10   apprise the Class members of the proposed settlement and of their right to object or to exclude
11   themselves as provided in the settlement agreement; (iii) reasonable and constitute due, adequate,
12   and sufficient notice to all persons entitled to receive notice; and (iv) meet all applicable
13   requirements of due process and any other applicable requirements under federal law. Phillips
14   Petroleum Co. v. Shutts, 472 U.S. 797, 812 (1985). Due process requires "notice reasonably
15   calculated, under all the circumstances, to apprise interested parties of the pendency of the action
16   and afford them an opportunity to present their objections." *Mullane v. Cent. Hanover Bank & Tr.*
17   *Co.*, 339 U.S. 306, 314 (1950).

18   The parties' proposed notice plan appears to be constitutionally sound in that plaintiff has
19   made a sufficient showing that it is: (i) the best notice practicable; (ii) reasonably calculated, under
20   the circumstances, to apprise the Settlement Class members of the proposed settlement and of their
21   right to object or to exclude themselves as provided in the settlement agreement; (iii) reasonable
22   and constitute due, adequate, and sufficient notice to all persons entitled to receive notice; and (iv)
23   meet all applicable requirements of due process and any other applicable requirements under
24   federal law.

25   The Court **APPROVES** parties' proposed email notice, postcard notice, and long form
26   notice, attached here as **Exhibits B, C, and D**, respectively. Taken together these notices are
27   sufficient to inform Class members of the terms of the Settlement Agreement, their rights under
28   the Settlement Agreement, their rights to object to or comment on the Settlement Agreement, their

7

right to receive a payment or opt out of the Settlement Agreement, the process for doing so, and the date and location of the Fairness and Final Approval hearing. The forms of plan of notice are therefore **APPROVED**.

### B.     Plan of Allocation

The Court preliminarily approves the proposed plan of allocation set forth in the Motion and the class notices. All Settlement Class Members will receive a *pro rata* share of the net settlement amount. This is consistent with the distribution of funds in other settlements of insurance price optimization cases. Plaintiff's counsel considered other allocation alternatives and concluded that they would be cost-prohibitive.

### C.     Settlement Administrator

Kroll Settlement Administration LLC is appointed to act as the Settlement Administrator, pursuant to the terms set forth in the Settlement Agreement. The Settlement Agreement provides that, by **December 18, 2023,** Allstate will deliver to the Settlement Administrator $1,100,000 from the Settlement Amount to commence the Notice Program. Allstate will provide a list of Settlement Class members to Kroll Settlement by **January 8, 2024**. Kroll Settlement will then complete the Notice Program by **March 4, 2024**. Proof of distribution of the Class Notice shall be filed by the parties in conjunction with the motion for final approval.

### D.     Exclusion/Opt-Out

Any Class Member shall have the right to be excluded from the Class by mailing a request for exclusion to the Settlement Administrator by **April 9, 2024**. Requests for exclusion must be in writing and set forth the name and address of the person who wishes to be excluded. Class Counsel shall file with the Court a list of all persons or entities who have timely requested exclusion from the Class as provided in the Settlement Agreement. By **April 9, 2024**, Class Counsel shall file with the Court a list of all persons or entities who have timely requested exclusion from the Class.

Any Class Member who does not request exclusion from the settlement class as provided above shall be bound by the terms and provisions of the Settlement Agreement upon its final approval, including but not limited to the releases, waivers, and covenants described in the

8

Settlement Agreement, whether or not such person objected to the Settlement Agreement and whether or not such person or entity makes a claim upon the settlement funds.

### E.  Objections

Any Class Member who submitted a timely request for exclusion from the Settlement Agreement shall have the right to object to (1) the Settlement Agreement, (2) the plan of allocation; and/or Class Counsel's motion for attorneys' fees and Class Representative Awards by mailing to the Settlement Administrator a written objection and stating whether they intend to appear at the Fairness Hearing, as set forth in the Class Notice, by **April 9, 2024**. Any Settlement Class Member who fails to submit a timely and written objection shall be foreclosed from raising any objection to the Settlement at the Final Approval Hearing.

### F.  Attorneys' Fees and Class Representative Awards

Plaintiff and her counsel shall file their motion for attorneys' fees and for Class Representative awards by **March 4, 2024**. Each settlement class member shall have the right to object to the motion for attorneys' fees and Class Representative awards by filing a written objection with the Court by **April 9, 2024**.

Plaintiffs shall file a reply brief responding to any timely objection no later than **May 15, 2024.**

### G.  Fairness and Final Approval Hearing

All briefs, memoranda and papers in support of final approval of the settlement shall be filed no later than **March 4, 2024**.

The Court will conduct a Fairness and Final Approval Hearing on **Tuesday, May 22, 2024, at 2:00 p.m.** to determine whether the Settlement Agreement should be granted final approval as fair, reasonable, and adequate as to the Class.  The Court will hear all evidence and argument necessary to evaluate the Settlement Agreement and will consider Class Counsel's motion for attorneys' fees and for Class Representative awards.

Class members may appear, by counsel or on their own behalf, to be heard in support of or opposition to the Settlement Agreement and Class Counsel's Motion for attorneys' fees and Class Representative awards by filing a Notice of Intention to Appear by **April 9, 2024.**

1   The Court reserves the right to continue the date of the final approval hearing without
2 further notice to Class members.
3   The Court retains jurisdiction to consider all further applications arising out of or in
4 connection with the Settlement.

### H.   Post-Distribution Accounting

If final approval is granted, the parties will be required to file a Post-Distribution Accounting in accordance with this District's Procedural Guidance for Class Action Settlements and at a date set by the Court at the time of the final approval hearing. Counsel should prepare accordingly.

| Summary of Key Dates | |
|---|---|
| **Event** | **Date** |
| Class data to be provided to Settlement Administrator | **January 8, 2024** |
| Class Notice finalized by | **March 4, 2024** |
| Class Counsel to file their motion for fees and costs and Class Representative awards | **March 4, 2024** |
| Motion for Final Approval to be filed by | **March 4, 2024** |
| Postmark deadline to submit objection or request for exclusion | **April 9, 2024** |
| Class counsel and settlement administrator to submit supplemental statements regarding status of notice program, objections, opt-outs | **May 15, 2024** |
| Fairness and Final Approval Hearing | **May 22, 2024, at 2:00 p.m.**<br><br>NOTE: Subject to change without further notice to the Class. |

**IT IS SO ORDERED.**

This terminates Docket No. 68 and 69.

Dated: December 4, 2023

_____
YVONNE GONZALEZ ROGERS
UNITED STATES DISTRICT COURT JUDGE